**LATHAM & WATKINS LLP**
Andrew M. Gass (SBN 259694)
  *andrew.gass@lw.com*
Joseph R. Wetzel (SBN 238008)
  *joseph.wetzel@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600

Sarang V. Damle (*pro hac vice*)
  *sy.damle@lw.com*
Elana Nightingale Dawson (*pro hac vice*)
  *elana.nightingaledawson@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200

Allison L. Stillman (*pro hac vice*)
  *alli.stillman@lw.com*
Rachel R. Blitzer (*pro hac vice pending*)
  *rachel.blitzer@lw.com*
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200

**MORRISON & FOERSTER LLP**
Joseph C. Gratz (SBN 240676)
  *jgratz@mofo.com*
Vera Ranieri (SBN 271594)
  *vranieri@mofo.com*
Melody E. Wong (SBN 341494)
  *melodywong@mofo.com*
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000

Allyson R. Bennett (SBN 302090)
  *abennett@mofo.com*
707 Wilshire Boulevard
Los Angeles, CA 90017-3543
Telephone: (213) 892-5200

Carolyn M. Homer (SBN 286441)
  *cmhomer@mofo.com*
2100 L Street NW Suite 900
Washington, D.C., 20037-1525
Telephone: (202) 887-1500

Max I. Levy (SBN 346289)
  *mlevy@mofo.com*
755 Page Mill Road
Palo Alto, CA 94304-1018
Telephone: (653) 813-5600

*Attorneys for OpenAI, Inc., OpenAI, L.P.,*
*OpenAI OpCo, L.L.C., OpenAI GP, L.L.C.,*
*OpenAI Startup Fund GP I, L.L.C., and OpenAI*
*Startup Fund Management, LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

DAVID MILLETTE, individually and on behalf of all others similarly situated,

                                        Plaintiff,

    v.

OPENAI, INC., OPENAI, L.P., OPENAI OPCO, L.L.C., OPENAI GP, L.L.C., OPENAI STARTUP FUND I, L.P., OPENAI STARTUP FUND GP I, L.L.C., and OPENAI STARTUP FUND MANAGEMENT, LLC,

                                        Defendants.

CASE NO. 3:24-cv-04710-EJD

**DEFENDANTS' NOTICE OF MOTION, MOTION TO DISMISS, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

Judge:  Hon. Edward J. Davila
Date:    November 7, 2024
Time:   9:00 a.m.
Place:   Courtroom 4 – 5th Floor

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that on November 7, 2024, at 9:00 a.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, Courtroom 4, 5th Floor, located at 280 South 1st Street, San Jose, CA 95113, Defendants OpenAI, Inc., OpenAI, L.P., OpenAI OpCo, L.L.C., OpenAI GP, L.L.C., OpenAI Startup Fund GP I, L.L.C., and OpenAI Startup Fund Management, LLC (together, "OpenAI"), through their undersigned counsel, will, and hereby do, move to dismiss Counts I and II of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

OpenAI's Motion to Dismiss is based on this Notice, the supporting Memorandum of Points and Authorities, the complete files and records in this action, and any additional material and arguments as may be considered in connection with the hearing on the Motion.

## STATEMENT OF RELIEF SOUGHT

OpenAI seeks an order pursuant to FRCP 12(b)(6) dismissing with prejudice Counts I and II of the Complaint for failure to state a claim upon which relief can be granted.

## ISSUES TO BE DECIDED

The Motion presents the following issues to be decided: (1) whether Counts I and II of the Complaint, for unjust enrichment and violation of Cal. Bus. & Prof. Code § 17200, *et seq.*, should be dismissed as preempted by Section 301 of the Copyright Act; and (2) whether Counts I and II of the Complaint should be dismissed for failure to state a claim.

Dated: September 4, 2024                    Respectfully submitted,

By:  */s/ Andrew M. Gass*

LATHAM & WATKINS LLP
Andrew M. Gass (SBN 259694)
 andrew.gass@lw.com
Joseph R. Wetzel (SBN 238008)
 joseph.wetzel@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600

Sarang V. Damle (*pro hac vice*)
 sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
 elana.nightingaledawson@lw.com

555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200

Allison L. Stillman (*pro hac vice*)
  alli.stillman@lw.com
Rachel R. Blitzer (*pro hac vice pending*)
  rachel.blitzer@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200

By:  */s/ Allyson R. Bennett*

MORRISON & FOERSTER LLP
Joseph C. Gratz (SBN 240676)
  jgratz@mofo.com
Vera Ranieri (SBN 271594)
  vranieri@mofo.com
Melody E. Wong (SBN 341494)
  melodywong@mofo.com
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000

Allyson R. Bennett (SBN 302090)
  abennett@mofo.com
707 Wilshire Boulevard
Los Angeles, CA 90017-3543
Telephone: (213) 892-5200

Carolyn M. Homer (SBN 286441)
  cmhomer@mofo.com
2100 L Street NW Suite 900
Washington, D.C., 20037-1525
Telephone: (202) 887-1500

Max I. Levy (SBN 346289)
  mlevy@mofo.com
755 Page Mill Road
Palo Alto, CA 94304-1018
Telephone: (653) 813-5600

*Attorneys for OpenAI, Inc., OpenAI, L.P., OpenAI OpCo, L.L.C., OpenAI GP, L.L.C., OpenAI Startup Fund GP I, L.L.C., and OpenAI Startup Fund Management, LLC*

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   BACKGROUND .................................................................................................. 4

III.  LEGAL STANDARD ........................................................................................... 5

IV.  ARGUMENT ...................................................................................................... 5

    A.    Both Claims Are Preempted ................................................................... 6

          1.     Millette's YouTube Videos Fall Within Copyright's "Subject Matter" .................................................................. 6

          2.     Both Claims Assert Rights "Equivalent" to Those Protected by Copyright .............................................................. 7

    B.    Both Claims Independently Fail on the Merits ....................................... 9

          1.     The Unjust Enrichment Claim Independently Fails on the Merits ...................................................................... 9

          2.     The UCL Claim Independently Fails ..................................... 11

    C.    Leave to Amend Would Be Futile ....................................................... 14

V.   CONCLUSION .................................................................................................. 14

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

## TABLE OF AUTHORITIES

2
**Page(s)**

3

### CASES

4

*Andersen v. Stability AI Ltd.*,
5
700 F. Supp. 3d 853 (N.D. Cal. 2023) ...................................................................................2

6
*Andersen v. Stability AI Ltd.*,
No. 23-cv-00201, 2024 WL 3823234 (N.D. Cal. Aug. 12, 2024) ...........................................2
7

8
*Armstrong-Harris v. Wells Fargo Bank, N.A.*,
No. 21-cv-07637, 2022 WL 3348426 (N.D. Cal. Aug. 12, 2022) ....................................11, 12

9
*Asencio v. Miller Brewing Co.*,
10
283 F. App'x. 559 (9th Cir. 2008) ........................................................................................12

11
*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)................................................................................................................5
12

13
*Astiana v. Hain Celestial Grp., Inc.*,
783 F.3d 753 (9th Cir. 2015) .................................................................................................9

14
*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)................................................................................................................5
15

16
*Berge v. Board of Trustees of the Univ. of Ala*,
104 F.3d 1453 (4th Cir. 1997) ...............................................................................................7

17
*Bosco Wai-Choy Chiu v. NBS Default Servs., LLC*,
18
No. 14-cv-05261, 2015 WL 1221399 (N.D. Cal. Mar. 17, 2015) .........................................10

19
*Brown v. Van's Int'l Foods, Inc.*,
No. 22-cv-00001, 2022 WL 1471454 (N.D. Cal. May 10, 2022)............................................5
20

21
*Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
637 F.3d 1047 (9th Cir. 2011) ..............................................................................................12

22
*Comparison Med. Analytics, Inc. v. Prime Healthcare Servs., Inc.*,
23
No. 14-cv-3448, 2015 WL 12746228 (C.D. Cal. Apr. 14, 2015) ..........................................14

24
*Davis v. RiverSource Life Ins. Co.*,
240 F. Supp. 3d 1011 (N.D. Cal. 2017) ................................................................................11
25

26
*Del Madera Properties v. Rhodes and Gardner, Inc.*,
820 F.2d 973 (9th Cir. 1987) .................................................................................................8

27
*Doe 1 v. GitHub, Inc.*,
28
672 F. Supp. 3d 837 (N.D. Cal. 2023) ...................................................................................1

*Doe 1 v. GitHub, Inc.*,
  No. 22-cv-06823, 2024 WL 235217 (N.D. Cal. Jan. 22, 2024)....................................1, 9, 14

*Doe 1 v. GitHub, Inc.*,
  No. 22-cv-06823, 2024 WL 1643691 (N.D. Cal. Apr. 15, 2024)...........................................1

*Eidmann v. Walgreen Co.*,
  522 F. Supp. 3d 634 (N.D. Cal. 2021) ...............................................................12, 13

*Entous v. Viacom Int'l, Inc.*,
  151 F. Supp. 2d 1150 (C.D. Cal. 2001) ...........................................................................6

*ESG Cap. Partners, LP v. Stratos*,
  828 F.3d 1023 (9th Cir. 2016) ....................................................................................9, 10

*Firoozye v. Earthlink Network*,
  153 F. Supp. 2d 1115 (N.D. Cal. 2001) ...........................................................................8

*Flores v. EMC Mortg. Co.*,
  997 F. Supp. 2d 1088 (E.D. Cal. 2014).........................................................................12

*Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*,
  586 U.S. 296 (2019)...........................................................................................................3

*Golden v. Qualcomm, Inc.*,
  No. 22-cv-03283, 2023 WL 2530857 (N.D. Cal. Mar. 15, 2023) .........................................14

*Hadley v. Kellogg Sales Company*,
  243 F. Supp. 3d 1074 (N.D. Cal. 2017) ...........................................................................13

*In re Actimmune Marketing Litig.*,
  No. 08-cv-02376, 2009 WL 3740648 (N.D. Cal. Nov. 6, 2009) .......................................4, 13

*Inn S.F. Enterprise, Inc. v. Ninth Street Lodging, LLC*,
  No. 16-cv-00599, 2016 WL 8469189 (N.D. Cal. Dec. 19, 2016)...........................................3

*Kadrey v. Meta Platforms, Inc.*,
  No. 23-cv-03417, 2023 WL 8039640 (N.D. Cal. Nov. 20, 2023) ..........................................2

*Kodadek v. MTV Networks, Inc.*,
  152 F.3d 1209 (9th Cir. 1998) ..........................................................................................8

*Laws v. Sony Music Ent., Inc.*,
  448 F.3d 1134 (9th Cir. 2006) ...............................................................................6, 7, 8

*Lieb v. Korangy Publishing, Inc.*,
  No. 15-cv-0040, 2022 WL 1124850 (E.D.N.Y. Apr. 14, 2022) ............................................8

*Novak v. United States*,
  795 F.3d 1012 (9th Cir. 2015) .......................................................................................14

*Price v. Apple, Inc.*,
No. 21-cv-02846, 2022 WL 1032472 (N.D. Cal. Apr. 6, 2022)..................................13

*ProCD, Inc. v. Zeidenberg*,
86 F.3d 1447 (7th Cir. 1996) ..................................................................................7

*Punian v. Gillette Company*,
No. 14-cv-05028, 2016 WL 1029607 (N.D. Cal. Mar. 15, 2016) ..........................14

*Ray v. ESPN, Inc.*,
783 F.3d 1140 (8th Cir. 2015) ..................................................................................7

*Rentmeester v. Nike, Inc.*,
883 F.3d 1111 (9th Cir. 2018) ..................................................................................8

*Rosal v. First Fed. Bank of Cal.*,
671 F. Supp. 2d 1111 (N.D. Cal. 2009) ..................................................................10

*Rosell v. Wells Fargo Bank, N.A.*,
No. 12-cv-06321, 2014 WL 4063050 (N.D. Cal. Aug. 15, 2014) .........................13

*Russell v. Walmart, Inc.*,
680 F. Supp. 3d 1130 (N.D. Cal. 2023) ................................................................9, 10

*Shade v. Gorman*,
No. 08-cv-3471, 2009 WL 196400 (N.D. Cal. Jan. 28, 2009)..................................8

*Smedt v. Hain Celestial Group, Inc.*,
No. 12-cv-03029, 2014 WL 2466881 (N.D. Cal. May 30, 2014)...........................12

*Snarr v. Cento Fine Foods Inc.*,
No. 19-cv-02627, 2019 WL 7050149 (N.D. Cal. Dec. 23, 2019)...........................10

*Sony Computer Entm't, Inc. v. Connectix Corp.*,
203 F.3d 596 (9th Cir. 2000) ..................................................................................4

*Tremblay v. OpenAI, Inc.*,
No. 23-cv-03223, 2024 WL 557720 (N.D. Cal. Feb. 12, 2024) .................... *passim*

*Tremblay v. OpenAI, Inc.*,
No. 23-cv-03223, 2024 WL 3640501 (N.D. Cal. July 30, 2024) ................... *passim*

*Troyk v. Farmers Grp., Inc.*,
171 Cal. App. 4th 1305 (2009) ..............................................................................11

*Yu v. ByteDance Inc.*,
No. 23-cv-03503, 2023 WL 5671932 (N.D. Cal. Sept. 1, 2023)..............................6

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' MOTION TO DISMISS
CASE NO. 3:24-CV-04710-EJD

**STATUTES**

17 U.S.C. § 102 ................................................................................................................3, 6

17 U.S.C. § 106 ..............................................................................................................3, 6, 8

17 U.S.C. § 301 ..........................................................................................................1, 3, 6, 7

Cal. Bus. & Prof. Code § 17204 ...................................................................................11

**RULES**

Fed. R. Civ. P. 11 (1983 Advisory Committee Note) ......................................................2

Fed. R. Civ. P. 15(a)(2) ....................................................................................................14

**OTHER AUTHORITIES**

H.R. Rep. No. 94-1476 (1976) ..........................................................................................6

## I.     INTRODUCTION

The Complaint in this case is, in several respects, a carbon copy of the pleadings filed in June of last year in *Tremblay, et al. v. OpenAI, Inc.  See* Compl., No. 23-cv-03223, Dkt. 1 (N.D. Cal., June 28, 2023).  In addition to a copyright infringement claim, the *Tremblay* plaintiffs also brought state-law claims for "unfair competition," *see id.* ¶¶ 68–72, and "[u]njust enrichment," *see id.* ¶¶ 79–86.  Both state-law claims were based on OpenAI's alleged use of copyrighted material to train large language models.  Over the past fifteen months, courts in this District have issued no fewer than **seven** written opinions—in *Tremblay* and other similar cases—addressing the same state-law theories.  Every single one has reached the same conclusion: that the use of copyrighted material to train AI models is governed exclusively by federal copyright law, and that state law claims premised on that kind of conduct are preempted by 17 U.S.C. § 301:

- ***Tremblay v. OpenAI, Inc.*, No. 23-cv-03223 (Judge Martínez-Olguín)**: Compl. ¶¶ 68–72, 79–86 (Dkt. 1) (June 28, 2023) (alleging UCL and unjust enrichment claims based on "use[]" of "works to train ChatGPT"); 2024 WL 557720, at *5–7 & n.3 (Feb. 12, 2024) (***Tremblay I***) (dismissing unjust enrichment in whole and UCL in part, suggesting that remaining element of UCL claim "may be preempted"); Am. Compl. ¶¶ 70–74 (Dkt. 120) (Mar. 13, 2024) (realleging UCL claim, but dropping unjust enrichment claim); 2024 WL 3640501, at *2 (July 30, 2024) (***Tremblay II***) (dismissing UCL claim as preempted and denying leave to amend because claim "lacks a tenable legal theory").

- ***Doe 1 v. GitHub, Inc.*, No. 22-cv-06823 (Judge Tigar)**: Compl. ¶¶ 200–10 (Dkt. 1) (Nov. 3, 2022) (alleging unjust enrichment and UCL claims based on "use[]" of works to train AI model); 672 F. Supp. 3d 837, 856–57, 860 (May 11, 2023) (***GitHub I***) (dismissing unjust enrichment claim as preempted and UCL claim on the merits); Am. Compl. ¶¶ 266–81 (Dkt. 98) (June 8, 2023) (realleging both claims); 2024 WL 235217, at *7–8 (Jan. 22, 2024) (***GitHub II***) (dismissing claims as preempted, denying leave to amend unjust enrichment claim); Second Am. Compl. (Dkt. 200) (Jan. 25, 2024) (dropping UCL claim); 2024 WL 1643691 (Apr. 15, 2024) (denying motion for reconsideration of *GitHub II*).

- ***Andersen v. Stability AI Ltd.*, No. 23-cv-00201 (Judge Orrick)**: Compl. ¶¶ 223–26 (Dkt. 1) (Jan. 13, 2023) (alleging UCL claim based on use of images to train AI model); 700 F. Supp. 3d 853, 875–76 (Oct. 30, 2023) (***Andersen I***) (dismissing claim; "to the extent the improper business act complained of is based on copyright infringement, the claim . . . [is] preempted"); Am. Compl. ¶¶ 251–258, 334–341, 372–79, 432–39 (Dkt. 129) (Nov. 29, 2023) (realleging unjust enrichment / UCL claims); 2024 WL 3823234, at *9–10, *21 (Aug. 12, 2024) (***Andersen II***) (dismissing claims "based on the use of plaintiffs' copyrighted works without consent" as preempted).

- ***Kadrey v. Meta Platforms, Inc.*, No. 23-cv-03417 (Judge Chhabria)**: Compl. at 8–9 (Dkt. 1) (July 7, 2023) (alleging UCL and unjust enrichment claims based on use of books to train large language model); 2023 WL 8039640, at *2 (Nov. 20, 2023) (***Kadrey***) (dismissing state law claims "premised on the rights granted by the Copyright Act" as preempted); Am. Compl. ¶¶ 77–82 (Dkt. 69) (Dec. 22, 2023) (abandoning all claims other than Count I for "Direct Copyright Infringement").

Those opinions would have been among the first to emerge during the "prefiling inquiry into both the facts that the law" that Plaintiff David Millette was required to conduct before commencing this action on August 2, 2024.  Fed. R. Civ. P. 11 (1983 Advisory Committee Note).  Inexplicably, however, Millette's complaint not only realleges the very same unjust enrichment and UCL claims that have already been rejected by Judges Martínez-Olguín, Tigar, Orrick, and Chhabria—but uses the same exact pleading language that, by the time Millette's Complaint was filed, had already been twice rejected in *Tremblay*, alleging that:

> Defendants unfairly profit from and take credit for developing a commercial product based on unattributed reproductions of those stolen [works] and ideas . . . consumers are likely to be deceived.  Defendants knowingly and secretively trained ChatGPT using unauthorized . . . copies of Plaintiff's [works].  Defendants deceptively marketed their product in a manner that fails to attribute the success of their product to the work on which it is based.

Dkt. 1 ("Compl.") ¶¶ 53–54; *compare with* Compl. ¶¶ 71–72 *in Tremblay v. OpenAI, Inc.*, No. 23-cv-03223, Dkt. 1 (N.D. Cal. June 28, 2023) (same language); Am. Compl. ¶¶ 73–74 *in Tremblay v. OpenAI, Inc.*, No. 23-cv-03223, Dkt. 120 (N.D. Mar. 13, 2024) (same language); *Tremblay I*,

2023 WL 557720, at *5–6 & n.6 (dismissing claim in part on the merits and suggesting that remaining element "may be preempted"); *Tremblay II*, 2024 WL 3640501, at *2 (dismissing claim as preempted without leave to amend).

Millette's Complaint is unique in only two respects.  First, unlike the plaintiffs in the pending cases discussed above, Millette includes no allegations regarding any attempts to register the works at issue—which no doubt explains the absence of a copyright infringement claim. *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 301 (2019) (Section 411(a) of the Copyright Act requires registration "[b]efore pursuing an infringement claim in court").  Second, the category of work at issue—here, "YouTube videos," *see* Compl. ¶ 4—is different from the books, images, and computer code at issue in *Tremblay*, *Kadrey*, *Andersen*, and *GitHub*.  But that makes no difference, because YouTube videos are "audiovisual works" that also fall within copyright's exclusive domain.  17 U.S.C. § 102(a)(6).  And because Millette's claims seek to use state law as a means to control the "reproduction[]" and "transcription[]" of those videos, *see, e.g.*, Compl. ¶¶ 53–54, the claims assert "rights that are equivalent to" the reproduction and derivative-work rights laid out in Section 106(1) and (2) of the Copyright Act, *see* 17 U.S.C. § 301(a) (preemption provision); *id.* § 106(1)–(2) (reproduction and derivative-work rights).  For that reason, both of these claims are preempted by Section 301 of the Copyright Act.

The claims also fail on the merits—again, for the very same reasons enunciated by Judge Martínez-Olguín in the *Tremblay* case.  Millette's unjust enrichment claim (Count I) is based on the conclusory allegation that he "unwittingly conferred a benefit upon [OpenAI]."  Compl. ¶ 44.  But Millette does not (and cannot) allege that such a benefit was obtained "through fraud, mistake, coercion, or request," which is exactly why the very same claim failed in *Tremblay*.  2024 WL 557720, at *7 (emphasis added) (dismissing unjust enrichment claim).  Millette's UCL claim (Count II) appears to be based on the UCL's "unlawful," "fraudulent," and "unfair" prongs.  Compl. ¶ 54.  But Millette makes no attempt to "identify any predicate law that [OpenAI] has allegedly violated for the 'unlawful' prong."  *Inn S.F. Enterprise, Inc. v. Ninth Street Lodging, LLC*, No. 16-cv-00599, 2016 WL 8469189, at *1 (N.D. Cal. Dec. 19, 2016) (dismissing claim); *see also Tremblay I*, 2024 WL 557720, at *5 (dismissing UCL "unlawful" prong claim for failure

to properly allege predicate).  Nor does Millette's Complaint include any "allegations of fraud" that could "satisfy the heightened pleading requirements of Rule 9(b) which apply to UCL fraud claims." *Tremblay I*, 2024 WL 557720, at *6 (dismissing claim).  And Millette's "unfair" prong claim is duplicative of his other claims, which is a sufficient basis for dismissal.  *In re Actimmune Marketing Litig.*, No. 08-cv-02376, 2009 WL 3740648, at *15 (N.D. Cal. Nov. 6, 2009) (lack of independent "theory by which defendants' conduct could be considered unfair" was dispositive).

There are, to be sure, a number of pending lawsuits that raise contested questions of copyright law relating to OpenAI, including whether the doctrine of fair use applies to OpenAI's alleged use of copyrighted material to create a "wholly new product." *Sony Computer Entm't, Inc. v. Connectix Corp.*, 203 F.3d 596, 606 (9th Cir. 2000) (upholding fair use).  But this is not one of them.  The Complaint at issue here is nothing more than an attempt to replead theories that courts in this District have already spent months analyzing in detail—and have uniformly rejected as "lack[ng] a tenable legal theory." *Tremblay II*, 2024 WL 3640501, at *2 (dismissing with prejudice).  Millette's lawsuit ignores those holdings.  Its continued prosecution would be a waste of both judicial and party resources.  The Court should dismiss Millette's claims, with prejudice.

## II.    BACKGROUND

Plaintiff David Millette is an individual who owns a "YouTube account" which he has allegedly used to "upload" "video content" to the platform.  Compl. ¶ 11.  The Complaint provides no further information about the specific videos Millette claims to own.  Nor does the Complaint address whether Millette has made any attempt to register the copyright in his videos.

Millette brings this lawsuit because he believes that OpenAI used "transcriptions of videos" uploaded to YouTube as training data for the large language models (LLMs) used to power ChatGPT.  *Id.* ¶ 29.[1]  This belief is apparently based on an unspecified "New York Times report"

---

[1] Millette brings suit against the same seven OpenAI entities named in the *Tremblay* action. Compl. ¶¶ 13–19; *see also* Compl. *in Tremblay v. OpenAI, Inc.*, No. 23-cv-03223, Dkt. 1 (N.D. Cal. June 28, 2023).  Millette alleges a series of connections between these entities, *see* Compl. ¶¶ 13–19, but does not otherwise distinguish between them.

that "claims . . . that an OpenAI team . . . transcribed more than one million hours of video from YouTube." *Id.* ¶ 28. The Complaint provides no further information suggesting that Millette's videos were included in the videos that OpenAI allegedly "transcribed." *Id.*

Millette's claims are based on the allegation that OpenAI "cop[ied]" his videos, *id.* ¶ 22, created "transcriptions" of them, *id.* ¶¶ 29, 35(a), and then "extract[ed] [their] expressive information" and "ideas," *id.* ¶¶ 22, 53. Millette claims that these acts constitute "unjust enrichment" and a violation of California's UCL. *Id.* ¶¶ 40–49 (Count I), ¶¶ 50–54 (Count II). Millette seeks to represent a two classes: (1) a "Nationwide Class" consisting of "all persons or entities domiciled in the United States that uploaded any YouTube video that was transcribed and then used as training data for the OpenAI Language Models without their consent," *id.* ¶ 30, and (2) a "California Subclass," similarly defined, *id.* ¶ 31.

## III.    LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "[A] formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Where a claim's defect "lies in the legal theory, not the factual allegations," dismissal with prejudice is warranted. *Brown v. Van's Int'l Foods, Inc.*, No. 22-cv-00001, 2022 WL 1471454, at *6 (N.D. Cal. May 10, 2022).

## IV.    ARGUMENT

This Motion seeks dismissal with prejudice of Counts I and II of the Complaint, alleging unjust enrichment or restitution (Count I); and unfair competition under California's UCL (Count II). As discussed further below, Millette's claims are based entirely on allegations that fall squarely within copyright's exclusive domain, and should be dismissed as preempted by Section 301 of the Copyright Act. *See infra* Section A. Even absent preemption, Millette's claims independently fail on the merits for a number of independent reasons, including the failure to allege facts to state a claim for unjust enrichment, the failure to sufficiently allege "economic injury" for purposes of UCL standing, and the failure to allege facts that would state a claim for relief under the UCL's "unlawful," "fraudulent," or "unfair" prongs. *See infra* Section B. Finally, the

1  dismissal should be with prejudice, not only because the claims "lack[] a tenable legal theory," but

2  because the same theories—and, indeed, substantial portions of the exact language used in the

3  operative complaint—have already been held deficient by multiple courts in this District.  *See,*

4  *e.g.*, *Tremblay II,* 2024 WL 3640501, at *2; *see also infra* Section C.

5          **A.      Both Claims Are Preempted**

6          Section 301 of the Copyright Act "preempt[s] and abolish[es] any rights under the common

7  law or statutes of a State that are equivalent to copyright."  H.R. Rep. No. 94-1476, at 130 (1976).

8  A state-law claim is preempted under Section 301 if two conditions are satisfied.  First, the claim

9  must assert rights in a "work[] of authorship" that "come[s] within the subject matter of copyright

10  as specified by section[] 102" of the Copyright Act.  17 U.S.C. § 301(a).  Section 102(a) of the

11  Copyright Act defines the subject matter of copyright, including by listing several "categories" of

12  works—one of which is "audiovisual works."  *Id.* § 102(a)(6).  Second, the rights asserted must

13  be "equivalent to [] the exclusive rights within the general scope of copyright as specified by

14  section 106" of the Copyright Act.  *Id.* § 301(a).  Section 106 of the Act defines the rights within

15  copyright's scope, including by granting the "owner of copyright" the exclusive right to

16  "reproduce the copyrighted work," *id.* § 106(1), and to "prepare derivative works based upon the

17  copyrighted work," *id.* § 106(2); *Laws v. Sony Music Ent., Inc.*, 448 F.3d 1134, 1137 (9th Cir.

18  2006) (discussing this "two-part test").  Both of Millette's claims are preempted by Section 301.

19          1.      Millette's YouTube Videos Fall Within Copyright's "Subject Matter"

20          Both of Millette's claims are based entirely on OpenAI's alleged use of his "videos."

21  Compl. ¶ 44 (Count I), ¶ 53 (Count II).  Videos are "audiovisual works," 17 U.S.C. § 102(a)(6),

22  which "come within the subject matter of copyright as specified by section[] 102" of the Act, *id.*

23  § 301(a); *see also Yu v. ByteDance Inc.,* No. 23-cv-03503, 2023 WL 5671932, at *6 (N.D. Cal.

24  Sept. 1, 2023) ("[O]nline videos fall within the subject matter of the Copyright Act as 'other

25  audiovisual works' under 17 U.S.C. § 102(a)(6).").

26          Millette's Complaint also suggests that his claims are based on "stolen . . . ideas."

27  Compl. ¶ 53.  While ideas are not protectable by copyright, *see* 17 U.S.C. § 102(b), they

28  nonetheless fall within the "subject matter of copyright" for preemption purposes, *see Entous v.*

*Viacom Int'l, Inc.*, 151 F. Supp. 2d 1150, 1159 (C.D. Cal. 2001) ("[C]ourts have consistently held that [ideas] fall within the 'subject matter of copyright' for the purposes of preemption analysis.") (collecting cases).   In this way, Section 301 of the Act "prevent[s] states from giving special protection" to subject matter—like ideas, concepts, and facts—that Congress "decided should be in the public domain."   *ProCD, Inc. v. Zeidenberg*, 86 F.3d 1447, 1453 (7th Cir. 1996) (Easterbrook, J.); *see also Berge v. Board of Trustees of the Univ. of Ala*, 104 F.3d 1453, 1463 (4th Cir. 1997) (idea misappropriation claim preempted).

Accordingly, both of Millette's claims assert rights in works that fall within the "subject matter of copyright" for preemption purposes.

## 2.   Both Claims Assert Rights "Equivalent" to Those Protected by Copyright

To survive preemption under Section 301, a plaintiff must also show that the rights the state-law claim seeks to vindicate are "qualitatively different from" the rights protected by Section 106 of the Copyright Act.   *Laws*, 448 F.3d at 1143–44; *see also* 17 U.S.C. § 301(a) (preemption analysis evaluates whether rights asserted are "equivalent to any of [copyright's] exclusive rights").   Small differences between the formulation of claim elements are not dispositive—what matters is the "essence of [the] claim" and whether the claim's "underlying nature" is "part and parcel of a copyright claim."   *Laws*, 448 F.3d at 1144 (claim preempted even though "the elements of [the] state law claims may not be identical to the elements in a copyright action"); *see also Ray v. ESPN, Inc.*, 783 F.3d 1140, 1142–44 (8th Cir. 2015) (focusing on the "crux of [the] case"). Claims based on alleged acts of reproduction of a copyrighted work (or the alleged creation of an unlawful derivative) necessarily assert rights "equivalent to" the rights granted by Section 106 of the Copyright Act.   *Ray*, 783 F.3d at 1144 (when a plaintiff's alleged "state-law rights" could have been "infringed by the mere act of reproduction, performance, distribution or display of his [work]," those rights are "equivalent to the exclusive rights within the general scope of copyright") (cleaned up).

Both of Millette's claims are predicated on the alleged "us[e]" of Millette's videos.   *See* Compl. ¶ 44 (unjust enrichment), ¶ 51 (UCL).   Millette's alleges that this "use[e]" occurred when OpenAI allegedly (1) "transcribed" his videos, *id.* ¶ 30; (2) "cop[ied]" information from those

works, *id.* ¶ 22; and (3) "extracted expressive information" from them, *id.* But the right to control the creation of a "transcri[ption]" of a video is equivalent to copyright's derivative-work right. 17 U.S.C. § 106(2); *Lieb v. Korangy Publishing, Inc.*, No. 15-cv-0040, 2022 WL 1124850, at *13 (E.D.N.Y. Apr. 14, 2022) ("verbatim transcription" of a work is, "in copyright terms, a derivative work"). And the right to control the creation of "cop[ies]" of a work is governed exclusively by copyright's reproduction right. 17 U.S.C. § 106(1). So is the right to control the extraction of "expressive" information from a work. *See, e.g.*, *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1122 (9th Cir. 2018). Accordingly, the "underlying nature of [Millette's] state law claim[]" is identical to a copyright claim, which renders the state-law claims preempted. *See Laws*, 448 F.3d at 1144 (finding plaintiff's UCL claim preempted because the "alleged misappropriation by the defendants [] [is] part and parcel of the copyright claim"); *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1213 (9th Cir. 1998) (claim "based solely on rights equivalent to those protected by [] copyright law[]" preempted).

It is irrelevant that Millette's Complaint features the word "use" instead of the word "copy." *See Laws*, 448 F.3d at 1144 (focusing on the "underlying nature of [the] state law claims"). Courts have routinely dismissed similar claims based on the alleged "use" of material when the gravamen of the claim is an act of alleged copying.[2] Millette's claims are no different from the state-law claims in *Tremblay*, *GitHub*, *Andersen*, and *Kadrey*—all of which were based on the "use" of copyrighted works to train AI models. *See* Compl. ¶ 84 *in Tremblay v. OpenAI, Inc.*, No. 23-cv-03223, Dkt. 1 (N.D. Cal. June 28, 2023) (unjust enrichment claim based on "use of the

---

[2] *See, e.g., Laws*, 448 F.3d at 1144–45 (claim based on "use" preempted); *Del Madera Properties v. Rhodes and Gardner, Inc.*, 820 F.2d 973, 977 (9th Cir. 1987) (unjust enrichment claim based on "use" of map preempted); *Shade v. Gorman*, No. 08-cv-3471, 2009 WL 196400, at *5 (N.D. Cal. Jan. 28, 2009) (unjust enrichment claim based on "use[]" of "plaintiff's [] footage to create new work preempted); *Firoozye v. Earthlink Network*, 153 F. Supp. 2d 1115, 1128 (N.D. Cal. 2001) (unjust enrichment claim, which "at its core alleges that the defendants unfairly benefitted from their unauthorized use" of plaintiff's work, was "equivalent" to copyright claim and preempted).

Infringed Materials to train ChatGPT"); Compl. ¶ 202 *in Doe 1 v. GitHub, Inc.*, No. 22-cv-06823, Dkt. 1 (N.D. Cal. Nov. 3, 2022) (unjust enrichment claim based on the "use[]" of "Licensed Materials" to "create" AI models); Am. Compl. ¶ 254 *in Andersen v. Stability AI, Ltd.*, No. 23-cv-00201, Dkt. 129 (N.D. Cal. Nov. 29, 2023) (unjust enrichment and UCL claim based on "us[e] [of] Plaintiffs' works to train, develop and promote" AI models); Compl. at 9 *in Kadrey v. Meta Platforms, Inc.*, No. 23-cv-03417, Dkt. 1 (N.D. Cal. July 7, 2023) (unjust enrichment claim based on "unauthorized use of the Infringed Materials to train" AI model).

Each and every one of these claims was dismissed as preempted by Section 301.  *See, e.g.*, *Tremblay II*, 2024 WL 3640501, at *2 (dismissing with prejudice because the complaint "does not lack factual allegations; it lacks a tenable legal theory"); *GitHub I*, 2024 WL 235217, at *7–8 (dismissing claims "principally concern[ing] the unauthorized reproduction of [plaintiffs' works]" because they "fall under the purview of the Copyright Act"); *see also supra* pp. 1–2.  Both of Millette's claims should be dismissed for the same reason.

    **B.**    **Both Claims Independently Fail on the Merits**

        **1.**    <u>The Unjust Enrichment Claim Independently Fails on the Merits</u>

Millette's unjust enrichment claim also fails on the merits.  Unjust enrichment is not generally considered an independent cause of action under California law.  *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (citation omitted).  As Millette's Complaint acknowledges, *see* Compl. ¶ 43, courts instead analyze allegations of unjust enrichment "as a quasi-contract claim seeking restitution" that arises from "a claim that a defendant has been unjustly conferred a benefit 'through mistake, fraud, coercion, or request,'" *see Astiana*, 783 F.3d at 762.  To plead this claim, Millette must allege both that (1) OpenAI "received and unjustly retained a benefit at plaintiff's expense," *ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016); and (2) OpenAI did so as a result of qualifying conduct like "mistake, fraud, coercion, or request," *Russell v. Walmart, Inc.*, 680 F. Supp. 3d 1130, 1133–44 (N.D. Cal. 2023) (dismissing unjust enrichment claim and denying leave to amend because "further amendment of this claim would be futile").  Millette has not done so.

Millette contends that OpenAI was unjustly enriched because it allegedly used his "videos

to expand [its] AI software's training datasets" and to "ma[ke] [its] products more valuable." Compl. ¶¶ 44–47.  At best, Millette pleads that OpenAI has "realized a gain at another's expense," but that is "insufficient."  *Russell*, 680 F. Supp. 3d at 1133.

Millette nowhere contends or explains how he made any "mistake" that resulted in him conferring a benefit on OpenAI.  *Id.*  Nor has Millette pleaded that OpenAI committed any "fraud" or "coercion," or otherwise "request[ed]" anything from Millette.  *Id.*; *see also, e.g.*, *Stratos*, 828 F.3d at 1030, 1038–39 (unjust enrichment claim adequately pleaded where plaintiff alleged that it remitted $2.8 million to defendants based on false representations and that defendants "paid themselves $350,000 with those funds"); *Snarr v. Cento Fine Foods Inc.*, No. 19-cv-02627, 2019 WL 7050149, at *1, *7–8 (N.D. Cal. Dec. 23, 2019) (unjust enrichment claim adequately pleaded where plaintiffs alleged they were coerced into purchasing a product by false statement).  This alone is a sufficient basis for dismissal.  *Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1133 (N.D. Cal. 2009) ("conclusory allegation" that defendants "retain[ed] profits, income and ill-gotten gains at the expense of plaintiff" was "insufficient"); *see also Bosco Wai-Choy Chiu v. NBS Default Servs., LLC*, No. 14-cv-05261, 2015 WL 1221399, at *9 (N.D. Cal. Mar. 17, 2015) (dismissing unjust enrichment claim "without leave to amend" where allegations were "conclusory and speculative").

This is the same reason why Judge Martínez-Olguín dismissed the unjust enrichment claim in *Tremblay*.  The plaintiffs in that case relied on similar allegations: that "Defendants derived profit and other benefits" from the use of plaintiffs' works "to train ChatGPT"; that plaintiffs "did not consent" to that use; and that "[i]t would be unjust for Defendants to retain those benefits." Compl. ¶¶ 80–86 *in Tremblay v. OpenAI*, No. 3:23-cv-032223, Dkt. 1 (N.D. Cal., June 28, 2023); *compare with* Compl. ¶¶ 44–49.  Judge Martínez-Olguín dismissed that claim for failure to allege "that OpenAI unjustly obtained benefits from Plaintiffs' copyrighted works *through fraud, mistake, coercion, or request.*" *Tremblay I*, 2024 WL 557720, at *7 (emphasis added).  That ruling was issued almost six months prior to the filing of this action.  Yet Millette failed entirely to avoid the same defect in his pleadings.  Count I should be dismissed with prejudice for that reason alone.

2.      The UCL Claim Independently Fails

a.      Millette Lacks UCL Standing

Millette lacks standing to plead a claim under the UCL, which "restricts private standing to 'a person who has suffered injury in fact and has lost money or property as a result of the unfair competition.'" *Davis v. RiverSource Life Ins. Co.*, 240 F. Supp. 3d 1011, 1017 (N.D. Cal. 2017) (quoting Cal. Bus. & Prof. Code § 17204).  For that reason, a UCL plaintiff must allege some "economic injury" that was "caused by[]" the alleged activities that form "the gravamen of the claim." *Id.* (cleaned up).  This economic injury requirement is "more stringent than" the injury required to establish federal court jurisdiction: unlike Article III, the UCL requires allegations of "lost money or property." *Troyk v. Farmers Grp., Inc.*, 171 Cal. App. 4th 1305, 1348 n.31 (2009).

Millette fails to allege any such economic injury.  The only relevant allegations advanced in support of the UCL claim are vague references to OpenAI "unfairly profit[ing]" from its development of ChatGPT and its failure to "attribute the success of [that] product" to Millette. Compl. ¶¶ 53–54.  These are "intangible" harms that do not suffice to confer UCL standing. *Troyk*, 171 Cal. App. 4th at 1348 n.31.  Because Millette has failed to "show economic injury caused by" the acts that underlie his UCL claim, "the UCL claim fails." *Tremblay I*, 2024 WL 557720, at *5 (dismissing identical UCL claim against OpenAI "for this additional reason").

b.      Millette's UCL Claims Fail on the Merits

Millette's UCL claim also fails on the merits.  To plead a UCL violation, a plaintiff must allege a "business act or practice" that is "either 'unlawful,' 'unfair,' or 'fraudulent.'" *Armstrong-Harris v. Wells Fargo Bank, N.A.*, No. 21-cv-07637, 2022 WL 3348426, at *2 (N.D. Cal. Aug. 12, 2022) (citation omitted).  Each adjective captures a "separate and distinct theory of liability." *Id*. Millette cannot state a claim under any theory.

Unlawful Prong.  Millette's claim under the "unlawful" prong of the UCL fails because Millette has not identified a predicate violation for this claim.  The only sentence in the Complaint that references this prong simply states: "The unlawful business practices described herein violate the UCL because consumers are likely to be deceived." Compl. ¶ 54.  This formulation—which,

again, Millette copied-and-pasted from an earlier *Tremblay* complaint[3]—appears to confuse the UCL's "unlawful" prong, which "borrows violations of other laws and treats them as independently actionable," and the UCL's "fraudulent" prong, which requires a plaintiff to plead both fraud and that "members of the public are likely to be deceived." *Smedt v. Hain Celestial Group, Inc.*, No. 12-cv-03029, 2014 WL 2466881, at *3 (N.D. Cal. May 30, 2014). In any case, Millette makes no attempt whatsoever to identify a predicate violation to support an unlawful claim, which is a sufficient basis for dismissal. *See Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634, 647 (N.D. Cal. 2021) (dismissing UCL claim based on "unlawful" prong where plaintiff failed to allege predicate violations of law); *Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1117–19 (E.D. Cal. 2014) (dismissing UCL claim with prejudice, including because pleading failed to state predicate violation); *see also Asencio v. Miller Brewing Co.*, 283 F. App'x. 559, 562 (9th Cir. 2008) (affirming district court's dismissal of UCL claim based on "unlawful" prong because "there was no statutory violation").

<u>Fraudulent Prong</u>. Millette similarly failed to state a claim under the "fraudulent" prong of the UCL, which requires a plaintiff to "satisfy the heightened pleading requirements of Rule 9(b)." *Armstrong-Harris*, 2022 WL 3348426, at *2. At a minimum, that rule requires a plaintiff to identify a "purportedly fraudulent statement" and explain "what is false or misleading about [it]." *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011). Millette has done neither. Instead, Millette simply copied the corresponding language from the "unlawful business practices" section of the amended complaint in *Tremblay*, *see* Am. Compl. ¶ 74, No. 23-cv-03223, Dkt. 120 (N.D. Cal. Mar. 13, 2024)—which the *Tremblay* plaintiffs notably abandoned after OpenAI moved to dismiss. *Tremblay II*, 2024 WL 3640501, at *1 (holding that the plaintiffs had "conced[ed]" the unlawful and fraudulent claims). That language makes only vague references to "deceptive[] market[ing]," Compl. ¶ 54, but fails to identify any false "statement." *Cafasso*, 637 F.3d at 1055. These allegations thus fall far short of Rule 9(b), which is a sufficient

---

[3] *See* Am. Compl. ¶ 74 *in Tremblay v. OpenAI, Inc.*, No. 23-cv-03223, Dkt. 120 (N.D. Cal. Mar. 13, 2024) (same language).

1   reason to dismiss Millette's "fraudulent" UCL claim.  *Tremblay I*, 2024 WL 557720, at *6

2   (dismissing identical claim for failure to "satisfy the heightened pleading requirements of Rule

3   9(b) which apply to UCL fraud claims").

4       <u>Unfair Prong</u>.  Millette's "unfair" prong claim fares no better.  The section of the Complaint

5   discussing this claim consists entirely of two sentences.  The first recites a test that some courts

6   use to enunciate the standard for "unfair" UCL claims, Compl. ¶ 53 ("immoral, unethical,

7   oppressive, unscrupulous, [etc.]"), before stating that OpenAI used Millette's video "without []

8   authorization," *id.*  The second sentence accuses OpenAI of "unfairly profit[ing] from and tak[ing]

9   credit for developing a commercial product based on unattributed reproductions of [] stolen videos

10  and ideas."  *Id.*  These meager allegations fall far short of stating a claim.

11      Merely "parrot[ting] the legal standard for 'unfair business practice'" is obviously

12  insufficient.  *See Price v. Apple, Inc.*, No. 21-cv-02846, 2022 WL 1032472, at *5 (N.D. Cal. Apr. 6,

13  2022).  And "courts in this district have held that where the unfair business practices alleged under

14  the unfair prong of the UCL overlap entirely with the business practices addressed in the fraudulent

15  and unlawful prongs of the UCL, the unfair prong of the UCL cannot survive if the claims under

16  the other two prongs of the UCL do not survive."  *Hadley v. Kellogg Sales Company*, 243 F. Supp.

17  3d 1074, 1104–05 (N.D. Cal. 2017); *accord Eidmann*, 522 F. Supp. 3d at 647.  A plaintiff, in other

18  words, must present some "theory by which defendants' conduct could be considered unfair" that

19  does not simply describe a different cause of action.  *Actimmune*, 2009 WL 3740648, at *14, *aff'd*,

20  464 F. App'x 651 (9th Cir. 2011); *see also Rosell v. Wells Fargo Bank, N.A.*, No. 12-cv-06321,

21  2014 WL 4063050, at *5–6 (N.D. Cal. Aug. 15, 2014) (dismissing "unfair" claim that was "entirely

22  duplicative of [] contract claims").

23      Here, however, Millette's statements in support of his UCL "unfair" prong claim are

24  entirely duplicative of the other theories of liability alleged in the Complaint.  *Compare* Compl.

25  ¶ 53 (alleging "unfair" UCL claim based on lack of "authorization," derivation of "profit," and the

26  alleged failure to "credit" Millette for the creation of ChatGPT), *with id.* ¶ 54 (alleging "unlawful"

27  UCL claim based on fact that transcriptions were "unauthorized" and OpenAI "failed to attribute

28  the success of [its] product" to Millette).  Because Millette's fraudulent and unlawful UCL claims

1    are flawed, the unfair UCL claim should be dismissed as well.  *See, e.g.*, *Punian v. Gillette*

2    *Company*, No. 14-cv-05028, 2016 WL 1029607, at *17 (N.D. Cal. Mar. 15, 2016) (dismissing

3    unfair prong claim on this basis and finding that "leave to amend will be futile").

### C.    Leave to Amend Would Be Futile

5        While the court "should freely give leave" to amend "when justice so requires," FED. R.

6    CIV. P. 15(a)(2), prejudicial dismissal is warranted when "amendment would be futile,"

7    *Comparison Med. Analytics, Inc. v. Prime Healthcare Servs., Inc.*, No. 14-cv-3448, 2015 WL

8    12746228, at *7 (C.D. Cal. Apr. 14, 2015).  As the Ninth Circuit has explained: "the general rule

9    that parties are allowed to amend their pleadings . . . does not extend to cases in which any

10   amendment would be an exercise in futility."  *Novak v. United States*, 795 F.3d 1012, 1020 (9th

11   Cir. 2015) (citation omitted).

12       Multiple courts in this district have already considered the exact same legal theories

13   Millette copies here and dismissed them, noting that they "lack[] a tenable legal theory." *Tremblay*

14   *II*, 2024 WL 3640501, at *2 (denying leave to amend); *GitHub II*, 2024 WL 235217, at *7–9

15   (dismissing UCL and unjust enrichment claims on preemption grounds and denying leave to

16   amend).  Three separate groups of plaintiffs have attempted to avoid these problems by amending

17   their pleadings—and each such attempt has failed.  *See supra* pp. 1–2.  There is no reason to believe

18   that the result here would be any different.  Because these claims are "equally as frivolous as [the]

19   many allegations against [OpenAI] that preceded them," Millette's Complaint should be dismissed

20   in its entirety, with prejudice.  *Golden v. Qualcomm, Inc.*, No. 22-cv-03283, 2023 WL 2530857,

21   at *2–3 (N.D. Cal. Mar. 15, 2023) (granting "dismissal without leave to amend . . . on the first

22   round motion to dismiss" because plaintiff's claims "repeat, either directly or in substance, claims

23   previously found more than once to be frivolous").

## V.    CONCLUSION

25       For the foregoing reasons, the Court should dismiss the Complaint with prejudice.

Dated: September 4, 2024

Respectfully submitted,

By: _/s/ Andrew M. Gass_

LATHAM & WATKINS LLP
Andrew M. Gass (SBN 259694)
 andrew.gass@lw.com
Joseph R. Wetzel (SBN 238008)
 joseph.wetzel@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600

Sarang V. Damle (*pro hac vice*)
 sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
 elana.nightingaledawson@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200

Allison L. Stillman (*pro hac vice*)
 alli.stillman@lw.com
Rachel R. Blitzer (*pro hac vice pending*)
 rachel.blitzer@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200

By: _/s/ Allyson R. Bennett_

MORRISON & FOERSTER LLP
Joseph C. Gratz (SBN 240676)
 jgratz@mofo.com
Vera Ranieri (SBN 271594)
 vranieri@mofo.com
Melody E. Wong (SBN 341494)
 melodywong@mofo.com
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000

Allyson R. Bennett (SBN 302090)
 abennett@mofo.com
707 Wilshire Boulevard
Los Angeles, CA 90017-3543
Telephone: (213) 892-5200

Carolyn M. Homer (SBN 286441)
 cmhomer@mofo.com
2100 L Street NW Suite 900
Washington, D.C., 20037-1525
Telephone: (202) 887-1500

Max I. Levy (SBN 346289)
 *mlevy@mofo.com*
755 Page Mill Road
Palo Alto, CA 94304-1018
Telephone: (653) 813-5600

*Attorneys for OpenAI, Inc., OpenAI, L.P., OpenAI OpCo, L.L.C., OpenAI GP, L.L.C., OpenAI Startup Fund GP I, L.L.C., and OpenAI Startup Fund Management, LLC*

1

### ATTESTATION CLAUSE

2

      I am the ECF User whose identification and password are being used to file the foregoing

3 Defendants' Notice of Motion, Motion to Dismiss, and Memorandum of Points and Authorities in

4 Support of Motion to Dismiss. Pursuant to Local Rule 5-1(i)(3) regarding signatures, I, Andrew

5 M. Gass, attest that concurrence in the filing of this document has been obtained.

6

7 Dated: September 4, 2024                            */s/ Andrew M. Gass*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28