1
**LATHAM & WATKINS LLP**
Andrew M. Gass (SBN 259694)
 *andrew.gass@lw.com*
Joseph R. Wetzel (SBN 238008)
 *joseph.wetzel@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600

Sarang V. Damle (*pro hac vice*)
 *sy.damle@lw.com*
Elana Nightingale Dawson (*pro hac vice*)
 *elana.nightingaledawson@lw.com*
Michael David (*pro hac vice*)
 *Michael.david@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200

Allison L. Stillman (*pro hac vice*)
 *alli.stillman@lw.com*
Rachel R. Blitzer (*pro hac vice*)
 *rachel.blitzer@lw.com*
Herman Yue (*pro hac vice*)
 *Herman.yue@lw.com*
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200

**MORRISON & FOERSTER LLP**
Joseph C. Gratz (SBN 240676)
 *jgratz@mofo.com*
Vera Ranieri (SBN 271594)
 *vranieri@mofo.com*
Melody E. Wong (SBN 341494)
 *melodywong@mofo.com*
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000

Carolyn M. Homer (SBN 286441)
 *cmhomer@mofo.com*
2100 L Street NW Suite 900
Washington, D.C., 20037-1525
Telephone: (202) 887-1500

Max I. Levy (SBN 346289)
 *mlevy@mofo.com*
755 Page Mill Road
Palo Alto, CA 94304-1018
Telephone: (653) 813-5600

*Attorneys for OpenAI, Inc. and OpenAI OpCo, L.L.C.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

DAVID MILLETTE and RUSLAYANA
PETRYAZHNA, individually and on behalf
of all others similarly situated,

                                        Plaintiff,

v.

OPENAI, INC. and OPENAI OPCO, L.L.C.,

                                        Defendants.

CASE NO. 5:24-cv-04710-EJD

**DEFENDANTS' NOTICE OF MOTION,
MOTION TO DISMISS, AND
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS**

Judge:  Hon. Edward J. Davila
Date:   May 15, 2025
Time:   9:00 a.m.
Place:  Courtroom 4 – 5th Floor

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that on May 15, 2025, at 9:00 a.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, Courtroom 4, 5th Floor, located at 280 South 1st Street, San Jose, CA 95113, Defendants OpenAI, Inc. and OpenAI OpCo, L.L.C. (together, "OpenAI"), through their undersigned counsel, will, and hereby do, move to dismiss Counts I, II and III of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

OpenAI's Motion to Dismiss is based on this Notice, the supporting Memorandum of Points and Authorities, the complete files and records in this action, and any additional material and arguments as may be considered in connection with the hearing on the Motion.

## STATEMENT OF RELIEF SOUGHT

OpenAI seeks an order pursuant to FRCP 12(b)(6) dismissing with prejudice Counts I, II, and III of the Complaint for failure to state a claim upon which relief can be granted.

## ISSUES TO BE DECIDED

The Motion presents the following issues to be decided: (1) whether Counts I, II, and III of the Complaint, for unjust enrichment, violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*, and violation of Mass. Gen. Laws ch. 93A, *et seq.*, should be dismissed as preempted by Section 301 of the Copyright Act; and (2) whether Counts I, II, and III of the Complaint should be dismissed for failure to state a claim.

Dated: December 16, 2024

Respectfully submitted,

By:  */s/ Andrew M. Gass*

LATHAM & WATKINS LLP
Andrew M. Gass (SBN 259694)
 andrew.gass@lw.com
Joseph R. Wetzel (SBN 238008)
 *joseph.wetzel@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600

Sarang V. Damle (*pro hac vice*)
 *sy.damle@lw.com*
Elana Nightingale Dawson (*pro hac vice*)
 *elana.nightingaledawson@lw.com*

1    Michael David (*pro hac vice*)
       *Michael.david@lw.com*
2    555 Eleventh Street, NW, Suite 1000
     Washington, D.C. 20004
3    Telephone: (202) 637-2200

4    Allison L. Stillman (*pro hac vice*)
       *alli.stillman@lw.com*
5    Rachel R. Blitzer (*pro hac vice*)
       *rachel.blitzer@lw.com*
6    Herman Yue (*pro hac vice*)
       *Herman.yue@lw.com*
7    1271 Avenue of the Americas
     New York, NY 10020
8    Telephone: (212) 906-1200

9    By:    */s/ Joseph C. Gratz*    _____

10   MORRISON & FOERSTER LLP
     Joseph C. Gratz (SBN 240676)
11     *jgratz@mofo.com*
     Vera Ranieri (SBN 271594)
12     *vranieri@mofo.com*
     Melody E. Wong (SBN 341494)
13     *melodywong@mofo.com*
     425 Market Street
14   San Francisco, CA 94105-2482
     Telephone: (415) 268-7000

15   Carolyn M. Homer (SBN 286441)
16     *cmhomer@mofo.com*
     2100 L Street NW Suite 900
17   Washington, D.C., 20037-1525
     Telephone: (202) 887-1500

18   Max I. Levy (SBN 346289)
19     *mlevy@mofo.com*
     755 Page Mill Road
20   Palo Alto, CA 94304-1018
     Telephone: (653) 813-5600

21

22   *Attorneys for OpenAI, Inc. and OpCo, L.L.C*

23

24

25

26

27

28

**TABLE OF CONTENTS**

                                                                                                    **Page**

I.          INTRODUCTION ................................................................................. 1

II.         BACKGROUND ................................................................................. 4

III.        LEGAL STANDARD............................................................................ 5

IV.         ARGUMENT ...................................................................................... 5

        A.      The State-Law Claims Are Preempted .................................................. 5

                1.      Plaintiffs' Works Fall Within Copyright's "Subject Matter" ................. 6

                2.      The State-Law Claims Assert Rights "Equivalent" to
                        Copyright ....................................................................................... 7

        B.      The State-Law Claims Independently Fail on the Merits ......................... 9

                1.      The Unjust Enrichment Claim Independently Fails on the
                        Merits ............................................................................................. 9

                2.      The UCL Claims Fails For Multiple Reasons............................... 11

                3.      The Chapter 93A Claim Fails on the Merits.............................. 14

        C.      Leave to Amend Would Be Futile .................................................... 18

V.          CONCLUSION.................................................................................. 19

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Andersen v. Stability AI Ltd.*,
700 F. Supp. 3d 853 (Oct. 30, 2023) ........................................................................................2

*Andersen v. Stability AI Ltd.*,
No. 23-cv-00201, 2024 WL 3823234 (Aug. 12, 2024) ............................................................2

*Andersen v. Stability AI, Ltd.*,
No. 23-cv-00201 (N.D. Cal. Nov. 29, 2023) ...........................................................................9

*Armstrong-Harris v. Wells Fargo Bank, N.A.*,
No. 21-cv-07637, 2022 WL 3348426 (N.D. Cal. Aug. 12, 2022) .....................................12, 13

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........................................................................................................5, 15, 17

*Astiana v. Hain Celestial Grp., Inc.*,
783 F.3d 753 (9th Cir. 2015) ...................................................................................................9

*Baker v. Goldman, Sachs & Co.*,
771 F.3d 37 (1st Cir. 2014) ....................................................................................................18

*Bass v. Facebook, Inc.*,
394 F. Supp. 3d 1024 (N.D. Cal. 2019) .................................................................................12

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .................................................................................................................5

*Best Carpet Values, Inc. v. Google, LLC*,
90 F.4th 962 (9th Cir. 2024) ....................................................................................................7

*Bosco Wai-Choy Chiu v. NBS Default Servs., LLC*,
No. 14-cv-05261, 2015 WL 1221399 (N.D. Cal. Mar. 17, 2015) .........................................10

*Brantley v. Prisma Labs, Inc.*,
No. 23-cv-1566, 2024 WL 3673727 (N.D. Ill. Aug. 6, 2024) .........................................15, 16

*Brown v. Van's Int'l Foods, Inc.*,
No. 22-cv-00001, 2022 WL 1471454 (N.D. Cal. May 10, 2022) ...........................................5

*Cadkin v. Bluestone*,
No. 6-cv-0034, 2006 WL 8423180 (C.D. Cal. Dec. 2, 2006) .................................................6

*Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
637 F.3d 1047 (9th Cir. 2011) ...............................................................................................13

*Comparison Med. Analytics, Inc. v. Prime Healthcare Servs., Inc.*,
No. 14-cv-3448, 2015 WL 12746228 (C.D. Cal. Apr. 14, 2015) ..........................................19

*Davis v. RiverSource Life Ins. Co.*,
240 F. Supp. 3d 1011 (N.D. Cal. 2017) ...................................................................................11

*Del Madera Props. v. Rhodes and Gardner, Inc.*,
820 F.2d 973 (9th Cir. 1987), *overruled on other grounds by Fogerty v.*
*Fantasy, Inc.*, 510 U.S. 517 (1994) ...........................................................................................8

*Doe 1 v. GitHub, Inc.*,
672 F. Supp. 3d 837 (May 11, 2023) .................................................................................1, 11

*Doe 1 v. GitHub, Inc.*,
No. 22-cv-06823, 2024 WL 235217 (Jan. 22, 2024) ..............................................1, 9, 19

*Doe v. CVS Pharmacy*,
982 F.3d 1204 (9th Cir. 2020) ..............................................................................................13

*Eidmann v. Walgreen Co.*,
522 F. Supp. 3d 634 (N.D. Cal. 2021) .............................................................................12, 14

*ESG Cap. Partners, LP v. Stratos*,
828 F.3d 1023 (9th Cir. 2016) ...........................................................................................9, 10

*Flores v. EMC Mortg. Co.*,
997 F. Supp. 2d 1088 (E.D. Cal. 2014).................................................................................13

*Golden v. Qualcomm, Inc.*,
No. 22-cv-03283, 2023 WL 2530857 (N.D. Cal. Mar. 15, 2023) .......................................19

*Gottlieb v. Amica Mut. Ins. Co.*,
57 F.4th 1 (1st Cir. 2022)................................................................................................16, 18

*Hadley v. Kellogg Sales Company*,
243 F. Supp. 3d 1074 (N.D. Cal. 2017) ...............................................................................14

*Hartford Cas. Ins. Co. v. J.R. Mktg., L.L.C.*,
61 Cal. 4th 988 (2015) ..........................................................................................................10

*In re Google Assistant Privacy Litig.*,
546 F. Supp. 3d 945 (N.D. Cal. 2019) ..................................................................................12

*In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*,
903 F. Supp. 2d 880 (C.D. Cal. 2012) ..................................................................................11

*Kadrey v. Meta Platforms, Inc.*,
No. 23-cv-03417, 2023 WL 8039640 (Nov. 20, 2023) ..........................................................2

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

DEFENDANTS' MOTION TO DISMISS
CASE NO. 5:24-CV-04710-EJD

*Kodadek v. MTV Networks, Inc.*,
  152 F.3d 1209 (9th Cir. 1998) ................................................................................8

*Laws v. Sony Music Ent., Inc.*,
  448 F.3d 1134 (9th Cir. 2006) ..........................................................................6, 7, 8

*Lieb v. Korangy Publishing, Inc.*,
  No. 15-cv-0040, 2022 WL 1124850 (E.D.N.Y. Apr. 14, 2022) ................................7

*Low v. LinkedIn Corp.*,
  No. 11-cv-01468, 2011 WL 5509848 (N.D. Cal. Nov. 11, 2011) ...........................16

*McDonald v. Kiloo ApS*,
  385 F. Supp. 3d 1022 (N.D. Cal. 2019) .................................................................16

*Novak v. United States*,
  795 F.3d 1012 (9th Cir. 2015) ..............................................................................19

*Power v. ConnectWeb Techs.*,
  No. 22-cv-10030, 2024 WL 3416074 (D. Mass. July 15, 2024) .............................17

*President and Fellows of Harvard Coll. v. Certplex, Ltd.*,
  No. 15-cv-11747, 2015 WL 10433612 (D. Mass. Nov. 24, 2015) ............................8

*Price v. Apple, Inc.*,
  No. 21-cv-02846, 2022 WL 1032472 (N.D. Cal. Apr. 6, 2022) ..............................14

*Punian v. Gillette Company*,
  No. 14-cv-05028, 2016 WL 1029607 (N.D. Cal. Mar. 15, 2016) ...........................14

*Ray v. ESPN, Inc.*,
  783 F.3d 1140 (8th Cir. 2015) ................................................................................7

*Rentmeester v. Nike, Inc.*,
  883 F.3d 1111 (9th Cir. 2018) ................................................................................8

*Rosal v. First Fed. Bank of Cal.*,
  671 F. Supp. 2d 1111 (N.D. Cal. 2009) .................................................................10

*Russell v. Walmart, Inc.*,
  680 F. Supp. 3d 1130 (N.D. Cal. 2023) ...............................................................9, 10

*Simon v. Eastern Ky. Welfare Rights Org.*,
  426 U.S. 26 (1976) ................................................................................................16

*Snarr v. Cento Fine Foods Inc.*,
  No. 19-cv-02627, 2019 WL 7050149 (N.D. Cal. Dec. 23, 2019) ...........................10

*Sybersound Recs., Inc. v. UAV Corp.*,
  517 F.3d 1137 (9th Cir. 2008) ................................................................................2

*Tomasella v. Nestle USA, Inc.*,
   962 F.3d 60 (1st Cir. 2020)................................................................16, 17, 18

*Tremblay v. OpenAI, Inc.*,
   716 F. Supp. 3d 772 (Feb. 12, 2024) ............................................... *passim*

*Tremblay v. OpenAI, Inc.*,
   No. 23-cv-03223, 2024 WL 3640501 (July 30, 2024)......................... *passim*

*Troyk v. Farmers Grp., Inc.*,
   171 Cal. App. 4th 1305 (2009) ..................................................................11

*Tyler v. Michaels Stores, Inc.*,
   984 N.E.2d 737 (Mass. 2013) ...................................................................16

*Warth v. Seldin*,
   422 U.S. 490 (1975) ..................................................................................16

*Yellowcake, Inc. v. Hyphy Music, Inc.*,
   1:20-CV-0988, 2021 WL 3052535 (E.D. Cal. July 20, 2021) .......................8

*Yu v. ByteDance Inc.*,
   No. 23-cv-03503, 2023 WL 5671932 (N.D. Cal. Sept. 1, 2023)...................6

## STATUTES

17 U.S.C.
   § 102(a)(6) ...............................................................................................6
   § 102(a)(7) ...............................................................................................6
   § 106(1) ................................................................................................6, 7
   § 106(2) ................................................................................................6, 7
   § 301..........................................................................................................1
   § 301(a) ...............................................................................................6, 7

Cal. Bus. & Prof. Code § 17204 ......................................................................11

Cal. Bus. & Prof. Code §§ 1700 *et seq.* ..............................................................1

Mass. Gen. Laws Chapter 93A .........................................................................4

Mass. Gen. Laws Chapter 93A, § 2 .................................................................16

## RULES

Fed. R. Civ. P. 11 (1983 Advisory Committee Note)...........................................2

Fed. R. Civ. P. 15(a)(2)....................................................................................18

1

**TREATISES**

2

55 Cal. Jur. 3d Restitution § 2............................................................................................9

3

**OTHER AUTHORITIES**

4

H.R. Rep. No. 94-1476 (1976)............................................................................................6

5

LanaRMusic LLC Record co., "A Bubble World,", YouTube (Dec. 22, 2008),
    https://www.youtube.com/watch?v=N0tdhooNNX0............................................................12

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    INTRODUCTION

Plaintiffs' First Amended Complaint is, in many ways, a carbon copy of the complaint in *Tremblay, et al. v. OpenAI, Inc.  See* Compl., No. 23-cv-03223, Dkt. 1 (N.D. Cal., June 28, 2023). The *Tremblay* plaintiffs, like Plaintiffs here, brought state-law claims for "unfair competition," *see id.* ¶¶ 68–72, and "[u]njust enrichment," *see id.* ¶¶ 79–86.  And as is the case here, those state-law claims were based on OpenAI's alleged use of copyrighted material to train large language models. Over the past fifteen months, courts in this District have issued no fewer than **seven** written opinions—in *Tremblay* and other similar cases—addressing the same state-law theories.  Every single one has reached the same conclusion: that the use of copyrighted material to train AI models is governed exclusively by federal copyright law, and that state-law claims premised on that kind of conduct are preempted by 17 U.S.C. § 301:

- ***Tremblay v. OpenAI, Inc.***, **No. 23-cv-03223 (Judge Martínez-Olguín)**:  Plaintiffs originally alleged violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*. (UCL), and unjust enrichment claims based on "use[]" of "works to train ChatGPT.  Compl. ¶¶ 68–72, 79–86 (Dkt. 1) (June 28, 2023).  The court eventually dismissed both claims in full: first dismissing the unjust enrichment claim in full and the UCL claim in part, *see* 716 F. Supp. 3d 772, 780–83 & n.6  (Feb. 12, 2024) (***Tremblay I***) (suggesting that remaining element of UCL claim "may be preempted"), then dismissing the realleged UCL claim as preempted, 2024 WL 3640501, at *2 (July 30, 2024) (***Tremblay II***) (denying leave to amend because claim "lacks a tenable legal theory").

- ***Doe 1 v. GitHub, Inc.***, **No. 22-cv-06823 (Judge Tigar)**: Plaintiffs originally alleged unjust enrichment and UCL claims based on "use[]" of works to train an AI model.  Compl. ¶¶ 200–10 (Dkt. 1) (Nov. 3, 2022).  The court dismissed the unjust enrichment claim as preempted and the UCL claim on the merits.  *See* 672 F. Supp. 3d 837, 856–57, 860–61 (May 11, 2023) (***GitHub I***).  Plaintiffs realleged both claims, Am. Compl. ¶¶ 266–81 (Dkt. 98) (June 8, 2023), and the court dismissed both as preempted and denied leave to amend the unjust enrichment claim.  2024 WL 235217, at *7–8 (Jan. 22, 2024) (***GitHub II***).

- ***Andersen v. Stability AI Ltd.***, **No. 23-cv-00201 (Judge Orrick)**: Plaintiffs alleged a UCL

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

claim based on use of images to train an AI model.  Compl. ¶¶ 223–26 (Dkt. 1) (Jan. 13, 2023).  The court dismissed that claim, holding that "[t]o the extent the improper business act complained of is based on copyright infringement, the claim . . . is preempted."  700 F. Supp. 3d 853, 875–76 (Oct. 30, 2023) (*Andersen I*) (quoting *Sybersound Recs., Inc. v. UAV Corp.*, 517 F.3d 1137, 1152 (9th Cir. 2008)).  Plaintiffs then alleged unjust enrichment claims, Am. Compl. ¶¶ 251–258, 334–341, 372–79, 432–39 (Dkt. 129) (Nov. 29, 2023), and the court dismissed those claims "based on the use of plaintiffs' copyrighted works without consent" as preempted.  2024 WL 3823234, at *9–10, *21 (Aug. 12, 2024) (*Andersen II*).

- ***Kadrey v. Meta Platforms, Inc.*, No. 23-cv-03417 (Judge Chhabria)**: Plaintiffs alleged UCL and unjust enrichment claims based on use of books to train a large language model.  Compl. at 8–9 (Dkt. 1) (July 7, 2023).  The court dismissed these state law claims "premised on the rights granted by the Copyright Act" as preempted.  2023 WL 8039640, at *2 (Nov. 20, 2023) (*Kadrey*).  Plaintiffs abandoned their state law claims in their amended complaint.  Am. Compl. ¶¶ 77–82 (Dkt. 69) (Dec. 22, 2023).

Those opinions would have been among the first to emerge during the "prefiling inquiry into both the facts and the law" that Plaintiffs were required to conduct before commencing this action on August 2, 2024.  Fed. R. Civ. P. 11 (1983 Advisory Committee Note); *see* Dkt. 1 ("Compl.") at 1 (making allegations "pursuant to the investigation of [] counsel").  But Plaintiff Millette's initial Complaint not only realleged the very same unjust enrichment and UCL claims that have already been rejected by Judges Martínez-Olguín, Tigar, Orrick, and Chhabria—it also used the same exact pleading language that had already been twice rejected in *Tremblay*, alleging that:

> Defendants unfairly profit from and take credit for developing a commercial product based on unattributed reproductions of those stolen [works] and ideas . . . consumers are likely to be deceived.  Defendants knowingly and secretly trained ChatGPT using unauthorized . . . copies of Plaintiff's [works].  Defendants deceptively marketed their product in a manner that fails to attribute the success of their product to the work on which it is based.

Compl. ¶¶ 53–54; *see also* Dkt. 47 ("FAC") ¶¶ 56, 58 (same language); *compare with* Compl. ¶¶ 71–72 *in Tremblay v. OpenAI, Inc.*, No. 23-cv-03223, Dkt. 1 (N.D. Cal. June 28, 2023) (same

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   language); Am. Compl. ¶¶ 73–74 *in Tremblay v. OpenAI, Inc.*, No. 23-cv-03223, Dkt. 120 (N.D.

2   Cal. Mar. 13, 2024) (same language); *Tremblay I*, 716 F. Supp. 3d at 780–83 & n.6 (dismissing

3   claim in part on the merits and suggesting that remaining element "may be preempted"); *Tremblay*

4   *II*, 2024 WL 3640501, at *2 (dismissing claim as preempted without leave to amend).

5        OpenAI pointed out these defects when it moved to dismiss Millette's initial Complaint.

6   *See* Dkt. 35.  Undeterred, Millette filed an amended complaint with the very same flaws.  *See* FAC.

7   In the FAC, Millette is joined by a new co-plaintiff, Ruslana Petryazhna.  Both Plaintiffs reallege

8   the same preempted state-law unjust enrichment and UCL claims—based on the same allegations

9   that OpenAI identified in its prior Motion to Dismiss as fatally deficient.  *See id.* ¶¶ 43–52 (Count

10  I), ¶¶ 53–58 (Count II).  Millette also adds a claim under the Massachusetts unfair competition

11  statute, Chapter 93A.  *See id.* ¶¶ 59–79 (Count III).  But the change in locale does not make the

12  claim any less flawed: all of these state-law claims are squarely preempted by the Copyright Act.

13       The state-law claims also fail on the merits, again for the very same reasons enunciated by

14  Judge Martínez-Olguín in the *Tremblay* case.  The unjust enrichment claim is based on the

15  conclusory allegation that Plaintiffs "unwittingly conferred a benefit upon [OpenAI]."  FAC ¶ 48.

16  But Plaintiffs cannot allege that such a benefit was obtained "through fraud, mistake, coercion, or

17  request," which is exactly why the very same claim failed in *Tremblay*.  716 F. Supp. 3d at 782–

18  83 (dismissing unjust enrichment claim).  Plaintiffs' unfair competition claims—under both

19  California (UCL) and Massachusetts (93A) law—fail as well, because both claims fail to allege

20  any violation of other law (besides copyright); both claims fail to allege fraudulent or deceptive

21  statements or omissions; and both claims fail to allege any unfairness.

22       New Plaintiff Petryazhna claims to have registered the copyright in some songs, including

23  one featured in her YouTube video, "A Bubble World."  FAC ¶ 12; *see id.* Ex. A.  Based on those

24  alleged registrations, she asserts a new claim for copyright infringement.  FAC ¶¶ 80–88 (Count

25  IV).  OpenAI will defend itself against that claim, including on the basis of its forthcoming fair

26  use defense.  However, Plaintiffs may not pile on defective state-law claims to evade the strictures

27  of copyright law—a conclusion numerous courts have already reached when faced with materially

28  indistinguishable claims.  This Court should follow every other court to decide similar issues, and

1  dismiss Counts I, II, and III of the FAC with prejudice.

2  **II.    BACKGROUND**

3        Plaintiff David Millette, an individual who owns a "YouTube account" which he has

4  allegedly used to "upload" "video content" to the platform, originally brought this lawsuit on

5  August 2, 2024.  Compl.  The initial Complaint provided no further information about the specific

6  videos Millette claims to own, and did not address whether Millette has made any attempt to

7  register the copyright in his videos.  Millette brought claims for unjust enrichment and violation

8  of the UCL based on OpenAI's alleged transcription of YouTube videos and use of those

9  transcriptions to train large language models ("LLMs").  *See id.*  OpenAI moved to dismiss

10  Millette's claims as preempted.  Dkt. 35.  Millette responded by filing an amended complaint, this

11  time with a new plaintiff—Ruslayana Petryazhna—who, unlike Millette, claims to own a

12  registered copyright in a song called "A Bubble World."  FAC ¶ 12.

13        Petryazhna joined this lawsuit because she—like Millette—believes that OpenAI used

14  "transcriptions of videos" uploaded to YouTube as training data for the LLMs used to power

15  ChatGPT.  *Id.* ¶ 27.  This belief is based on a  "New York Times report[]" that claims that "an

16  OpenAI team . . . transcribed more than one million hours of video from YouTube," *id.* ¶ 25, along

17  with Petryazhna's claim that ChatGPT is allegedly capable of answering questions about "A

18  Bubble World," *id.* ¶ 29 (offering quotes from an uncited and unattached "ChatGPT[] analysis" of

19  the work).  Plaintiffs allege OpenAI "cop[ied]" their videos, *id.* ¶ 18, created "transcriptions" of

20  them, *id.* ¶¶ 27, 38(a), and "extract[ed] [their] expressive information," *id.* ¶¶ 18, 87.

21        Based on those allegations, both Plaintiffs bring claims for unjust enrichment and unfair

22  competition under California law, *id.* ¶¶ 43–52 (Count I) (unjust enrichment), ¶¶ 53–58 (Count II)

23  (UCL).  Millette now adds a claim for unfair competition under Massachusetts law.  *Id.* ¶¶ 59–79

24  (Count III) (Massachusetts unfair competition law, Mass. Gen. Laws ch. 93A).  And Petrayzhna

25  adds a claim for copyright infringement under federal law.  *Id.* ¶¶ 80–88 (Count IV).

26        Both Plaintiffs also seek to represent classes of similarly situated parties.  Both Millette

27  and Petryazhna seek to represent a "Nationwide Creator Class" consisting of "all persons or

28  entities domiciled in the United States that uploaded any YouTube video that was transcribed and

then used as training data for the OpenAI Language Models without their consent." *Id.* ¶ 31. Millette also seeks to represent a similarly defined "Massachusetts Creator Subclass" consisting of all class members "domiciled in Massachusetts." *Id.* ¶ 32. And Petryazhna seeks to represent a nationwide "Copyright Class," which is defined similarly to the "Nationwide Creator Class" but limited to "persons or entities . . . [who own] registered copyright material." *Id.* ¶ 33.

## III.    LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "[A] formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Where a claim's defect "lies in the legal theory, not the factual allegations," dismissal with prejudice is warranted. *Brown v. Van's Int'l Foods, Inc.*, No. 22-cv-00001, 2022 WL 1471454, at *6 (N.D. Cal. May 10, 2022).

## IV.    ARGUMENT

This Motion seeks dismissal with prejudice of Counts I–III of the FAC, alleging unjust enrichment or restitution (Count I); unfair competition under California's UCL (Count II); and unfair competition under Massachusetts' Chapter 93A (Count III). As discussed further below, Plaintiffs' claims are based entirely on allegations that fall squarely within copyright's exclusive domain, and should be dismissed as preempted by Section 301 of the Copyright Act. *See infra* Section A. Plaintiffs' claims also independently fail on the merits for a number of reasons, including the failure to allege facts to state a claim for unjust enrichment or claims under California's UCL or Chapter 93A of Massachusetts' consumer protection law. *See infra* Section B. Finally, the dismissal of Counts I–III should be with prejudice, not only because the claims "lack[] a tenable legal theory," but because the same theories—and, indeed, substantial portions of the exact language used in the operative complaint—have already been held deficient by multiple courts in this District. *See, e.g.*, *Tremblay II*, 2024 WL 3640501, at *2; *see also infra* Section C.

### A.    The State-Law Claims Are Preempted

Section 301 of the Copyright Act "preempt[s] and abolish[es] any rights under the common

1    law or statutes of a State that are equivalent to copyright." H.R. Rep. No. 94-1476, at 130 (1976).

2    A state-law claim is preempted under Section 301 if two conditions are satisfied. First, the claim

3    must assert rights in a "work[] of authorship" that "come[s] within the subject matter of copyright

4    as specified by section[] 102" of the Copyright Act. 17 U.S.C. § 301(a). Section 102(a) of the

5    Copyright Act defines the subject matter of copyright and lists several "categories" of

6    copyrightable works, including "audiovisual works" and "sound recordings." *Id.* § 102(a)(6), (7).

7    Second, the rights asserted must be "equivalent to [] the exclusive rights within the general scope

8    of copyright as specified by section 106" of the Copyright Act. *Id.* § 301(a). Section 106 of the

9    Act defines the rights within copyright's scope, including by granting the "owner of copyright"

10   the exclusive right to "reproduce the copyrighted work," *id.* § 106(1), and to "prepare derivative

11   works based upon the copyrighted work," *id.* § 106(2); *Laws v. Sony Music Ent., Inc.*, 448 F.3d

12   1134, 1137 (9th Cir. 2006) (discussing this "two-part test"). All of Plaintiffs' state-law claims

13   (Counts I–III) are preempted by Section 301.

14              1.      Plaintiffs' Works Fall Within Copyright's "Subject Matter"

15          Plaintiffs' state-law claims are based entirely on OpenAI's alleged use of their "videos"

16   and Petryazhna's song. FAC ¶ 48 (Count I), ¶ 54 (Count II), ¶ 63 (Count III); *see also id.* ¶ 12.

17   Both videos and songs "come within the subject matter of copyright as specified by section[] 102"

18   of the Act. *Id.* § 301(a); *see also Yu v. ByteDance Inc.,* No. 23-cv-03503, 2023 WL 5671932, at *6

19   (N.D. Cal. Sept. 1, 2023) ("[O]nline videos fall within the subject matter of the Copyright Act as

20   'other audiovisual works' under 17 U.S.C. § 102(a)(6)."); *Cadkin v. Bluestone*, No. 6-cv-0034, 2006

21   WL 8423180, at *1 (C.D. Cal. Dec. 2, 2006) ("Musical compositions and sound recordings fall

22   within the subject matter of copyright law."). Indeed, Plaintiff Petryazhna brings a copyright

23   infringement claim based on the very same conduct.

24          Plaintiffs also make a vague reference to "stolen . . . content." FAC ¶ 56. The only "content"

25   at issue, however, is YouTube videos (and the content allegedly contained therein). *See id.* ¶¶ 11–

26   12 (alleging that Plaintiffs own "video content . . . uploaded to YouTube"). Accordingly, all of

27   Plaintiffs' state-law claims assert rights in works that fall within the "subject matter of copyright"

28   for preemption purposes.

2.    The State-Law Claims Assert Rights "Equivalent" to Copyright

To survive preemption under Section 301, a plaintiff must show that the rights it seeks to vindicate are "qualitatively different from" the rights protected by Section 106 of the Copyright Act.  *Laws*, 448 F.3d at 1143–44; *see also* 17 U.S.C. § 301(a) (preemption analysis evaluates whether rights asserted are "equivalent to any of [copyright's] exclusive rights").   Small differences between the formulation of claim elements are not dispositive—what matters is the "essence of [the] claim" and whether the claim's "underlying nature" is "part and parcel of a copyright claim." *Laws*, 448 F.3d at 1144 (citation omitted) (claim preempted even though "the elements of [the] state law claims may not be identical to the elements in a copyright action"); *see also Ray v. ESPN, Inc.*, 783 F.3d 1140, 1142–44 (8th Cir. 2015) (focusing on the "crux of [the] case").   Claims based on alleged acts of reproduction (or the alleged creation of an unlawful derivative) necessarily assert rights "equivalent to" the rights granted by Section 106 of the Copyright Act.  *Best Carpet Values, Inc. v. Google, LLC*, 90 F.4th 962, 972 (9th Cir. 2024) ("Displaying and reproducing a copy of a copyrighted work . . . falls squarely within the scope of 17 U.S.C. § 106."); *Ray*, 783 F.3d at 1144 (when a plaintiff's alleged "state-law rights" could have been "infringed by the mere act of reproduction, performance, distribution or display of his [work]," those rights are "equivalent to the exclusive rights within the general scope of copyright" (cleaned up)).

All three of Plaintiffs' state-law claims are predicated on the alleged "us[e]" of Plaintiffs' videos and "content."  *See* FAC ¶ 48 (Count I), ¶ 54 (Count II), ¶ 67 (Chapter 93A).   Plaintiffs contend that this "us[e]" occurred when OpenAI allegedly (1) "transcribed" their videos, *id.* ¶ 13; (2) "cop[ied]" information from those works, *id.* ¶ 18; and (3) "extracted expressive information" from them, *id.*  But the right to control the creation of a "transcri[ption]" of a video is equivalent to copyright's derivative-work right.  17 U.S.C. § 106(2); *Lieb v. Korangy Publishing, Inc.*, No. 15-cv-0040, 2022 WL 1124850, at *13 (E.D.N.Y. Apr. 14, 2022) ("verbatim transcription" of a work is, "in copyright terms, a derivative work").   And the right to control the creation of "cop[ies]" of a work is governed exclusively by copyright's reproduction right.   17 U.S.C. § 106(1).  So is the right to control the extraction of "expressive" information from a work.  *See,*

*e.g.*, *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1122 (9th Cir. 2018).

Accordingly, the "underlying nature of [Plaintiffs'] state law claims" is identical to a copyright claim, which renders the state-law claims preempted.  *See Laws*, 448 F.3d at 1144 (finding plaintiff's misappropriation claim preempted because allegedly unauthorized reproduction was "part and parcel of a copyright claim"); *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1213 (9th Cir. 1998) (UCL claim "based solely on rights equivalent to those protected by [] copyright law[]" preempted); *President and Fellows of Harvard Coll. v. Certplex, Ltd.*, No. 15-cv-11747, 2015 WL 10433612, at *2–3 (D. Mass. Nov. 24, 2015) (Massachusetts Chapter 93 claim based on unauthorized reproductions preempted).

Plaintiffs cannot avoid this result by recasting the acts they challenge as "misappropriation."  *See, e.g.*, FAC ¶ 48 (Count I); ¶ 70 (Count III).  The Ninth Circuit has "squarely rejected" this exact tactic before by enforcing Copyright Act preemption notwithstanding the plaintiff's claim that it maintained "ownership" of works that "were misappropriated by [a] defendant."  *Laws*, 448 F.3d at 1144 (quoting *Del Madera Props. v. Rhodes and Gardner, Inc.*, 820 F.2d 973, 977 (9th Cir. 1987), *overruled on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)).  Here, too, the state-law claims depend on Plaintiffs' alleged ownership of "videos" and those videos' use by OpenAI.  *See Yellowcake, Inc. v. Hyphy Music, Inc.*, 1:20-cv-0988, 2021 WL 3052535, at *14 (E.D. Cal. July 20, 2021) (finding copyright preemption where "[t]he only 'things' that are identified as 'misappropriated' are the albums and cover art . . . which are protected by the Copyright Act.").  Plaintiffs allege OpenAI "copied" and "scrap[ed]" their copyrighted YouTube video content.  FAC ¶¶ 20, 28. This is a copyright harm, and styling it as "misappropriation" of content does not change the preemption analysis.

Plaintiffs' claims are no different than the state-law claims in *Tremblay*, *GitHub*, *Andersen*, and *Kadrey*—all of which were based on the alleged "use" of copyrighted works to train AI models.  *See* Compl. ¶ 84 in *Tremblay v. OpenAI, Inc.*, No. 23-cv-03223, Dkt. 1 (N.D. Cal. June 28, 2023) (unjust enrichment claim based on "use of the Infringed Materials to train ChatGPT"); Compl. ¶ 202 *in Doe 1 v. GitHub, Inc.*, No. 22-cv-06823, Dkt. 1 (N.D. Cal. Nov. 3, 2022) (unjust enrichment claim based on the "use[]" of "Licensed Materials" to "create" AI models); Am.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Compl. ¶ 254 *in Andersen v. Stability AI, Ltd.*, No. 23-cv-00201, Dkt. 129 (N.D. Cal. Nov. 29, 2023) (unjust enrichment and UCL claim based on "us[e] [of] Plaintiffs' works to train, develop and promote" AI models); Compl. at 9 *in Kadrey v. Meta Platforms, Inc.*, No. 23-cv-03417, Dkt. 1 (N.D. Cal. July 7, 2023) (unjust enrichment claim based on "unauthorized use of the Infringed Materials to train" AI model).  Every one of these claims was dismissed, almost all as preempted by Section 301.  *See, e.g.*, *Tremblay II*, 2024 WL 3640501, at *2 (dismissing with prejudice because the complaint "does not lack factual allegations; it lacks a tenable legal theory"); *GitHub I*, 2024 WL 235217, at *7–8 (dismissing claims "principally concern[ing] the unauthorized reproduction of [plaintiffs' works]" because they "fall under the purview of the Copyright Act"); *see also supra* pp. 1–2.  Plaintiffs' state-law claims should all be dismissed here as well.

### B.    The State-Law Claims Independently Fail on the Merits

#### 1.    The Unjust Enrichment Claim Independently Fails on the Merits

Plaintiffs' unjust enrichment claim also fails on the merits.  Unjust enrichment is not generally considered an independent cause of action under California law.  *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (citation omitted).  As Plaintiffs' FAC acknowledges, *see* FAC ¶ 47, courts instead analyze allegations of unjust enrichment "as a quasi-contract claim seeking restitution" that arises from "a claim that a defendant has been unjustly conferred a benefit 'through mistake, fraud, coercion, or request,'" *see Astiana*, 783 F.3d at 762 (quoting 55 Cal. Jur. 3d Restitution § 2).  To plead this claim, Plaintiffs must allege both that (1) OpenAI "received and unjustly retained a benefit at plaintiff's expense," *ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016); and (2) OpenAI did so as a result of qualifying conduct like "mistake, fraud, coercion, or request," *Russell v. Walmart, Inc.*, 680 F. Supp. 3d 1130, 1133–34 (N.D. Cal. 2023) (dismissing unjust enrichment claim and denying leave to amend because "further amendment of this claim would be futile").  Plaintiffs have not done so.

Plaintiffs contend that OpenAI was unjustly enriched because it allegedly used their "videos to expand [its] AI software's training datasets" and to "ma[ke] [its] products more valuable."  FAC ¶ 48.  At best, Plaintiffs plead that OpenAI has "realized a gain at another's expense," but that is "insufficient."  *Russell*, 680 F. Supp. 3d at 1133 (quoting *Hartford Cas. Ins.*

*Co. v. J.R. Mktg., L.L.C.*, 61 Cal. 4th 988, 998 (2015)).  Plaintiffs nowhere contend or explain how they made any "mistake" that resulted in them conferring a benefit on OpenAI.  *Id.*  Nor have Plaintiffs alleged that OpenAI committed any "fraud" or "coercion," or otherwise "request[ed]" anything from them.[1]  *Id.*; *see also, e.g.*, *Stratos*, 828 F.3d at 1030, 1038–39 (unjust enrichment claim adequately pleaded where plaintiff alleged that it remitted $2.8 million to defendants based on false representations and that defendants "paid themselves $350,000 with those funds"); *Snarr v. Cento Fine Foods Inc.*, No. 19-cv-02627, 2019 WL 7050149, at *1, *7–8 (N.D. Cal. Dec. 23, 2019) (unjust enrichment claim adequately pleaded where plaintiffs alleged they were coerced into purchasing a product by false statement).  This alone is a sufficient basis for dismissal.  *Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1133 (N.D. Cal. 2009) ("conclusory allegation" that defendants "retain[ed] profits, income and ill-gotten gains at the expense of plaintiff" was "insufficient"); *see also Bosco Wai-Choy Chiu v. NBS Default Servs., LLC*, No. 14-cv-05261, 2015 WL 1221399, at *9 (N.D. Cal. Mar. 17, 2015) (dismissing unjust enrichment claim "without leave to amend" where allegations were "conclusory and speculative").

This is the same reason why Judge Martínez-Olguín dismissed the unjust enrichment claim in *Tremblay*.  The plaintiffs in that case relied on similar allegations: that "Defendants derived profit and other benefits" from the use of plaintiffs' works "to train ChatGPT"; that plaintiffs "did not consent" to that use; and that "[i]t would be unjust for Defendants to retain those benefits."  Compl. ¶¶ 80–86 in *Tremblay v. OpenAI*, No. 3:23-cv-032223, Dkt. 1 (N.D. Cal., June 28, 2023); *compare with* FAC ¶¶ 43–52.  Judge Martínez-Olguín dismissed that claim for failure to allege "that OpenAI unjustly obtained benefits from Plaintiffs' copyrighted works *through fraud, mistake, coercion, or request.*"  *Tremblay I*, 716 F. Supp. 3d at 783 (emphasis added).  That ruling was issued almost six months prior to the initial filing of this action.  Millette nevertheless failed to avoid the exact same defect in his pleadings in his first Complaint.  Worse still, both Plaintiffs reallege in the FAC the exact same claim with no substantive changes.  *See* Dkt. 47-3 (redlined

---

[1] Any allegation of "fraud" would subject Plaintiffs' FAC to the heightened pleading standard of Rule 9(b), which the FAC's generalized allegations come nowhere close to meeting.

1  complaint shows addition of a single substantive word, "misappropriated," in this claim).  Count I

2  should be dismissed with prejudice.

3                  2.     <u>The UCL Claims Fails For Multiple Reasons</u>

4                    *a.*     *Plaintiffs Lack Statutory Standing for the UCL Claim*

5       Plaintiffs lack standing to plead a claim under the UCL, which "restricts private standing

6  to 'a person who has suffered injury in fact and has lost money or property as a result of the unfair

7  competition.'"  *Davis v. RiverSource Life Ins. Co.*, 240 F. Supp. 3d 1011, 1017 (N.D. Cal. 2017)

8  (quoting Cal. Bus. & Prof. Code § 17204).  For that reason, a UCL plaintiff must allege some

9  "economic injury" that was "caused by[]" the alleged activities that form "the gravamen of the

10  claim." *Id.* (cleaned up).  This economic injury requirement is "more stringent than" the injury

11  required to establish federal court jurisdiction: unlike Article III, the UCL requires allegations of

12  "lost money or property." *Troyk v. Farmers Grp., Inc.*, 171 Cal. App. 4th 1305, 1348 n.31 (2009)

13  (quoting Cal. Bus. & Prof. Code § 17204).

14       Plaintiffs do not meet this requirement.  Plaintiffs' only allegations as to the nature of their

15  injury state that they were "deprived of the right to control who can use their works" and were

16  similarly deprived of "moneys that would be owed to them had they consented" to the alleged use.

17  FAC ¶ 57.  But the loss of a perceived "right to control" certain activity, *see* FAC ¶ 57, is not the

18  same as "los[ing] money or property," *Troyk*, 171 Cal. App. 4th at 1348 n.31.  And the fact that a

19  plaintiff believed that it was entitled to demand a payment from a defendant cannot itself be

20  sufficient to meet the UCL's standing requirement.  *See* FAC ¶ 57.  If it were, every single UCL

21  plaintiff would be able to establish standing simply by claiming damages.  *But see In re WellPoint,*

22  *Inc. Out-of-Network UCR Rates Litig.*, 903 F. Supp. 2d 880, 898 (C.D. Cal. 2012) ("California

23  electorate" specifically "amended the UCL[]" to impose this heightened standing requirement).

24       For similar reasons, multiple courts have rejected attempts to establish UCL standing with

25  similar vague allegations about losses to property interests or moneys owed.  *See, e.g.*, *Tremblay*

26  *I*, 716 F. Supp. 3d at 780–81 (dismissing argument regarding "lost intellectual property" and

27  holding that the "injury is speculative"); *GitHub I*, 672 F. Supp. 3d at 860–61 (dismissing

28  arguments regarding "lost [] value of [] work, including [] ability to receive compensation"); *see*

1  *also Bass v. Facebook, Inc.*, 394 F. Supp. 3d 1024, 1040 (N.D. Cal. 2019) ("It is not enough to

2  merely say the information was taken and therefore it has lost value. . . . That the information has

3  external value, but no economic value to plaintiff, cannot serve to establish that plaintiff has

4  personally lost money or property").[2]  Because Plaintiffs have failed to "show economic injury

5  caused by" the alleged UCL violation, "the UCL claim fails." *Tremblay I*, 716 F. Supp. 3d at 780–

6  81.

b.    *Plaintiffs' UCL Claim Fails on the Merits*

8     Plaintiffs' UCL claims also fail on the merits.  To plead a UCL violation, a plaintiff must

9  allege a "business act or practice" that is "either 'unlawful,' 'unfair,' or 'fraudulent.'"  *Armstrong-*

10  *Harris v. Wells Fargo Bank, N.A.*, No. 21-cv-07637, 2022 WL 3348426, at *2 (N.D. Cal. Aug. 12,

11  2022) (citation omitted).  Each adjective captures a "separate and distinct theory of liability."  *Id*.

12  Plaintiffs do not state a claim under any theory.

13     <u>Unlawful Prong</u>.  Plaintiffs do not rely on the "unlawful" prong of the UCL.  Although

14  Millette did so in the original Complaint, Plaintiffs seemingly recognized that such a claim is futile.

15  *Compare* Compl. ¶ 54 ("The *unlawful* business practices described herein violate the UCL because

16  consumers are likely to be deceived." (emphasis added)), *with* FAC ¶¶ 53–58 (UCL claim fails to

17  mention "unlawful").  For good reason: Plaintiffs have failed to allege any predicate violation that

18  could sustain an "unlawful" prong claim.  *See Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634, 647

19  (N.D. Cal. 2021) (Davila, J.) (dismissing UCL claim based on "unlawful" prong where plaintiff

20  failed to allege predicate violations of law); *Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088,

---

22  [2] Plaintiffs nowhere allege that they intended to monetize or sell their videos.  *See In re Google*

23  *Assistant Privacy Litig.*, 546 F. Supp. 3d 945, 971–73 (N.D. Cal. 2019) (dismissing UCL claim

24  where plaintiff claimed "property interest" in voice recordings but plaintiffs pled "no facts to

25  suggest that Plaintiffs intended to monetize" those recordings).  Petrayzhna's video, for example,

26  was published on YouTube over 15 years ago and has been viewed fewer than 1,200 times.  *See*

27  LanaRMusic LLC Record co., "A Bubble World," YouTube (Dec. 22, 2008),

28  https://www.youtube.com/watch?v=N0tdhooNNX0.

1117–19 (E.D. Cal. 2014) (dismissing UCL claim with prejudice, including because pleading
failed to state predicate violation).

Fraudulent Prong. Plaintiffs similarly fail to state a claim under the "fraudulent" prong of
the UCL, which requires a plaintiff to "satisfy the heightened pleading requirements of Rule 9(b)."
*Armstrong-Harris*, 2022 WL 3348426, at *2. At a minimum, that rule requires a plaintiff to
identify a "purportedly fraudulent statement" and explain "what is false or misleading about [it]."
*Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (cleaned up).
Plaintiff has done neither. Instead, Plaintiff largely copied the corresponding language from the
"unlawful business practices" section of the amended complaint in *Tremblay*, *see* Am. Compl.
¶ 74, No. 23-cv-03223, Dkt. 120 (N.D. Cal. Mar. 13, 2024)—which the *Tremblay* plaintiffs notably
abandoned after OpenAI moved to dismiss. *Tremblay II*, 2024 WL 3640501, at *1 (holding that
the plaintiffs had "conced[ed]" the unlawful and fraudulent claims). That language makes only
vague references to "deceptive[] market[ing]," FAC ¶ 58; it fails to identify any false "statement."
*Cafasso*, 637 F.3d at 1055. Plaintiffs' conclusory allegations regarding "knowingly and
secretively train[ing] ChatGPT," FAC ¶ 58, likewise do not identify any false statements, let alone
explain what was purportedly "deceptive[]" about any alleged statements by OpenAI. These
allegations thus fall far short of Rule 9(b), which is a sufficient reason to dismiss Plaintiffs'
"fraudulent" UCL claim. *Tremblay I*, 716 F. Supp. 3d at 781 (dismissing identical claim for failure
to "satisfy the heightened pleading requirements of Rule 9(b) which apply to UCL fraud claims").

Unfair Prong. Plaintiffs' attempt to plead a claim under the "unfair" prong fares no better.
Plaintiffs recite two tests that some courts use to articulate the standard for "unfair" UCL claims.
*See* FAC ¶¶ 56, 58 (alleging conduct was "immoral, unethical, oppressive, unscrupulous, or
injurious"); *id.* ¶ 58 (alleging unfair "conduct outweighs any benefits to consumers"); *see, e.g.*,
*Doe v. CVS Pharmacy*, 982 F.3d 1204, 1214-15 (9th Cir. 2020) (identifying "immoral" and
"balancing" tests). Plaintiffs then accuse OpenAI of "unfairly profit[ing] from and tak[ing] credit
for developing a commercial product based on unattributed reproductions of [] stolen videos and
content," and "rely[ing] on non-consensual use of Plaintiffs' works." *Id.* ¶¶ 56, 58. These meager
allegations fall far short of stating a claim.

Merely "parrot[ting] the legal standard for 'unfair business practice'" is obviously insufficient. *Price v. Apple, Inc.*, No. 21-cv-02846, 2022 WL 1032472, at *5 (N.D. Cal. Apr. 6, 2022) (citation omitted). And Plaintiffs' statements in support of their UCL "unfair" prong claim are entirely duplicative of the other theories of UCL liability alleged in the FAC. *Compare* FAC ¶ 56 (alleging "unfair" UCL claim based on lack of "authorization," derivation of "profit," and the alleged failure to "credit" Plaintiffs for the creation of ChatGPT), *with id.* ¶ 58 (UCL claim based on allegation that transcriptions were "deceptively marketed" because OpenAI "failed to attribute the success of [its] product" to Plaintiffs). "[C]ourts in this district have held that where the unfair business practices alleged under the unfair prong of the UCL overlap entirely with the business practices addressed in the fraudulent and unlawful prongs of the UCL, the unfair prong of the UCL cannot survive if the claims under the other two prongs of the UCL do not survive." *Hadley v. Kellogg Sales Company*, 243 F. Supp. 3d 1074, 1104–05 (N.D. Cal. 2017); *accord Eidmann*, 522 F. Supp. 3d at 647. Because Plaintiffs do not allege an unlawful claim and their fraudulent claim is flawed, the unfair UCL claim should be dismissed as well. *See, e.g.*, *Punian v. Gillette Company*, No. 14-cv-05028, 2016 WL 1029607, at *17 (N.D. Cal. Mar. 15, 2016) (dismissing unfair prong claim on this basis and finding that "leave to amend will be futile").

### 3. The Chapter 93A Claim Fails on the Merits

Count III of the FAC is a claim brought under Massachusetts's Unfair and Deceptive Business Practices Act (Chapter 93A). FAC ¶¶ 59–79. This claim is brought solely on behalf of Millette. It fails for two reasons: first, Millette has failed to plead the basic facts that underlie this claim, *see infra* Section IV.B.3.a, and second, Millette has failed to plead any deceptive or unfair practices under Massachusetts law, *see infra* Section IV.B.3.b.

#### a. *Millette Has Failed to Plead Basic Facts Necessary to Proceed*

Plaintiff Millette does not identify any specific YouTube video he claims to own. He does not say whether his (unspecified) videos contain any spoken language that OpenAI could have "transcrib[ed] . . . to create training datasets," or provide any facts to suggest that he can rightfully assert ownership over any spoken language in those videos. FAC ¶ 5. Nor does he plead any facts indicating that OpenAI actually copied or used the videos he claims to own. Instead, he relies

entirely on generalized allegations that OpenAI must have scraped YouTube in order to get video content. Millette's deficiencies are underscored by the contrast to co-plaintiff Petryazhna, who identifies a specific song, "A Bubble World," which she alleges was in OpenAI's training data because ChatGPT can summarize its contents. FAC ¶ 29. Without any names of works or similar specific allegations, all Millete has is speculation. This is insufficient to state a claim.

The sole proffered justification for Millette's inclusion as a plaintiff in this case is (1) the allegation that he is domiciled in Massachusetts, and (2) the allegation that he has, at some unspecified time, uploaded some unspecified number of "video[s]" to YouTube. *Id.* ¶ 11.[3] This speculation does not show that Millette is a part of the class he claims to represent. Indeed, it stands in stark contrast to the plaintiffs in other pending cases, each of whom has attempted to identify the works he or she asserts and to establish some kind of factual basis for his or her belief that their works had actually been used. *See, e.g.*, First Consolidated Amended Complaint ¶ 39 *in Kadrey v. Meta Platforms, Inc.*, No. 3:23-cv-03417, Dkt. 64 (N.D. Cal. Dec. 11, 2023) (attaching exhibit with list of works in specific dataset allegedly used to train models that include several books owned by named plaintiffs); *see also* FAC ¶ 29 (quotes from a supposedly ChatGPT-created "analysis of [Petryazhna's] work[]"). As such, Millette has failed to plead facts that support the core allegation underlying his claims: that his "videos" were "us[ed]" by OpenAI to "train [] Language Models." FAC ¶ 54. That falls far short of what the Federal Rules require: "sufficient factual matter, accepted as true," to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678 (rules require "more than a sheer possibility" that a violation has occurred as to the plaintiff at issue).

The fact that *other* individuals may be able to state a claim for relief is not sufficient. *See*

---

[3] While the FAC does allege that OpenAI "transcribed more than one million hours of video from YouTube," nothing in the FAC suggests that any of Millette's (still unnamed) videos were included in that process. FAC ¶ 25; *see also Brantley v. Prisma Labs, Inc.*, No. 23-cv-1566, 2024 WL 3673727, at *2, 6 (N.D. Ill. Aug. 6, 2024) (dismissing plaintiff's allegation that he "uploaded [photos] to [] various social-media platforms" because "[t]he FAC does not allege that the [dataset in question] contained every photo [ever] uploaded to [these platforms]").

1  FAC ¶ 29 (alleging specific facts as to works not owned by Millette); *see also McDonald v. Kiloo*
2  *ApS*, 385 F. Supp. 3d 1022, 1039–40 (N.D. Cal. 2019) (dismissing 93A claim because plaintiff
3  failed to allege that she, rather than other plaintiff, had purchased an app).  Indeed, each "named
4  plaintiff[]" who purports to "represent a class" must "allege and show that they *personally* have
5  been injured." *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976) (emphasis
6  added) (quoting *Warth v. Seldin*, 422 U.S. 490, 502 (1975)).  The possibility that "injury has been
7  suffered by other, unidentified members of the class to which they belong and which they purport
8  to represent" is insufficient.  *Id.* (holding that plaintiff lacked standing and ordering dismissal); *see*
9  *also Low v. LinkedIn Corp.*, No. 11-cv-01468, 2011 WL 5509848, at *3 (N.D. Cal. Nov. 11, 2011)
10 (no standing for plaintiff who alleged that defendant could transmit sensitive browsing
11 information, but not that defendant transmitted *his* sensitive information); *Brantley v. Prisma Labs,*
12 *Inc.*, No. 23-cv-1566, 2024 WL 3673727, at *5-6 (N.D. Ill. Aug. 6, 2024) (no standing where
13 plaintiff did not sufficiently allege that his particular photos were scraped into AI training dataset).

14      For this reason alone, the Court should dismiss Count III, which is brought entirely on
15 Millette's behalf, *see* FAC ¶¶ 59–79.

16                    *b.    Millette Has Failed to Plead Deceptive or Unfair Practices*

17      Chapter 93A prohibits "[u]nfair methods of competition and unfair or deceptive acts or
18 practices in the conduct of any trade or commerce."  Mass. Gen. Laws ch. 93A, § 2.  This claim
19 fails on the merits because the FAC does not allege the commission of an "unfair or deceptive
20 act[]" sufficient to state a claim under Chapter 93A.  *See id.*

21      Deceptive.  For an act to be "deceptive" under Massachusetts law, it must have "the
22 capacity to mislead consumers, acting reasonably under the circumstances."  *Gottlieb v. Amica*
23 *Mut. Ins. Co.*, 57 F.4th 1, 9–10 (1st Cir. 2022) (quoting *Tomasella v. Nestle USA, Inc.*, 962 F.3d
24 60, 71 (1st Cir. 2020)).  Moreover, the plaintiff must allege that he or she suffered "loss" as a result
25 of the deception, "beyond the mere fact that a violation occurred."  *Id.* at 10 (affirming dismissal
26 because plaintiff "has not shown that he was injured by [the allegedly deceptive] statement"); *see*
27 *Tyler v. Michaels Stores, Inc.*, 984 N.E.2d 737, 745 (Mass. 2013) (consumer must allege harm
28 separate from deception).

Millette has pleaded no such thing.  The FAC makes no attempt to identify any specific statements that Plaintiffs alleged to have been deceptive—instead, the FAC vaguely nods to the "acts and omissions alleged above" and asserts, without explanation, that these "acts deceive, or have a tendency to deceive, a reasonable consumer."  FAC ¶¶ 63–65.  This is the very definition of a "[t]hreadbare recital[] of the elements of a cause of action," which "do[es] not suffice." *Iqbal*, 556 U.S. at 678.  Similarly, the FAC claims that these (unspecified) "acts and omissions are material" because they might "induce[]" a "reasonable person" to "act on the information in deciding to use services such as Defendants' GPT service."  FAC ¶ 66.  But the FAC fails to identify any such "act[] [or] omission." *Id.*  Nor does the FAC claim that the relevant plaintiff—*i.e.*, Millette—suffered any harm from these (unspecified) acts or omissions, e.g., by deciding to use OpenAI's services under a mistaken belief about the nature of their creation.  Millette cannot allege that he might have acted differently in using OpenAI's services because he does not allege that he used them at all.

Finally, the FAC suggests that Millette himself "[was] deceived by Defendants' actions in that [he] had no idea [his] YouTube content was being used to train Defendants' products for Defendants' commercial benefit."  FAC ¶ 67.  Millette, in other words, suggests that OpenAI violated Massachusetts law by alleged using Millette's videos when creating ChatGPT and not disclosing that fact.  That too is insufficient, even setting aside Millette's failure to actually allege that his videos were used in this way.  *See supra* Section IV.B.2.a.  First, the only circumstances under which omissions qualify under Chapter 93A are those that create a "misleading impression"—either (1) by failing to qualify another affirmative statement or (2) when the "circumstances" would lead to "an implied but false representation."  *Tomasella*, 962 F.3d at 72 (citation omitted).  Nothing in the FAC suggests that OpenAI's actions *misled* anyone—much less Millette himself—regarding the nature of ChatGPT.  *See generally* FAC.  To the contrary, the FAC itself highlights numerous statements by OpenAI and its executives openly disclosing the very attributes that Millette challenges here as unlawful.  *See, e.g.*, FAC ¶ 25; *see also Power v. ConnectWeb Techs.*, No. 22-cv-10030, 2024 WL 3416074, at *14 (D. Mass. July 15, 2024) (dismissing 93A claim based on allegation that defendant "in some way deceived him and/or

1  deprived him of [certain] benefits" after noting that absence of any suggestion that the defendant

2  actually "promised these benefits . . . in the first place").  And second, Millette nowhere alleges

3  how he, in particular, relied on this supposed omission to his detriment.  *Gottlieb*, 57 F.4th at 10

4  (acknowledging that one alleged statement is "arguably deceptive," but dismissing the claim

5  because plaintiff did not "show[] that he was injured *by this statement*" (emphasis added)).  Both

6  are sufficient reasons to dismiss this claim.

7       <u>Unfair</u>.  Chapter 93A's definition of "unfair" is not unlimited.  *Tomasella*, 962 F.3d at 80–

8  81 (finding that the "challenged conduct does not fall within the penumbra of any recognized

9  concept of unfairness"); *see also id.* at 79 (noting the court's "legal gate-keeping function" for

10 analyzing unfair trade practices claims (citation omitted)).  Massachusetts courts have developed

11 a number of different tests to evaluate such claims, looking to (1) whether the challenged activity

12 violated "recognized concepts of unfairness," or "statutory concepts of unfairness," *id.* at 80–81;

13 and (2) whether the challenged activity is "immoral" or causes "substantial[]" harm to consumers,

14 *id.* at 81.  Here, however, the only activity Millette challenges as "unfair" is OpenAI's alleged

15 "us[e] [of] Plaintiffs' videos to train their Language Models without permission."  FAC ¶ 54.

16 Whether that activity is "fair" or not is a question of federal copyright law—which further

17 underscores the argument that this claim is preempted under Section 301 of the Copyright Act.

18 *See supra* Section IV.A.  Other than that activity, Millette makes no attempt to point to any conduct

19 which could conceivably be considered "unfair"—under any standard.  Nor does Millette allege

20 how OpenAI's alleged conduct would substantially injure him or other consumers, beyond a

21 conclusory allegation that it did so.  *See* FAC ¶¶ 71–72; *see supra* Section IV.B.2.a.  Millette

22 therefore cannot allege an "egregious" violation of business norms that rises to the level of

23 unfairness.  *Baker v. Goldman, Sachs & Co.*, 771 F.3d 37, 50–52 (1st Cir. 2014) (upholding lower

24 court's application of "egregious" requirement to find that defendant's conduct "was not unfair or

25 deceptive").

26       **C.    Leave to Amend Would Be Futile**

27       While the court "should freely give leave" to amend "when justice so requires," FED. R.

28 CIV. P. 15(a)(2), prejudicial dismissal is warranted when "amendment would be futile,"

*Comparison Med. Analytics, Inc. v. Prime Healthcare Servs., Inc.*, No. 14-cv-3448, 2015 WL 12746228, at *7 (C.D. Cal. Apr. 14, 2015).  As the Ninth Circuit has explained: "the general rule that parties are allowed to amend their pleadings . . . does not extend to cases in which any amendment would be an exercise in futility."  *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (citation omitted).

Multiple courts in this district have already considered the exact same legal theories Plaintiffs copy here and dismissed them, noting that they "lack[] a tenable legal theory." *Tremblay II*, 2024 WL 3640501, at *2 (denying leave to amend); *GitHub II*, 2024 WL 235217, at *7–9 (dismissing UCL and unjust enrichment claims on preemption grounds and denying leave to amend).  Three separate groups of plaintiffs have attempted to avoid these problems by amending their pleadings—and each such attempt has failed.  *See supra* 1–2.  And the Plaintiffs in this case have already amended the complaint in this case once—with the benefit of a full review of OpenAI's initial motion to dismiss, which raised virtually all of the arguments discussed above. Dkt. 35.  Because these claims are "equally as frivolous as [the] many allegations against [OpenAI] that preceded them," Plaintiffs' state-law claims should be dismissed in their entirety, with prejudice.  *Golden v. Qualcomm, Inc.*, No. 22-cv-03283, 2023 WL 2530857, at *2–3 (N.D. Cal. Mar. 15, 2023) (granting "dismissal without leave to amend" because plaintiff's claims "repeat, either directly or in substance, claims previously found more than once to be frivolous").

## V.    CONCLUSION

For the foregoing reasons, the Court should dismiss Counts I through III with prejudice.

Dated: December 16, 2024

Respectfully submitted,

By:  */s/ Andrew M. Gass*

LATHAM & WATKINS LLP
Andrew M. Gass (SBN 259694)
  andrew.gass@lw.com
Joseph R. Wetzel (SBN 238008)
  joseph.wetzel@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600

Sarang V. Damle (*pro hac vice*)
  *sy.damle@lw.com*
Elana Nightingale Dawson (*pro hac vice*)
  *elana.nightingaledawson@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200

Allison L. Stillman (*pro hac vice*)
  *alli.stillman@lw.com*
Rachel R. Blitzer (*pro hac vice pending*)
  *rachel.blitzer@lw.com*
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200

By:  */s/ Joseph C. Gratz*

MORRISON & FOERSTER LLP
Joseph C. Gratz (SBN 240676)
  *jgratz@mofo.com*
Vera Ranieri (SBN 271594)
  *vranieri@mofo.com*
Melody E. Wong (SBN 341494)
  *melodywong@mofo.com*
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000

Allyson R. Bennett (SBN 302090)
  *abennett@mofo.com*
707 Wilshire Boulevard
Los Angeles, CA 90017-3543
Telephone: (213) 892-5200

Carolyn M. Homer (SBN 286441)
  *cmhomer@mofo.com*
2100 L Street NW Suite 900
Washington, D.C., 20037-1525
Telephone: (202) 887-1500

Max I. Levy (SBN 346289)
  *mlevy@mofo.com*
755 Page Mill Road
Palo Alto, CA 94304-1018
Telephone: (653) 813-5600

*Attorneys for OpenAI, Inc. and OpenAI OpCo, L.L.C.*

1

## <u>ATTESTATION CLAUSE</u>

2

I am the ECF User whose identification and password are being used to file the foregoing

3 Defendants' Notice of Motion, Motion to Dismiss, and Memorandum of Points and Authorities in

4 Support of Motion to Dismiss. Pursuant to Local Rule 5-1(i)(3) regarding signatures, I, Andrew

5 M. Gass, attest that concurrence in the filing of this document has been obtained.

6

7 Dated: December 16, 2024                        _/s/ Andrew M. Gass_____

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28