**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joshua B. Glatt (State Bar No. 354064)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
   jglatt@bursor.com

**BURSOR & FISHER, P.A.**
Joseph I. Marchese (*pro hac vice* forthcoming)
Julian C. Diamond (*pro hac vice*)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: jmarchese@bursor.com
   jdiamond@bursor.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MILLETTE and RUSLANA PETRYAZHNA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OPENAI, INC. and OPENAI OPCO, L.L.C.,<br><br>Defendants. | Case No. 5:24-cv-04710-EJD<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: February 13, 2025<br>Time: 10:00 AM<br>Courtroom: 4<br>Judge: Hon. Edward J. Davila |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, Plaintiffs David Millette and Ruslayana Petryazhna ("Plaintiffs"), and Defendants OpenAI, Inc. and OpenAI OpCo, L.L.C ("Defendants"), hereby provide this Joint Case Management Statement and Rule 26(f) Report following the parties' Rule 26(f) conference, which took place on January 30, 2025 and in advance of the Initial Case Management Conference scheduled for February 13, 2025.

1. **Jurisdiction and Service:**

This Court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331. Defendants do not challenge personal jurisdiction. No issue exists as to venue. No parties remain to be served.

2. **Facts:**

**Plaintiffs' Position**:

Plaintiffs bring claims against Defendants for unjust enrichment or restitution, violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, violation of Mass. Gen. Law Ch. 93A, *et seq.*, and direct copyright infringement, 17 U.S.C. § 501. Plaintiffs claims stem from Defendants' artificial intelligence products sold by OpenAI. FAC ¶ 18. Plaintiffs allege that to train its AI models, Defendants necessarily scraped and transcribed Plaintiffs' protected works they had uploaded to YouTube without their consent or compensation. *Id.* ¶¶ 19-20. This, Plaintiffs allege, infringes on their rights to exclusively control the reproduction of use of their works in violation of federal copyright law and is unjust, unfair, and inequitable under California and Massachusetts state law.

Plaintiff Petryazhna, as the holder of registered copyrights in her musical works, seeks to represent a nationwide class of all persons or entities who have a registered copyright of works uploaded to YouTube that Defendants transcribed and used as training data for its AI products. *Id.*

¶ 33. Plaintiff Millette seeks to represent a class of all persons in Massachusetts who uploaded any YouTube video that was transcribed and used by Defendants to train its AI products. *Id.* ¶ 32. Together, both Plaintiffs seek to represent a class defined as all persons who uploaded any YouTube video that was transcribed and used as training data for Defendants' AI products. *Id.* ¶ 31.

**Defendants' Position**:

Plaintiffs allege that transcripts of their YouTube videos were shown to Defendants' large language models as part of their training; that those models learned from those transcripts; and that this process violated Plaintiffs' rights. Defendants deny that they have violated any of Plaintiffs' rights.

The principal facts in dispute include: (1) whether any of Plaintiffs' YouTube videos were transcribed by Defendants; (2) whether and to what extent transcripts of Plaintiffs' YouTube videos were used by Defendants to train the large language models that underlie Defendants' commercial products; (3) whether and to what extent Plaintiffs own the content that they claim Defendants used to train the large language models that underlie Defendants' commercial products; (4) whether and to what extent Defendants' alleged use of the content Plaintiff Petryazhna claims to own in the manner alleged served a new and different purpose from the original purpose of that content; (5) whether and to what extent there exists a licensing market to use the content Plaintiff Petryazhna claims to own in the manner alleged; (6) whether and to what extent any use of the content Plaintiff Petryazhna claims to own affected any market for that content; (7) whether and to what extent the alleged use of the content Plaintiff Petryazhna claims to own serves the public interest; (8) whether and to what extent Defendants' products serve as a substitute for the content Plaintiff Petryazhna claims to own; (9) whether Plaintiffs suffered any injury or harm as a result of Defendants' alleged conduct set forth in the First Amended Complaint; (10) whether Defendants

received and retained a benefit from the alleged use of content Plaintiffs claim to own at Plaintiffs' expense; (11) whether and to what extent there was a causal connection between the injury or harm Plaintiffs claim to have suffered and Defendants' alleged conduct; (12) whether Plaintiffs consented to the alleged use of the content they claim to own for the training of large language models that underlie Defendants' commercial products; and (13) whether a reasonable consumer would have been deceived or induced to use Defendants' products as a result of the conduct alleged in the First Amended Complaint.

3. **Legal Issues:**

**Plaintiffs' Position:**

Defendants have filed a Motion to Dismiss Plaintiff Millette's state law claims on the basis that such claims are preempted and that Plaintiff Millette has independently failed to state a claim under each. ECF No. 55. Among the issues to be decided are:

a. Whether Plaintiff Millette's state law claims are preempted;

b. Whether Plaintiff Millette has stated claims under the various state laws;

c. Whether Plaintiff Petryazhna's copyrighted works were used by Defendants' AI program;

d. Whether use of Plaintiff Petryazhna's copyrighted works amount to direct copyright infringement under the statute;

e. Whether Plaintiffs are entitled to relief and in what capacity;

f. Whether the proposed classes can be certified under Fed. R. Civ. P. 23.

**Defendants' Position:**

Defendants summarize the legal issues as follows, inclusive of the issues Defendants have raised in their Motion to Dismiss (ECF No. 55):

a. Whether Defendants' alleged use of content Plaintiff Petryazhna claims to own to train a language model is fair use under 17 U.S.C. § 107;

b. Whether Plaintiff Petryazhna is entitled to relief under Section 501 of the Copyright Act;

c. Whether Plaintiffs' state-law claims are preempted by the Copyright Act;

d. Whether Plaintiffs are entitled to relief for unjust enrichment or restitution under common law;

e. Whether Plaintiffs are entitled to relief for unfair competition under California Business & Professions Code § 17200;

f. Whether Plaintiff Millette is entitled to relief for unfair or deceptive acts or practices under Massachusetts General Law Chapter 93A;

g. Whether Plaintiffs can meet their burden of establishing that any class can be certified under Fed. R. Civ. P. 23.

4. **Motions:**

Currently pending before the Court is Defendants' Motion to Dismiss Counts I through III of Plaintiffs' First Amended Complaint. ECF No. 55. Plaintiffs' opposition is due February 7, 2025 and Defendants' reply is due March 10, 2025. Oral argument on the Motion to Dismiss is scheduled for May 15, 2025.

Defendants' motion for centralization is also pending before the Judicial Panel for Multidistrict Litigation and will be heard in March 2025. *See Millette et al. v. OpenAI, Inc. et al.*, MDL-3143-CAN-5:24-cv-04710.

The Parties anticipate filing and briefing discovery motions, *Daubert* motions, summary judgment motions, and a motion for class certification.

5. **Amendment of Pleadings:**

**Plaintiffs' Position**:

Plaintiffs filed the operative First Amended Complaint on October 18, 2024 to add Plaintiff Petryazhna and her federal copyright claims. ECF No. 47. Plaintiffs do not anticipate filing an additional amended complaint but reserve the right to seek leave of this Court to file an amended complaint based on evidence found in discovery, if necessary.

**Defendants' Position**:

Defendants reserve the right to oppose any further amendments to the complaint.

6. **Evidence Preservation:**

The Parties have reviewed the Guidelines Related to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred regarding the reasonable and proportionate steps taken to preserve evidence relevant to the issues presented in this matter. During the Parties' conferral, Defendants informed Plaintiffs regarding certain past and upcoming data deletion performed at the request of users of their language models.

7. **Disclosures:**

The Parties have stipulated to the making of initial disclosures the later of February 28, 2025 or 2 weeks following the resolution of Defendants' pending Motion to Dismiss.

8. **Discovery:**

Discovery is stayed while Defendants' Motion to Dismiss is pending. ECF No. 54, at 7. The Parties agree that discovery will be governed by the Federal Rules of Civil Procedure. The Parties have not discussed the scope of anticipated discovery nor have they stipulated to any e-discovery plan. The Parties have not yet identified any discovery disputes. The Parties have agreed to accept future service of discovery requests and responses electronically. The Parties further agree to cooperate and work in good faith toward reaching an agreement on a stipulation

regarding the discovery of electronically stored information, as well a protective order governing the discovery and use of confidential information. If agreement cannot be reached, the Parties will seek Court intervention.

**Plaintiffs' Position:**

Plaintiff anticipates seeking discovery of, without limitation: (1) YouTube data scraped and transcribed; (2) the extent to which Defendants' AI product used and/or relied on, this data; (3) Defendants' knowledge of the extent this data is permitted to be used; (4) whether Plaintiffs' YouTube data was transcribed and used; (5) documents sufficient to show all gross and net revenues derived from Defendants' AI products; (6) all names, addresses, e-mail addresses, YouTube accounts, and contact information for all YouTube creators whose data was transcribed; and (7) documents pertaining to any affirmative defense that Defendants may raise. Plaintiffs may also subpoena third parties for the foregoing information. Plaintiffs note that this list is preliminary in nature and may change as discovery commences.

**Defendants' Position:**

Defendants anticipate seeking discovery of, without limitation: (1) Plaintiffs' lack of harm; (2) Plaintiffs' alleged ownership and copyright interest in the videos and/or material that are the subject of the First Amended Complaint; (3) whether and to what extent the alleged use of the content Plaintiff Petryazhna alleges to own in the manner alleged served a new and different purpose from the original purpose of each of those videos; (4) whether and to what extent Defendants' large language models that underlie Defendants' commercial products serve as a substitute for the content Plaintiff Petryazhna claims to own; (5) Plaintiffs' videos, where and how they are published, and their availability on the internet; (6) efforts by Plaintiffs to monetize or commercially exploit their videos or copyrighted works alleged in the First Amended Complaint; (7) any consent or authorization given by Plaintiffs for the use of their content to train large

CASE NO. 5:24-CV-04710-EJD                                        6

language models that underlie Defendants' commercial products; (8) consumer responses to Defendants' alleged use of content Plaintiff Millette alleges to own; (9) the licensing and distribution of all of the content Plaintiffs claim to own that form any basis for their claims, and all other facts concerning the market for such content; (10) any actual or alleged markets for the content Plaintiffs claim to own; (11) all use by Plaintiffs, or anyone acting on their behalf, of Defendants' products or services; (12) all use by Plaintiffs, or anyone acting on their behalf, of generative artificial intelligence products or services; and (13) the lack of any causal connection between Plaintiffs' alleged injury and Defendants' alleged conduct.

**9.     Class Actions:**

The Parties propose the Court adopt the schedule for briefing on Plaintiffs' future motion for class certification as set forth in Section 15 below.

**10.    Related Cases & Proceedings**

On August 28, 2024, the Court ordered that two other cases: *Millette v. Google LLC*, 5:24-cv-04708-EJD and *Millette v. Nvidia Corp.*, 5:24-cv-05157-EJD be related as reassigned to this Court.  ECF No. 21.

On December 6, 2024,, Defendants filed a Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings before the Judicial Panel for Multidistrict Litigation.  In the Motion, Defendants sought coordination or consolidation of pretrial proceedings this case as well as the those listed below.  Plaintiffs did not oppose Defendants' Motion.  The Motion will be heard in March 2025.  *See Millette et al. v. OpenAI, Inc. et al.*, MDL-3143-CAN-5:24-cv-04710.

- *In re OpenAI ChatGPT*, 3:23-cv-03223 (N.D. Cal.)
- *Authors Guild et al. v. OpenAI, Inc. et al.*, 1:23-cv-08292 (S.D.N.Y.)

- *The Center for Investigative Reporting v. OpenAI, Inc. et al.*, 1:24-cv-04872 (S.D.N.Y.)
- *Daily News, LP et al. v. Microsoft et al.*, 1:23-cv-03285 (S.D.N.Y.)
- *The New York Times v. Microsoft et al.*, 1:23-cv-11195 (S.D.N.Y.)
- *The Intercept Media, Inc. v. OpenAI et al.*, 1:24-cv-01515 (S.D.N.Y.)
- *Raw Story Media, Inc. et al. v. OpenAI*, 1:24-cv-01514 (S.D.N.Y.)

11. **Relief**:

   **Plaintiffs' Position:**

   Plaintiffs' nationwide unjust enrichment and UCL claims seek non-restitutionary disgorgement of the financial profits that Defendants have obtained as a result of their unjust conduct. Under Mass. Gen. Law Ch. 93A, Plaintiff Millette and the putative subclass seek disgorgement of profits derived from the non-permissive use of their works or actual damages or twenty-five dollars, whichever is greater and a permanent injunction against Defendants unlawful behavior. Plaintiff Petryazhna's claims on behalf of herself and a putative class of copyright holders seeks statutory and actual damages, restitution of profits, and/or the remedies provided under the statute for violations of 17 U.S.C. § 501.

   **Defendants' Position:**

   Defendants do not seek any relief other than costs, including attorneys' fees, if they prevail.

12. **Settlement and ADR**:

   The Parties have filed their respective ADR Certifications (ECF Nos. 44-46) and have agreed to discuss alternative dispute resolution at the Case Management Conference. Plaintiffs are open to discussing resolution provided there has been a fair exchange of information sufficient to allow Plaintiffs to make informed decisions on settlement.

Defendants are amenable to having the case referred to a magistrate judge for settlement. Defendants proposed Magistrate Judge Kim for settlement. Given the complexity associated with settling class actions and the nature of this dispute, an experienced judicial officer is necessary to improve the chances of attaining and appropriate settlement.

13. **Other References:**

The Parties do not believe that this case is suitable for reference to binding arbitration or a special master. Currently, Defendants' Motion to centralize and consolidate all the similar actions against them, including this one, is pending before the Judicial Panel for Multidistrict Litigation and will be heard in March 2025. *See Millette et al. v. OpenAI, Inc. et al.*, MDL-3143-CAN-5:24-cv-04710.

The Parties do not oppose having discovery disputes heard by a magistrate judge if the Court is inclined to appoint a discovery magistrate.

14. **Narrowing of Issues:**

The Parties are unaware of any issues that can be narrowed by agreement or motion at the present time. The Parties will continue to meet and confer about narrowing potential issues should the circumstances of the case change.

15. **Scheduling:**

The parties propose the following pre-trial schedule:

**Plaintiffs' Proposed Schedule**

The Parties offer competing schedules, differing most critically on whether Class Certification should come before summary judgment and the deadline for dispositive motions. Fed. R. Civ. P. 23(c)(1)(A) advises that "[a]t an early practicable time after a person sues … the court must determine by order whether to certify the action as a class action." Plaintiffs' proposed schedule abides by this directive by scheduling Class Certification before summary judgment. In

fact, as Defendants note, Courts in this District have largely set the schedule the same. *See, e.g, In re OpenAI ChatGPT Litigation*, No. 3:23-cv-3223 (N.D. Cal. Aug. 19, 2024), ECF No. 75 (Nov. 8, 2024 Hr'g Tr. at 16:25-17:4) & 173 (setting deadline for class certification briefing without summary judgment briefing schedule but inviting defendants to revisit the issue in the future); *Andersen v. Stability AI Ltd.*, No. 3:23-cv-00201, ECF No. 240 (setting the same deadline for summary judgment and class certification); *Bartz v. Anthropic PBC*, 3:24-cv-05417, Dkt. 49 (setting the deadline to file dispositive motions after the deadline for the motion for class certification). As this Court has previously noted, federal courts have a "preference for expedient resolution of class certification issues[.]" *Woods v. Google LLC*, 2018 WL 4030570, at *11 (N.D. Cal.) (Davila, J.). Accordingly, Plaintiffs propose the following schedule with this preference in mind:

| Event | Proposed Schedule |
|---|---|
| Plaintiffs' Motion for Class Certification and Class Expert Reports | January 9, 2026 (or approximately 10 months from Defendant's Reply in Support of its Motion to Dismiss Plaintiffs' First Amended Complaint) |
| Defendants' Opposition to Plaintiffs' Motion for Class Certification and Class Expert Reports | February 6, 2026 (or approximately 4 weeks from Plaintiffs' Motion for Class Certification) |
| Plaintiffs' Reply in Support of Motion for Class Certification | March 6, 2026 (or approximately 4 weeks from Defendant's Opposition) |
| Close of Fact Discovery | 30 days following a ruling on the Motion for Class Certification |
| Merits Expert Reports | 45 Days following a ruling on the Motion for Class Certification |
| Rebuttal to Merits Expert Reports | 75 days following a ruling on the Motion for Class Certification |
| Close of Merits Expert Discovery | 28 days following rebuttal Merits Expert Reports |

| Event | Proposed Schedule |
|---|---|
| Motions for Summary Judgment and *Daubert* Motions | 21 days following Close of Expert Discovery |
| Responses to Motions for Summary Judgment and *Daubert* Motions | 35 days following filing Motion for Summary Judgment |
| Replies in Support of Motions for Summary Judgment and *Daubert* Motions | 21 days following filing Responses to Motion for Summary Judgment |
| File Joint Proposed Final Pretrial Order | At least 7 days prior to date of the Final Pretrial Conference |
| Final Pretrial Conference | 28 days after Submission of Joint Final Pretrial Conference Statement and Proposed Order |
| Trial | 14 days after Pretrial Conference |

**Defendants' Proposed Schedule:**

The Parties' principal disagreement regarding scheduling relates to whether summary judgment or class certification should come first. Defendants propose that summary judgment and *Daubert* motions be litigated before class certification. "[W]here it is more practicable to do so and where the parties will not suffer significant prejudice—the district court has discretion to rule on a motion for summary judgment before it decides the certification issue." *Wright v. Schock*, 742 F.2d 541, 543–44 (9th Cir. 1984). That ordering is particularly "reasonable" where "likely" to avoid "needless and costly further litigation." *Id.*; *see also* Standing Order for Civil Cases Before Judge Vince Chhabria (N.D. Cal.) ¶ 50, https://www.cand.uscourts.gov/wp-content/uploads/judges/chhabria-vc/VC-Civil-Standing-Order-2023-06-01.pdf (stating that the court believes that litigating summary judgment before class certification "will often save a great deal of time and money").

Here, the fair use defense may moot class certification questions and streamline and potentially even dispose of this litigation, consistent with the Second Circuit's conclusion in

*Authors Guild v. Google, Inc.*, 804 F.3d 202, 208–29 (2d Cir. 2015) ("Google Books"). In that case, Google was alleged to have committed copyright infringement by creating "digital scan[s]" of "millions of books" to create a new search functionality. 804 F.3d at 208–29. Prior to summary judgment, the plaintiffs moved to certify a class under Rule 23, and the district court granted the motion based, in part, on plaintiffs' argument that the fair use question could be resolved on a class-wide basis. 282 F.R.D. 384, 394 (S.D.N.Y. 2012). The Second Circuit reversed, holding that the district court's attempt to grapple with Rule 23's requirements was premature given that those issues would be "necessarily inform[ed] and perhaps moot[ed]" by "resolution of [the] fair use defense in the first instance." 721 F.3d 132, 134 (2d Cir. 2013); *see also Schneider v. YouTube, LLC*, 2023 WL 3605981, at *10-11, *13, *15 (N.D. Cal. May 22, 2023) (relying on summary judgment record in adjudicating class cert. and thus demonstrating efficiencies even where judgment is denied).  So too here.

Indeed, numerous courts in this District and elsewhere have confronted this sequencing question in copyright cases involving artificial intelligence and have concluded that summary judgement briefing (on some or all issues) should occur prior to class certification briefing. *See, e.g.*, *Kadrey et al. v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC (N.D. Cal. Jan. 12, 2024), ECF Nos. 85 (Jan. 12, 2024 H'rg Tr. at 3:20-6:24, 12:10-18) & 411 (summary judgment before class certification)*; O'Nan v. Databricks, Inc.*, No. 3:24-cv-01451-CRB (N.D. Cal. July 14, 2024), ECF Nos. 51–53 (summary judgment before class certification); *Authors Guild v. OpenAI Inc.*, No. 23-cv-8292-SHS (S.D.N.Y. Jan. 31, 2024), ECF Nos. 56, 65 (summary judgment before class certification upon parties' consent); *Dubus et al. v. NVIDIA Corp.*, No. 4:24-cv-02655-JST (N.D. Cal. Sept. 11, 2024), ECF No. 59 (summary judgment on fair use before class certification upon parties' consent).  Plaintiffs are incorrect to say that courts in this District have "largely" adopted the approach they propose.  Plaintiffs cite only two such cases, *In re OpenAI ChatGPT Litigation*,

No. 3:23-cv-3223 (N.D. Cal. Aug. 19, 2024), ECF Nos. 75 (Nov. 8, 2024 Hr'g Tr. at 16:25-17:4) & 173, and *Bartz v. Anthropic PBC*, 3:24-cv-05417, Dkt. 49.  In the third case to which they point—*Andersen v. Stability AI Ltd.*, No. 3:23-cv-00201—the court set the same schedule for summary judgment and class certification motions.  *Id.*, ECF No. 240.  As the foregoing demonstrates, the more common approach to the ordering of summary judgment and class certification motions in cases like this one is for summary judgment to go first.

| Event | Proposed Schedule |
|---|---|
| Close of Fact Discovery | 10 Months Following Commencement of Discovery |
| Plaintiffs' Expert Reports | 45 Days following Close of Fact Discovery |
| Defendants' Affirmative Defense Expert Reports & Rebuttal Reports | 35 Days following service of Plaintiffs' Expert Reports |
| Plaintiffs' Rebuttal Reports | 35 Days following service of Defendants' Affirmative Defense Expert Reports |
| Close of Expert Discovery | 35 days following Plaintiffs Rebuttal Reports |
| *Daubert* Motions | 28 days following Close of Expert Discovery |
| *Daubert* Responses | 28 days following filing of *Daubert* Motions |
| *Daubert* Replies | 21 days following filing of *Daubert* Responses |
| Motions for Summary Judgment | 28 days following filing of *Daubert* Replies |
| Motions for Summary Judgment - Responses | 28 days following filing of MSJs |
| Motions for Summary Judgment - Replies | 21 days following filing MSJ Responses |
| Motion for Class Certification | 28 days following ruling on MSJ |
| Response to Motion for Class Certification | 28 days following Motion for Class Cert. |
| Reply in support of Mot. for Class Cert. | 21 days following Mot. for Class Cert Resp. |
| Motions in Limine | 21 days before Final Pretrial Conference |
| Joint Pretrial Statement | 14 days before Final Pretrial Conference |
| Final Pretrial Conference | At least 14 days following filing of Joint Pretrial Statement |

| Event | Proposed Schedule |
|---|---|
| Trial | At least 14 days following Final Pretrial Conference |

**16.   Trial:**

**Plaintiffs' Position:**

Assuming this matter is not centralized by the Judicial Panel on Multidistrict Litigation, Plaintiffs have demanded a trial by jury and expect the trial to last approximately 14 days.

**Defendant's Position:**

Defendants believe determination of a trial schedule and duration is premature at this time.

**17.   Disclosure of Non-Party Interested Entities or Parties:**

Defendants have filed the required disclosure of non-party interested entities or persons indicating that there is no conflict or interest other than the named parties to report (ECF No. 14), and will continue to supplement as non-party interested entities or persons become known.

Plaintiffs have filed a certification of conflicts and interested entities or persons (ECF No. 58).

**18.   Professional Conduct:**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California and agree to comply with them.

**19.   Other Matters:**

The Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

| | | |
|---|---|---|
| 1 | Dated: January 31, 2025 | **BURSOR & FISHER, P.A.** |
| 2 | | |
| 3 | | By: ___/s/ L. Timothy Fisher___<br>L. Timothy Fisher |
| 4 | | L. Timothy Fisher (State Bar No. 191626)<br>Joshua B. Glatt (State Bar No. 354064) |
| 5 | | 1990 North California Blvd., 9th Floor<br>Walnut Creek, CA 94596 |
| 6 | | Telephone: (925) 300-4455<br>Facsimile: (925) 407-2700 |
| 7 | | E-mail: ltfisher@bursor.com<br>         jglatt@bursor.com |
| 8 | | |
| 9 | | **BURSOR & FISHER, P.A.**<br>Joseph I. Marchese (*pro hac vice* forthcoming) |
| 10 | | Julian C. Diamond (*pro hac vice*)<br>1330 Avenue of the Americas, 32nd Floor |
| 11 | | New York, NY 10019<br>Telephone: (646) 837-7150 |
| 12 | | Facsimile: (212) 989-9163<br>E-Mail: jmarchese@bursor.com<br>         jdiamond@bursor.com |
| 13 | | |
| 14 | | *Attorneys for Plaintiffs* |
| 15 | Dated: January 31, 2025 | By: ___/s/ Elana Nightingale Dawson___<br>Elana Nightingale Dawson |
| 16 | | |
| 17 | | **LATHAM & WATKINS LLP**<br>Andrew M. Gass (SBN 259694) |
| 18 | | *andrew.gass@lw.com*<br>Joseph R. Wetzel (SBN 238008) |
| 19 | | *joseph.wetzel@lw.com*<br>505 Montgomery Street, Suite 2000 |
| 20 | | San Francisco, CA 94111<br>Telephone: 415.391.0600 |
| 21 | | |
| 22 | | Sarang V. Damle (pro hac vice)<br>*sy.damle@lw.com* |
| 23 | | Elana Nightingale Dawson (pro hac vice)<br>*elana.nightingaledawson@lw.com* |
| 24 | | Michael David (pro hac vice)<br>*Michael.david@lw.com* |
| 25 | | 555 Eleventh Street, NW, Suite 1000<br>Washington, D.C. 20004 |
| 26 | | Telephone: (202) 637-2200 |
| 27 | | Allison L. Stillman (pro hac vice) |
| 28 | | *alli.stillman@lw.com* |

|   |   |   |
|---|---|---|
| 1 |  | Rachel R. Blitzer (pro hac vice) |
| 2 |  | *rachel.blitzer@lw.com* |
|   |  | Herman Yue (pro hac vice) |
| 3 |  | *Herman.yue@lw.com* |
|   |  | 1271 Avenue of the Americas New York, NY 10020 |
| 4 |  | Telephone: (212) 906-1200 |

Dated: January 31, 2025       **MORRISON & FOERSTER LLP**
Joseph C. Gratz (SBN 240676)
*jgratz@mofo.com*
Melody E. Wong (SBN 341494)
*melodywong@mofo.com*
425 Market Street San Francisco, CA 94105-2482
Telephone: (415) 268-7000

Carolyn M. Homer (SBN 286441)
*cmhomer@mofo.com*
2100 L Street NW Suite 900 Washington, D.C., 20037-1525
Telephone: (202) 887-1500

Max I. Levy (SBN 346289)
*mlevy@mofo.com*
755 Page Mill Road Palo Alto, CA 94304-1018
Telephone: (653) 813-5600

*Attorneys for OpenAI, Inc. and OpenAI OpCo, L.L.C.*

## ATTESTATION

I am the ECF User whose identification and password are being used to file the foregoing Joint Case Management Statement. Pursuant to Local Rule 5-1(i)(3) regarding signatures, I, L. Timothy Fisher, attest that concurrence in the filing of this document has been obtained.

Dated: January 31, 2025                                            */s/ L. Timothy Fisher*