**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joshua B. Glatt (State Bar No. 354064)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com
         jglatt@bursor.com

**BURSOR & FISHER, P.A.**
Joseph I. Marchese (*pro hac vice* forthcoming)
Julian C. Diamond (*pro hac vice*)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail:  jmarchese@bursor.com
         jdiamond@bursor.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSLANA PETRYAZHNA, individually and on behalf of all others similarly situated,<br><br>                                          Plaintiff,<br><br>          v.<br><br>OPENAI, INC., and OPENAI OPCO, L.L.C.,<br><br>                                          Defendants. | Case No. 5:24-cv-04710-EJD<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT**<br><br><u>**JURY TRIAL DEMANDED**</u> |

Plaintiff Ruslana Petryazhna ("Plaintiff"), brings this action on behalf of herself and all others similarly situated against Defendants OpenAI, Inc. and OpenAI OpCo, L.L.C. (collectively, "OpenAI" or "Defendants").  Plaintiff seeks to recover damages as a result of Defendants' unlawful conduct.  Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## NATURE OF THE CASE

1.      ChatGPT is a software product created, maintained, and sold by OpenAI.

2.      ChatGPT is currently powered by artificial-intelligence (hereinafter "AI") software programs called GPT-3.5, GPT-4, and GPT-4o, that are also known as "large language models" ("LLM(s)").  A large language model is "trained" by copying massive amounts of text and extracting expressive information from it.  This body of text is called the "training dataset."  Once a large language model has copied and ingested the text in its training dataset, it is able to emit convincingly naturalistic text outputs in response to user prompts.

3.      Large language models' output is therefore entirely and uniquely reliant on the material in their training dataset.  Every time they assemble text, video or image outputs, the models rely on information extracted from their training dataset.

4.      This case addresses the surreptitious, non-consensual transcription of millions of YouTube users' videos by Defendants to train Defendants' AI software products.  For years, YouTube has been a popular video sharing platform that allows content creators and users to upload and share videos with audiences worldwide.  However, unbeknownst to those who upload videos to YouTube, Defendants have been covertly transcribing YouTube videos to create training datasets that they then use to train their AI products.

5.      Plaintiff and Class Members are YouTube users and music and video creators.  Plaintiff and Class Members have retained ownership rights in their uploaded videos, per YouTube's Terms of Service.  Plaintiff and Class Members did not consent to the use of their videos as training material for ChatGPT.  Nonetheless, their materials were transcribed and used to train ChatGPT.

6.    By transcribing and using these videos in this way, Defendants profit from Plaintiff's and Class Members' data time and time again.  As Defendants' AI products become more sophisticated through the use of training datasets, they become more valuable to prospective and current users, who purchase subscriptions to access Defendants' AI products.

7.    By collecting and using this data without consent, Defendants have profited significantly from the use of Plaintiff's and Class Members' materials and infringed on Plaintiff's and Class Members' ownership rights in their works in violation of 17 U.S.C. § 501.

## JURISDICTION AND VENUE

8.    This Court has subject matter Jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because this is a class action in which at least one member of the class is a citizen of a state different from any Defendants, the amount in controversy exceeds $5 million, exclusive of interest and costs, and the proposed class contains more than 100 members.

9.    This Court has personal jurisdiction over the Defendants because Defendants maintain their principal places of business in this District and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

10.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District and because Defendants maintain their principal places of business in this District.

## PARTIES

11.    Plaintiff Ruslana Petryazhna is a citizen of New York and resident of Astoria, New York.  Plaintiff Petryazhna created a YouTube account in or around 2008.  During that entire time, Plaintiff Petryazhna has retained ownership rights to the video content and numerous songs she has uploaded to YouTube, per YouTube's Terms of Service.  Moreover, Plaintiff Petryazhna has registered her copyright of those works with the United States Copyright Office, *see Ex. A*, including her song "A Bubble World," which was uploaded to YouTube 15 years ago.  *See Ex. B*.

12.    Defendants transcribed Plaintiff's videos to train their AI software products.

13.     Defendant OpenAI, Inc. is a Delaware nonprofit corporation with its principal place of business located at 3180 18th Street, San Francisco, CA 94110.

14.     Defendant OpenAI OpCo, L.L.C. is a Delaware limited liability company with its principal place of business located at 3180 18th Street, San Francisco, CA 94110.  OpenAI OpCo, L.L.C. is a wholly owned subsidiary of OpenAI, Inc. that is operated for profit.  OpenAI, Inc. controls OpenAI OpCo, L.L.C. directly and through other OpenAI entities.

15.     Each Defendant acted jointly to perpetrate the acts described herein.  At all times relevant to the allegations in this matter, each Defendant acted in concert with, with the knowledge and approval of, and/or as the agent of, the other Defendant within the course and scope of the agency, regarding the acts and omissions alleged.

## GENERAL BACKGROUND

16.     OpenAI creates and sells artificial-intelligence ("AI") software products.  AI software is designed to algorithmically simulate human reasoning or inference, often using statistical methods.

17.     Certain AI products created and sold by OpenAI are known as "large language models."  Large language models ("LLMs") are types of AI software designed to parse and emit natural language.  Though LLMs are software programs, they are not created the way most software programs are—that is, by human software engineers writing code.  Rather, LLMs are "trained" by copying massive amounts of text from various sources and feeding these copies into the model.  During training, these models copy each piece of information in the training dataset and extract expressive information from it.  The LLMs progressively adjust their output to more closely resemble the images, videos, and sequences of words copied from the training dataset.  Once these models have copied and ingested all these inputs, they are able to emit convincing simulations of natural written language, as well as videos and images as they appear in the training dataset.

18.    As the U.S. Patent and Trademark Office has observed, LLM "training" "almost by definition involve[s] the reproduction of entire works or substantial portions thereof."[1]

19.    Much of the material in OpenAI's training datasets, however, comes from works—including videos created and uploaded by Plaintiff—that were copied by OpenAI without consent, without credit, and without compensation.

20.    Specifically, OpenAI made a series of LLMs, including without limitation GPT-1 (released June 2018), GPT-2 (February 2019), GPT-3 (May 2020), GPT-3.5 (March 2022), GPT-4 (March 2023) and GPT-4o (May 2024).  "GPT" is an abbreviation for "generative pre-trained transformer," where "pre-trained" refers to the use of textual material for training, "generative" refers to the model's ability to emit text, and "transformer refers" to the underlying training algorithm.  OpenAI offers certain language models in variant forms.  For instance, the GPT-4 family of models includes publicly accessible variants called "gpt-4-0125-preview," "gpt-4-turbo-preview," and "gpt-4-32k;" and the GPT-3.5 Turbo family of models includes publicly accessible variants called "gpt-3.5-turbo-0125," "gpt-3.5-turbo-1106," and "gpt-3.5-turbo-instruct."  OpenAI has made other language-model variants that are in commercial use but are not publicly accessible. In an interview with the Financial Times in November 2023, OpenAI CEO Sam Altman confirmed that GPT-5 is under development.  Together, OpenAI's LLMs, including any in development, will be referred to as the "OpenAI Language Models."[2]

21.    Many kinds of material have been used to train large language models.  Video transcriptions, however, are a key ingredient in training datasets for LLMs because they offer copious examples of natural language.

22.    In 2022, OpenAI released an automatic speech recognition ("ASR") system called "Whisper."  The Whisper model, which transcribes audio into text, was trained on 680,000 hours of data collected from across the web.  Tellingly, the exact names of the speech recognition corpora

---

[1] U.S. Patent & Trademark Office, *Public Views on Artificial Intelligence and Intellectual Property Policy*, 2020, *available* https://www.uspto.gov/sites/default/files/documents/USPTO_AI-Report_2020-10-07.pdf.

[2] The definition of "OpenAI Language Models" encompasses any language models developed (or in development) by OpenAI, irrespective of whether those models underly ChatGPT.

on which Whisper was trained are unavailable. But one of the world's largest open multilingual speech corpora, VoxPopuli, contains only 400,000 hours of unlabeled speech data. Libriheavy, an ASR corpus considered one of the largest freely available corpora of speech with supervisions, only consists of 50,000 hours of English speech derived from LibriVox.

23. There are only a handful of publicly available, internet-based speech corpora that can be utilized as training data for LLMs. As demonstrated, the two biggest corpora combined (VoxPopuli and Libriheavy) still fall more than 200,000 hours short of the duration of speech that comprises Whisper's training dataset.

24. The New York Times reported that Whisper is capable of transcribing the audio from YouTube videos, and that an OpenAI team that included OpenAI's president, Greg Brockman, transcribed more than one million hours of video from YouTube.[3] This tracks with OpenAI's admission to the U.S. Patent and Trademark Office that the company produces AI products that "draw on … experience developing cutting-edge technical AI systems, including by the use of large, publicly available datasets that include copyrighted works."[4]

25. Defendants could have "trained" their LLMs using works in the public domain. They could have paid a reasonable licensing fee to use those works. What Defendants could not do is ignore protections afforded by virtue of Plaintiff's ownership rights in her respective works. As evident by congressional testimony, Defendants' CEO, Sam Altman, acknowledged that "[a]s for enabling artist control, OpenAI's training data comes from a variety of sources, including … also by licensing content directly from content owners."[5] Just not Plaintiff here.

---

[3] Cade Metz, et al., *How Tech Giants Cut Corners to Harvest Data for A.I.*, THE NEW YORK TIMES (Apr. 6, 2024) https://www.nytimes.com/2024/04/06/technology/tech-giants-harvest-data-artificial-intelligence.html.

[4] OpenAI, *Comment Regarding Request for Comments on Intellectual Property Protection for Artificial Intelligence Innovation*, U.S. Pat. & Trademark Off., Dkt. No. PTO-C-2019-0038, *available* chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://www.uspto.gov/sites/default/files/documents/OpenAI_RFC-84-FR-58141.pdf.

[5] Sam Altman, *Questions for the Record*, at 10 (June 22, 2023), *available* https://www.judiciary.senate.gov/imo/media/doc/2023-05-16_-_qfr_responses_-_altman.pdf.

26.     OpenAI's Language Models' datasets include transcriptions of videos taken directly from YouTube, because these video transcriptions are one of the largest corpora of natural language data available for training and fine-tuning the OpenAI Language Models.

27.     Moreover, by directing its Langue Models to scrape videos hosted on YouTube—a site that expressly grants the uploader retention in their ownership rights of the videos—Defendants know, or should have known, of a strong likelihood that copyrighted content would be included in its scraping.

28.     In fact, ChatGPT offers an analysis of the works.  ChatGPT's analysis of "A Bubble World" explains that "[t]he tone is light-hearted, reminiscent of childhood innocence, emphasizing the importance of play and joy in life" and that the "lyrics typically reflect a longing of freedom and joy, contrasting with the constraints of everyday life."  This suggests that the underlying LLM must have ingested the entire song during its "training."

29.     Notably, Mr. Altman knows that OpenAI's unauthorized use of a creator's content for the company's benefit is problematic.  In testimony to Congress, Mr. Altman explained that "[e]nsuring that the creator economy continues to be vibrant is an important priority for OpenAI. … OpenAI does not want to replace creators.  We want our systems to be used to empower creativity, and to support and augment the essential humanity of artists and creators."[6]  And, in a subsequent interview, Mr. Altman explained that "creators deserve control over how their creations are used."[7]

## CLASS ALLEGATIONS

30.     Plaintiff seeks to represent a class defined as all persons or entities domiciled in the United States whose registered copyright material within any YouTube video was transcribed and then used as training data for the OpenAI Language Models without their consent (the "Class").

31.     Specifically excluded from the Class are Defendants, Defendants' officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees,

---

[6] *Id.*

[7] Ted Johnson, *OpenAI CEO Sam Altman Says Content Owners Need To Get 'Significant Upside Benefit' From New Technology*, DEADLINE (May 16, 2023) *available* https://deadline.com/2023/05/ai-chat-gpt-senate-sam-altman-1235368420/.

principals, servants, partners, joint ventures, or entities controlled by Defendants, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendants and/or Defendants officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

32.     Plaintiff reserves the right to expand, limit, modify, or amend the class definition, including the addition of one or more subclasses, in connection with her motion for class certification, or at any other time, based on, *inter alia*, changing circumstances and/or new facts obtained.

33.     **Numerosity**.  On information and belief, thousands of individuals fall into the definition of the Class.  Members of the Class can be identified through Defendants' records, discovery, and other third-party sources.

34.     **Commonality and Predominance**.  Common questions of law and fact exist as to all Members of the Class and predominate over any questions affecting only individual Members of the Class.  These common legal and factual questions include, but are not limited to, the following:

    a.  Whether Defendants violated the rights of Plaintiff and the Members of the Class when they transcribed Plaintiff's videos and used those transcriptions as part of their AI software's training datasets;

    b.  Whether Defendants' conduct violated the rights and protections afforded to holders of registered copyrights;

    c.  Whether this Court should enjoin Defendants from engaging in the unlawful conduct alleged herein, and what the scope of that injunction would be;

    d.  Whether any affirmative defense excuses Defendants' conduct;

    e.  Whether any statutes of limitation constrain the potential recovery for Plaintiff and the Class; and

    f.  Whether Plaintiff and the other Class Members are entitled to restitution or other relief.

35.    **Typicality**.  Plaintiff's claims are typical of the claims of the other Class Members she seeks to represent in that, among other things, all Class Members were similarly situated and were comparably injured through Defendants' wrongful conduct as set forth herein.  Further, there are no defenses available to Defendants that are unique to Plaintiff and not applicable to the Class she seeks to represent.

36.    **Adequacy of Representation**.  Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has retained counsel that is highly experienced in complex class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class.  Furthermore, Plaintiff has no interests that are antagonistic to those of the Class.

37.    **Superiority**.  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class Members are relatively small compared to the burden and expense of individual litigation of their claims against Defendants.  It would thus be virtually impossible for the Class to obtain effective redress for the wrongs committed against the Members on an individual basis.  Furthermore, even if Class Members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

38.    Further, Defendants have acted and refused to act on grounds generally applicable to the proposed Class, thereby making appropriate final injunctive and declaratory relief with respect to the Class as a whole.

**CAUSES OF ACTION**
**COUNT I**
**Direct Copyright Infringement**
**17 U.S.C. § 501**
**(On Behalf of Plaintiff Petryazhna and the Class)**

39.    Plaintiff Petryazhna incorporates by reference and re-alleges each and every allegation set forth above as if fully set forth herein.

40.    As the rightful and legal owner of the registered copyrights in videos that were transcribed and then used to train the OpenAI Language Models, Plaintiff Petryazhna holds copyright rights to those videos under 17 U.S.C. § 106.

41.    Plaintiff Petryazhna and the Class Members' works are original to their creators and are fixed in tangible mediums of expression under 17 U.S.C. § 102(a)(2), (6), and (7).

42.    Plaintiff Petryazhna and Class Members have duly and timely registered their copyrights in their works with the U.S. Copyright Office.

43.    Plaintiff Petryazhna and Class Members are legal or beneficial owners of the exclusive right to reproduce their copyrighted works in copies under 17 U.S.C. § 106(1) and (2), as well as the right to refrain from such reproduction.

44.    Plaintiff never authorized OpenAI to transcribe and make copies of her videos, make derivative works, publicly display copies (or derivative works), or distribute copies (or derivative works).  All those rights belong exclusively to Plaintiff Petryazhna and Class Members under copyright law.

45.    To train the OpenAI Language Models, OpenAI relied on transcribing and harvesting mass quantities of YouTube videos from the public internet, including Plaintiff Petryazhna's videos.

46.    OpenAI transcribed and made copies of Plaintiff's videos during the training process of the OpenAI Language Models without Plaintiff's permission.  Because the OpenAI Language Models cannot function without the expressive information extracted from Plaintiff Petryazhna's works (and others) and retained inside them, the OpenAI Language Models are

themselves infringing derivative works, made without Plaintiff Petryazhna's permission and in violation of her exclusive rights under the Copyright Act.

47.    Plaintiff Petryazhna has been injured by OpenAI's acts of direct copyright infringement.  Plaintiff Petryazhna is entitled to statutory damages, actual damages, restitution of profits, and/or other remedies provided by law.

<strong><u>PRAYER FOR RELIEF</u></strong>

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

    a.  For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representative for the Class and Plaintiff's attorneys as Class Counsel;

    b.  For an order declaring that Defendants' conduct violates the laws referenced herein;

    c.  For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

    d.  For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

    e.  For prejudgment interest on all amounts awarded;

    f.  For an order of restitution and all other forms of equitable monetary relief;

    g.  For injunctive relief as the Court may deem proper; and

    h.  For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

<strong><u>DEMAND FOR TRIAL BY JURY</u></strong>

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:  April 7, 2025

**BURSOR & FISHER, P.A.**

By:  ___/s/   *L. Timothy Fisher*___
                L. Timothy Fisher

L Timothy Fisher (State Bar No. 191626)
Joshua B. Glatt (State Bar No. 354064)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com
            jglatt@bursor.com

**BURSOR & FISHER, P.A.**
Joseph I. Marchese (*pro hac vice* forthcoming)
Julian C. Diamond (*pro hac vice*)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail:  jmarchese@bursor.com
            jdiamond@bursor.com

*Attorneys for Plaintiff*

**EXHIBIT A**



Try the **Copyright Public Records System (CPRS)** pilot with enhanced
search features and filters.

| Help | Search | History | Titles | Start Over |
|------|--------|---------|--------|------------|

# Public Catalog

Copyright Catalog (1978 to present) at DC4

Search Request: Simple Search = Petryazhna Ruslana

Search Results: Displaying 13 of 20 entries



Labeled View

### *A Bubble World, et al.*

|  |  |
|---|---|
| **Type of Work:** | Entry not found. |
| **Registration Number / Date:** | SRu001011328 / 2011-03-07 |
| **Application Title:** | Reality & Dreams. |
| **Title:** | A Bubble World, et al. |
| **Description:** | 28 Electronic files (eService) |
| **Copyright Claimant:** | Ruslana Petryazhna, 1965- . Address: 23-33 30 Avenue, D-3, Astoria, NY, 11102. |
| **Date of Creation:** | 2010 |
| **Authorship on Application:** | Lana R., pseud. of Ruslana Petryazhna, 1965- (author of pseudonymous work); Domicile: United States; Citizenship: United States. Authorship: sound recording, music, lyrics. |
| **Pre-existing Material:** | performance. |
| **Basis of Claim:** | sound recording, performance, production, music, lyrics. |
| **Contents:** | Starting Over -- Incredible -- Did You Ever? -- The Promise -- To My Angel -- More Than You Know -- What a Dilemma -- Get Away -- Save Like a Child -- What the Heart Tells -- A Horoscope -- It is Time to Grow -- A Full Moon -- A Bubble World. |
| **Names:** | Petryazhna, Ruslana, 1965-<br>R., Lana, pseud., 1965- |



| Save, Print and Email (**Help Page**) |
|---|
| Select Download Format ⌄   Format for Print/Save |
| Enter your email address: _____   Email |



Try the **Copyright Public Records System (CPRS)** pilot with enhanced search features and filters.

| Help | Search | History | Titles | Start Over |
|------|--------|---------|--------|------------|

# Public Catalog

Copyright Catalog (1978 to present) at DC4

Search Request: Simple Search = Petryazhna Ruslana

Search Results: Displaying 19 of 20 entries



Labeled View

***Works Published on the Album CANDY SHOP.***

| | |
|---|---|
| **Type of Work:** | Entry not found. |
| **Registration Number / Date:** | SR0000971845 / 2023-08-23 |
| **Application Title:** | Works Published on the Album CANDY SHOP. |
| **Title:** | Works Published on the Album CANDY SHOP. |
| **Appears in:** | CANDY SHOP |
| **Publisher Number:** | Lana R. Kissa |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Ruslana Petryazhna, 1965- . Address: 23-33 30 Ave, D3, Astoria, NY, 11102, United States. |
| **Date of Creation:** | 2013 |
| **Date of First Publication for the Album:** | 2014-01-27 |
| **Nation of First Publication:** | United States |
| **Authorship on Application:** | Lana R. Kissa, pseud. of Ruslana Petryazhna, 1965- ; Citizenship: United States. Authorship: Sound recording(s): Album track number(s) USRBD10005778.

Lana R. Kissa, pseud. of Ruslana Petryazhna, 1965- (author of pseudonymous work); Domicile: United States. Authorship: text of liner notes; photo(s) and/or artwork published on the album CANDY SHOP. |
| **Previous Registration:** | 2013, SRu1-135-827. |
| **Pre-existing Material:** | Mama, Skipped a Beat already registered (SRu1-135-827) |
| **Basis of Claim:** | 1. Candy Shop (remixed due to fixing a French pronunciation), 2. Hey, Stranger, 3. A Holy Grail, 4. Withing the Revolving Door, (PAu-3-633-436). |
| **Rights and Permissions:** | Ruslana Petryazhna, 23-33 30 Ave, D3, Astoria, NY, 11102, United States, (929) 302-1029, lana_r@twc.com |
| **Copyright Note:** | Regarding group registration: A group of sound recordings and any associated literary, pictorial, or graphic works may be registered in Class SR under 37 C.F.R. 202.4(k) if the following requirements have been |

met: 1) all of the works must be contained on the same album, as defined in 37 C.F.R. 202.4(k)(1)(i); 2) the group may include up to twenty sound recordings, together with any associated literary, pictorial, or graphic works included with the same album; 3) all the works in the group must be published on the same album and on the same date, all the works must be first published in the same country, and the date and nation of first publication for the album must be specified in the application; 4) the application must provide the title for the album and a title for each work in the group; 5) all the works in the group must be created by the same author, or the works must have a common joint author; 6) the copyright claimant or co-claimants for all of the works in the group must be the same person or organization; and 7) the works may be registered as works made for hire if they are identified in the application as such.

Regarding authorship information: Deposited works contain sound recordings only.

**Titles of Works:** Hey, Stranger, Album Track Number 6

A Holy Grail, Album Track Number 7

Candy Shop (Remix), Album Track Number 2

Within the Revolving Doors, Album Track Number 4

text of liner notes; photo(s) and/or artwork published on the album CANDY SHOP

**Names:** Petryazhna, Ruslana, 1965-

Kissa, Lana R., pseud., 1965-

Petryazhna, Ruslana, 1965-

Kissa, Lana R., pseud., 1965-



previous    next

**Save, Print and Email (Help Page)**

Select Download Format    Format for Print/Save

Enter your email address:    Email



Try the **Copyright Public Records System (CPRS)** pilot with enhanced search features and filters.

| Help | Search | History | Titles | Start Over |
|------|--------|---------|--------|------------|

# Public Catalog

Copyright Catalog (1978 to present) at DC4

Search Request: Simple Search = Petryazhna Ruslana

Search Results: Displaying 1 of 20 entries



Labeled View

### *Freedom and 5 Other Unpublished Works.*

|  |  |
|---|---|
| **Type of Work:** | Entry not found. |
| **Registration Number / Date:** | SRu001500960 / 2022-03-22 |
| **Application Title:** | Freedom and 5 Other Unpublished Works. |
| **Title:** | Freedom and 5 Other Unpublished Works. |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Ruslana Petryazhna. Address: 23-33 30 Ave, D3, Astoria, NY, 11102. |
| **Date of Creation:** | 2022 |
| **Authorship on Application:** | Lana R. Kissa, pseud. of Ruslana Petryazhna (author of pseudonymous work); Domicile: United States; Citizenship: United States. Authorship: Sound Recordings and Musical Works (with or without lyrics) |
| **Rights and Permissions:** | Lana R. Kissa, Lana R. Music, 23-33 30 Ave, D3, Astoria, NY, 11102, (929) 302-1029, lana_r@twc.com |
| **Copyright Note:** | Regarding group registration: A group of unpublished works may be registered in the same administrative class under 202.4(c) if the following requirements have been met: 1) All the works must be unpublished; 2) the group may include up to ten works; 3) a title must be provided for each work; 4) all the works must be created by the same author or the same joint authors; 5) the authorship claimed in each work must be the same; and 6) the author and claimant for each work must be the same person or organization. |
| **Contents:** | Freedom. |
|  | Love Should Be Easy. |
|  | Bright-on. |
|  | Hallelujah- weddings. |
|  | Save Like a Child. |
|  | Hallelujah- funerals. |
| **Names:** | Kissa, Lana R., pseud. |
|  | Petryazhna, Ruslana |



| **Save, Print and Email (Help Page)** | | |
|---|---|---|
| Select Download Format ⌄ | Format for Print/Save | |
| Enter your email address: | | Email |

---

Help    Search    History    Titles    Start Over

Contact Us  |  Request Copies  |  Get a Search Estimate  |  Frequently Asked Questions (FAQs) about Copyright  |
Copyright Office Home Page  |  Library of Congress Home Page



Try the **Copyright Public Records System (CPRS)** pilot with enhanced search features and filters.

| Help | Search | History | Titles | Start Over |

---

# Public Catalog

Copyright Catalog (1978 to present) at DC4

Search Request: Simple Search = Petryazhna Ruslana

Search Results: Displaying 12 of 20 entries



---

Labeled View

---

### *Bright-on and 3 Other Unpublished Works.*

| | |
|---|---|
| **Type of Work:** | Entry not found. |
| **Registration Number / Date:** | SRu001578014 / 2024-05-24 |
| **Application Title:** | Bright-on and 3 Other Unpublished Works. |
| **Title:** | Bright-on and 3 Other Unpublished Works. |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Ruslana Petryazhna, 1965- . Address: 23-33 30 Ave, D3, Astoria, NY, 11102, United States. |
| **Date of Creation:** | 2024 |
| **Authorship on Application:** | Ruslana Petryazhna, 1965- (author of pseudonymous work); Domicile: United States; Citizenship: United States. Authorship: Sound Recordings and Musical Works (with or without lyrics) |
| **Previous Registration:** | 2022, SRu001500960. |
| **Rights and Permissions:** | Ruslana Petryazhna, 23-33 30 Ave, D3, Astoria, NY, 11102, United States, (929) 302-1029, lana_r@twc.com |
| **Copyright Note:** | Regarding group registration: A group of unpublished works may be registered in the same administrative class under 202.4(c) if the following requirements have been met: 1) All the works must be unpublished; 2) the group may include up to ten works; 3) a title must be provided for each work; 4) all the works must be created by the same author or the same joint authors; 5) the authorship claimed in each work must be the same; and 6) the author and claimant for each work must be the same person or organization. |
| | Regarding material excluded: Application states that melody was written to Hallelujah on the registered lyrics in 2022, also Bright-on was revised with added parts. |
| | Regarding author information: Deposits state by Lana R. Kissa. |
| **Contents:** | Bright-on. |
| | Hallelujah. |
| | Are You Ready for Real. |

Hey, Special Doctor.

**Names:** [Petryazhna, Ruslana, 1965-](#)



| | |
|---|---|
| **Save, Print and Email ([Help Page](#))** | |
| Select Download Format ⌄ [ Format for Print/Save ] | |
| Enter your email address: [            ] | [ Email ] |

---

[Help](#)   [Search](#)   [History](#)   [Titles](#)   [Start Over](#)

---



Try the **Copyright Public Records System (CPRS)** pilot with enhanced search features and filters.

| Help | Search | History | Titles | Start Over |
|------|--------|---------|--------|------------|

---

# Public Catalog

Copyright Catalog (1978 to present) at DC4

Search Request: Simple Search = Petryazhna Ruslana

Search Results: Displaying 20 of 20 entries



---

Labeled View

*Yellow Tulip and 1 Other Unpublished Work.*

|  |  |
|---|---|
| **Type of Work:** | Entry not found. |
| **Registration Number / Date:** | SRu001442807 / 2020-11-09 |
| **Application Title:** | Yellow Tulip and 1 Other Unpublished Work. |
| **Title:** | Yellow Tulip and 1 Other Unpublished Work. |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Ruslana Petryazhna, 1965- . Address: 23-33 30 Ave, D3, Astoria, NY, 11102. |
| **Date of Creation:** | 2020 |
| **Authorship on Application:** | Lana R. Kissa, pseud. of Ruslana Petryazhna, 1965- (author of pseudonymous work); Domicile: United States; Citizenship: United States. Authorship: Sound Recordings and Musical Works (with or without lyrics) |
| **Rights and Permissions:** | Ruslana Petryazhna, 23-33 30 Ave, D3, Astoria, NY, 11102, United States, (929) 302-1029, lana_r@twc.com |
| **Copyright Note:** | Regarding group registration: A group of unpublished works may be registered in the same administrative class under 202.4(c) if the following requirements have been met: 1) All the works must be unpublished; 2) the group may include up to ten works; 3) a title must be provided for each work; 4) all the works must be created by the same author or the same joint authors; 5) the authorship claimed in each work must be the same; and 6) the author and claimant for each work must be the same person or organization. |
| **Contents:** | Yellow Tulip. |
| | Love Should Be Easy. |
| **Names:** | Petryazhna, Ruslana, 1965- |
| | Kissa, Lana R., pseud, 1965- |



---

| **Save, Print and Email (Help Page)** |
|---|

Select Download Format [ ▼ ] [ Format for Print/Save ]

Enter your email address: [                    ] [ Email ]

---

**EXHIBIT B**

**A Bubble World**

LanaRMusic LLC Record co 🎵
1.09K subscribers

Subscribe

👍 11    👎    ↗ Share    ⬇ Download    •••

1.1K views  15 years ago
The Original Song by Lana R. Kissa (O    cial Video) ...more

All    From LanaRMusic LLC Record...    Pop Music    Musical ensembles    Related    For you    Recently uploaded    ›

**Why does the US spend so much on its military?**
Johnny Harris ✓
1.1M views • 1 day ago
New

**Black and White Y2k Neon LED Lights Heart Background || 1 Hour Looped HD**
Gradient and Colour
4.4M views • 2 years ago

**A Holy Grail**
LanaRMusic LLC Record co 🎵
210 views • 8 months ago