**EXHIBIT 1**



**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joshua B. Glatt (State Bar No. 354064)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
        jglatt@bursor.com

**BURSOR & FISHER, P.A.**
Joseph I. Marchese (*pro hac vice* forthcoming)
Julian C. Diamond (*pro hac vice*)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: jmarchese@bursor.com
        jdiamond@bursor.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

RUSLANA PETRYAZHNA, individually and on behalf of all others similarly situated,

                              Plaintiff,

        v.

OPENAI, INC., and OPENAI OPCO, L.L.C.,

                              Defendants.

Case No. 5:24-cv-04710-EJD

**SECOND AMENDED CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Deleted: forthcoming)

Deleted: s

Deleted: DAVID MILLETTE and

Deleted: FIRST

Deleted: s

Deleted: FIRST

SECOND AMENDED CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED
CASE NO. 5:24-CV-04710-EJD

1    Plaintiff Ruslana Petryazhna ("Plaintiff"), brings this action on behalf of herself and all

2   others similarly situated against Defendants OpenAI, Inc. and OpenAI OpCo, L.L.C. (collectively,

3   "OpenAI" or "Defendants").  Plaintiff seeks to recover injunctive relief and damages as a result of

4   Defendants' unlawful conduct.  Plaintiff makes the following allegations pursuant to the

5   investigation of her counsel and based upon information and belief, except as to the allegations

6   specifically pertaining to herself, which are based on personal knowledge.

7                                    **NATURE OF THE CASE**

8       1.      ChatGPT is a software product created, maintained, and sold by OpenAI.

9       2.      ChatGPT is currently powered by artificial-intelligence (hereinafter "AI") software

10   programs called GPT-3.5, GPT-4, and GPT-4o, that are also known as "large language models"

11   ("LLM(s)").  A large language model is "trained" by copying massive amounts of text and

12   extracting expressive information from it.  This body of text is called the "training dataset."  Once

13   a large language model has copied and ingested the text in its training dataset, it is able to emit

14   convincingly naturalistic text outputs in response to user prompts.

15       3.      Large language models' output is therefore entirely and uniquely reliant on the

16   material in their training dataset.  Every time they assemble text, video or image outputs, the

17   models rely on information extracted from their training dataset.

18       4.      This case addresses the surreptitious, non-consensual transcription of millions of

19   YouTube users' videos by Defendants to train Defendants' AI software products.  For years,

20   YouTube has been a popular video sharing platform that allows content creators and users to

21   upload and share videos with audiences worldwide.  However, unbeknownst to those who upload

22   videos to YouTube, Defendants have been covertly transcribing YouTube videos to create training

23   datasets that they then use to train their AI products.

24       5.      Plaintiff and Class Members are YouTube users and music and video creators.

25   Plaintiff and Class Members have retained ownership rights in their uploaded videos, per

26   YouTube's Terms of Service.  Plaintiff and Class Members did not consent to the use of their

27   videos as training material for ChatGPT.  Nonetheless, their materials were transcribed and used to

28   train ChatGPT.

---

**Deleted:** collectively,
**Deleted:** s
**Deleted:** themselves
**Deleted:** s
**Deleted:** s
**Deleted:** their
**Deleted:** are
**Deleted:** themselves
**Deleted:** s
**Deleted:** s
**Deleted:** s

6.    By transcribing and using these videos in this way, Defendants profit from Plaintiff's and Class Members' data time and again.  As Defendants' AI products become more sophisticated through the use of training datasets, they become more valuable to prospective and current users, who purchase subscriptions to access Defendants' AI products.

7.    By collecting and using this data without consent, Defendants have profited significantly from the use of Plaintiff's and Class Members' materials and infringed on Plaintiff's and Class Members' ownership rights in their works in violation of 17 U.S.C. § 501.

**JURISDICTION AND VENUE**

8.    This Court has subject matter Jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because this is a class action in which at least one member of the class is a citizen of a state different from any Defendants, the amount in controversy exceeds $5 million, exclusive of interest and costs, and the proposed class contains more than 100 members.

9.    This Court has personal jurisdiction over the Defendants because Defendants maintain their principal places of business in this District and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

10.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District and because Defendants maintain their principal places of business in this District.

**PARTIES**

11.    Plaintiff Ruslana Petryazhna is a citizen of New York and resident of Astoria, New York.  Plaintiff Petryazhna created a YouTube account in or around 2008.  During that entire time, Plaintiff Petryazhna has retained ownership rights to the video content and numerous songs she has uploaded to YouTube, per YouTube's Terms of Service.  Moreover, Plaintiff Petryazhna has registered her copyright of those works with the United States Copyright Office, *see Ex. A*, including her song "A Bubble World," which was uploaded to YouTube 15 years ago.  *See Ex. B.*

12.    Defendants transcribed Plaintiff's videos to train their AI software products.

---

**Deleted:** s'

**Deleted:** s

**Deleted:** , violated California's Unfair Competition Law ("UCL")

**Deleted:** .

**Deleted:** s

**Deleted:** , and have been unjustly enriched at Plaintiffs' and Class Members' expense.

**Formatted:** Font: Not Bold

**Deleted:** <#>Plaintiff David Millette is a citizen of Massachusetts and resident of Douglas, Massachusetts.  Plaintiff created a YouTube account in or around June 2009.  During that entire time, Plaintiff Millette has retained ownership rights to the video content he has uploaded to YouTube, per YouTube's Terms of Service. ¶

**Deleted:** s

**Deleted:** FIRST

1      13.    Defendant OpenAI, Inc. is a Delaware nonprofit corporation with its principal place

2  of business located at 3180 18th Street, San Francisco, CA 94110.

3      14.    Defendant OpenAI OpCo, L.L.C. is a Delaware limited liability company with its

4  principal place of business located at 3180 18th Street, San Francisco, CA 94110.  OpenAI OpCo,

5  L.L.C. is a wholly owned subsidiary of OpenAI, Inc. that is operated for profit.  OpenAI, Inc.

6  controls OpenAI OpCo, L.L.C. directly and through other OpenAI entities.

7      15.    Each Defendant acted jointly to perpetrate the acts described herein.  At all times

8  relevant to the allegations in this matter, each Defendant acted in concert with, with the knowledge

9  and approval of, and/or as the agent of, the other Defendant within the course and scope of the

10  agency, regarding the acts and omissions alleged.

11                              <u>**GENERAL BACKGROUND**</u>

12      16.    OpenAI creates and sells artificial-intelligence ("AI") software products.  AI

13  software is designed to algorithmically simulate human reasoning or inference, often using

14  statistical methods.

15      17.    Certain AI products created and sold by OpenAI are known as "large language

16  models."  Large language models ("LLMs") are types of AI software designed to parse and emit

17  natural language.  Though LLMs are software programs, they are not created the way most

18  software programs are—that is, by human software engineers writing code.  Rather, LLMs are

19  "trained" by copying massive amounts of text from various sources and feeding these copies into

20  the model.  During training, these models copy each piece of information in the training dataset and

21  extract expressive information from it.  The LLMs progressively adjust their output to more closely

22  resemble the images, videos, and sequences of words copied from the training dataset.  Once these

23  models have copied and ingested all these inputs, they are able to emit convincing simulations of

24  natural written language, as well as videos and images as they appear in the training dataset.

25

26

27

28

**Deleted:** FIRST

18.    As the U.S. Patent and Trademark Office has observed, LLM "training" "almost by definition involve[s] the reproduction of entire works or substantial portions thereof."[1]

19.    Much of the material in OpenAI's training datasets, however, comes from works—including videos created and uploaded by Plaintiff—that were copied by OpenAI without consent, without credit, and without compensation.

20.    Specifically, OpenAI made a series of LLMs, including without limitation GPT-1 (released June 2018), GPT-2 (February 2019), GPT-3 (May 2020), GPT-3.5 (March 2022), GPT-4 (March 2023) and GPT-4o (May 2024).  "GPT" is an abbreviation for "generative pre-trained transformer," where "pre-trained" refers to the use of textual material for training, "generative" refers to the model's ability to emit text, and "transformer refers" to the underlying training algorithm.  OpenAI offers certain language models in variant forms.  For instance, the GPT-4 family of models includes publicly accessible variants called "gpt-4-0125-preview," "gpt-4-turbo-preview," and "gpt-4-32k;" and the GPT-3.5 Turbo family of models includes publicly accessible variants called "gpt-3.5-turbo-0125," "gpt-3.5-turbo-1106," and "gpt-3.5-turbo-instruct."  OpenAI has made other language-model variants that are in commercial use but are not publicly accessible. In an interview with the Financial Times in November 2023, OpenAI CEO Sam Altman confirmed that GPT-5 is under development.  Together, OpenAI's LLMs, including any in development, will be referred to as the "OpenAI Language Models."[2]

21.    Many kinds of material have been used to train large language models.  Video transcriptions, however, are a key ingredient in training datasets for LLMs because they offer copious examples of natural language.

22.    In 2022, OpenAI released an automatic speech recognition ("ASR") system called "Whisper."  The Whisper model, which transcribes audio into text, was trained on 680,000 hours of data collected from across the web.  Tellingly, the exact names of the speech recognition corpora

---

[1] U.S. Patent & Trademark Office, *Public Views on Artificial Intelligence and Intellectual Property Policy*, 2020, *available* https://www.uspto.gov/sites/default/files/documents/USPTO_AI-Report_2020-10-07.pdf.

[2] The definition of "OpenAI Language Models" encompasses any language models developed (or in development) by OpenAI, irrespective of whether those models underly ChatGPT.

Deleted: s

Deleted: FIRST

on which Whisper was trained are unavailable.  But one of the world's largest open multilingual speech corpora, VoxPopuli, contains only 400,000 hours of unlabeled speech data.  Libriheavy, an ASR corpus considered one of the largest freely available corpora of speech with supervisions, only consists of 50,000 hours of English speech derived from LibriVox.

23.    There are only a handful of publicly available, internet-based speech corpora that can be utilized as training data for LLMs.  As demonstrated, the two biggest corpora combined (VoxPopuli and Libriheavy) still fall more than 200,000 hours short of the duration of speech that comprises Whisper's training dataset.

24.    The New York Times reported that Whisper is capable of transcribing the audio from YouTube videos, and that an OpenAI team that included OpenAI's president, Greg Brockman, transcribed more than one million hours of video from YouTube.[3]  This tracks with OpenAI's admission to the U.S. Patent and Trademark Office that the company produces AI products that "draw on … experience developing cutting-edge technical AI systems, including by the use of large, publicly available datasets that include copyrighted works."[4]

25.    Defendants could have "trained" their LLMs using works in the public domain. They could have paid a reasonable licensing fee to use those works.  What Defendants could not do is ignore protections afforded by virtue of Plaintiff's ownership rights in her respective works.  As evident by congressional testimony, Defendants' CEO, Sam Altman, acknowledged that "[a]s for enabling artist control, OpenAI's training data comes from a variety of sources, including … also by licensing content directly from content owners."[5]  Just not Plaintiff here.

---

[3] Cade Metz, et al., *How Tech Giants Cut Corners to Harvest Data for A.I.*, THE NEW YORK TIMES (Apr. 6, 2024) https://www.nytimes.com/2024/04/06/technology/tech-giants-harvest-data-artificial-intelligence.html.

[4] OpenAI, *Comment Regarding Request for Comments on Intellectual Property Protection for Artificial Intelligence Innovation*, U.S. Pat. & Trademark Off., Dkt. No. PTO-C-2019-0038, *available* chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://www.uspto.gov/sites/default/files/documents/OpenAI_RFC-84-FR-58141.pdf.

[5] Sam Altman, *Questions for the Record*, at 10 (June 22, 2023), *available* https://www.judiciary.senate.gov/imo/media/doc/2023-05-16_-_qfr_responses_-_altman.pdf.

Deleted: s
Deleted: their
Deleted: s
Deleted: FIRST

26.    OpenAI's Language Models' datasets include transcriptions of videos taken directly from YouTube, because these video transcriptions are one of the largest corpora of natural language data available for training and fine-tuning the OpenAI Language Models.

27.    Moreover, by directing its Langue Models to scrape videos hosted on YouTube—a site that expressly grants the uploader retention in their ownership rights of the videos—Defendants know, or should have known, of a strong likelihood that copyrighted content would be included in its scraping.

28.    In fact, ChatGPT offers an analysis of the works.  ChatGPT's analysis of "A Bubble World" explains that "[t]he tone is light-hearted, reminiscent of childhood innocence, emphasizing the importance of play and joy in life" and that the "lyrics typically reflect a longing of freedom and joy, contrasting with the constraints of everyday life."  This suggests that the underlying LLM must have ingested the entire song during its "training."

29.    Notably, Mr. Altman knows that OpenAI's unauthorized use of a creator's content for the company's benefit is problematic.  In testimony to Congress, Mr. Altman explained that "[e]nsuring that the creator economy continues to be vibrant is an important priority for OpenAI. … OpenAI does not want to replace creators.  We want our systems to be used to empower creativity, and to support and augment the essential humanity of artists and creators."[6]  And, in a subsequent interview, Mr. Altman explained that "creators deserve control over how their creations are used."[7]

## CLASS ALLEGATIONS

30.    Plaintiff seeks to represent a class defined as all persons or entities domiciled in the United States whose registered copyright material within any YouTube video was transcribed and then used as training data for the OpenAI Language Models without their consent (the "Class").

31.    Specifically excluded from the Class are Defendants, Defendants' officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees,

---

[6] *Id.*

[7] Ted Johnson, *OpenAI CEO Sam Altman Says Content Owners Need To Get 'Significant Upside Benefit' From New Technology*, Deadline (May 16, 2023) *available* https://deadline.com/2023/05/ai-chat-gpt-senate-sam-altman-1235368420/.

---

**Deleted:** <#>Plaintiffs seek to represent a class defined as all persons or entities domiciled in the United States who uploaded any YouTube video that was transcribed and then used as training data for the OpenAI Language Models without their consent (the "Nationwide Creator Class"). ¶
Plaintiff Millette seeks to represent a class defined as all persons or entities domiciled in Massachusetts that uploaded any YouTube video that was transcribed and then used as training data for the OpenAI Language Models without their consent (the "Massachusetts Creator Subclass") (collectively with the Nationwide Creator Class, the "Creator Classes").¶

**Deleted:** <#>Petryazhna seeks

**Deleted:** <#>also

**Deleted:** <#>Copyright

**Deleted:** <#>The Creator Classes and Copyright Class together shall be referred to as the "Classes." ¶

**Deleted:** <#>es

**Deleted:** FIRST

principals, servants, partners, joint ventures, or entities controlled by Defendants, and their heirs,

successors, assigns, or other persons or entities related to or affiliated with Defendants and/or

Defendants officers and/or directors, the judge assigned to this action, and any member of the

judge's immediate family.

32.     Plaintiff reserves the right to expand, limit, modify, or amend the class definition,

including the addition of one or more subclasses, in connection with her motion for class

certification, or at any other time, based on, *inter alia*, changing circumstances and/or new facts

obtained.

33.     **Numerosity**.  On information and belief, thousands of individuals fall into the

definition of the Class.  Members of the Class can be identified through Defendants' records,

discovery, and other third-party sources.

34.     **Commonality and Predominance**.  Common questions of law and fact exist as to

all Members of the Class and predominate over any questions affecting only individual Members

of the Class.  These common legal and factual questions include, but are not limited to, the

following:

    a.  Whether Defendants violated the rights of Plaintiff and the Members of the Class

        when they transcribed Plaintiff's videos and used those transcriptions as part of their

        AI software's training datasets;

    b.  Whether Defendants' conduct violated the rights and protections afforded to holders

        of registered copyrights;

    c.  Whether this Court should enjoin Defendants from engaging in the unlawful

        conduct alleged herein, and what the scope of that injunction would be;

    d.  Whether any affirmative defense excuses Defendants' conduct;

    e.  Whether any statutes of limitation constrain the potential recovery for Plaintiff and

        the Class; and

    f.  Whether Plaintiff and the other Class Members are entitled to restitution or other

        relief.

**Deleted:** s

**Deleted:** s

**Deleted:** their

**Deleted:** s

**Deleted:** es

**Deleted:** es

**Deleted:** es

**Deleted:** es

**Deleted:** s

**Deleted:** es

**Deleted:** s

**Deleted:** <#>Whether Defendants' conduct alleged herein constitutes Unfair Competition under California Business and Professions Code §§ 17200 *et seq.*;¶

**Deleted:** s

**Deleted:** es

**Deleted:** s

**Deleted:** Creator and Copyright

**Deleted:** ; and¶ Whether Defendants' conduct alleged herein constitutes a violation of Mass. Gen. Law Ch. 93A.

**Deleted:** FIRST

35.    **Typicality**.  Plaintiff's claims are typical of the claims of the other Class Members she seeks to represent in that, among other things, all Class Members were similarly situated and were comparably injured through Defendants' wrongful conduct as set forth herein.  Further, there are no defenses available to Defendants that are unique to Plaintiff and not applicable to the Class she seeks to represent.

36.    **Adequacy of Representation**.  Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has retained counsel that is highly experienced in complex class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class.  Furthermore, Plaintiff has no interests that are antagonistic to those of the Class.

37.    **Superiority**.  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class Members are relatively small compared to the burden and expense of individual litigation of their claims against Defendants.  It would thus be virtually impossible for the Class to obtain effective redress for the wrongs committed against the Members on an individual basis.  Furthermore, even if Class Members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

38.    Further, Defendants have acted and refused to act on grounds generally applicable to the proposed Class, thereby making appropriate final injunctive and declaratory relief with respect to the Class as a whole.

**Deleted:** s
**Deleted:** Members of the respective Classes
**Deleted:** they seek
**Deleted:** s
**Deleted:** respective Classes they seek
**Deleted:** s
**Deleted:** es
**Deleted:** s
**Deleted:** ve
**Deleted:** s
**Deleted:** es
**Deleted:** s
**Deleted:** ve
**Deleted:** es
**Deleted:** es
**Deleted:** es
**Deleted:** es
**Deleted:** FIRST

**CAUSES OF ACTION**

**COUNT I**

**Direct Copyright Infringement**

**17 U.S.C. § 501**

**(On Behalf of Plaintiff Petryazhna and the Class)**

39. Plaintiff Petryazhna incorporates by reference and re-alleges each and every allegation set forth above as if fully set forth herein.

40. As the rightful and legal owner of the registered copyrights in videos that were transcribed and then used to train the OpenAI Language Models, Plaintiff Petryazhna holds copyright rights to those videos under 17 U.S.C. § 106.

41. Plaintiff Petryazhna and the Class Members' works are original to their creators and are fixed in tangible mediums of expression under 17 U.S.C. § 102(a)(2), (6), and (7).

42. Plaintiff Petryazhna and Class Members have duly and timely registered their copyrights in their works with the U.S. Copyright Office.

43. Plaintiff Petryazhna and Class Members are legal or beneficial owners of the exclusive right to reproduce their copyrighted works in copies under 17 U.S.C. § 106(1) and (2), as well as the right to refrain from such reproduction.

44. Plaintiff never authorized OpenAI to transcribe and make copies of her videos, make derivative works, publicly display copies (or derivative works), or distribute copies (or derivative works). All those rights belong exclusively to Plaintiff Petryazhna and Class Members under copyright law.

45. To train the OpenAI Language Models, OpenAI relied on transcribing and harvesting mass quantities of YouTube videos from the public internet, including Plaintiff Petryazhna's videos.

46. OpenAI transcribed and made copies of Plaintiff's videos during the training process of the OpenAI Language Models without Plaintiff's permission. Because the OpenAI Language Models cannot function without the expressive information extracted from Plaintiff Petryazhna's works (and others) and retained inside them, the OpenAI Language Models are

**Deleted:** ¶
COUNT I¶
Unjust Enrichment or Restitution¶
(On behalf of Plaintiffs and the Classes)¶
Plaintiffs incorporate by reference and re-allege each and every allegation set forth above as though fully set forth herein. ¶
Plaintiffs bring this claim under the laws of the State of California.¶
Plaintiffs bring this claim individually and on behalf of Members of the Classes against the Defendants.¶
To the extent required by law, Plaintiffs bring this claim in the alternative to any legal claims that may be alleged.¶
Plaintiffs also alternatively allege this claim as a Quasi-Contract or Non-Quasi-Contract Claim for Restitution and Disgorgement. ¶
Plaintiffs and Members of the Classes unwittingly conferred a benefit upon Defendants. OpenAI misappropriated valuable information from Plaintiffs' and Class Members' videos to expand their AI software's training datasets and used that information to develop and improve their products. In using Plaintiffs' information to refine their Language Models, OpenAI made their products more valuable to prospective and current users, who purchase subscriptions to access them. Plaintiffs and Class Members received nothing from this transaction. Plaintiffs lack an adequate remedy at law, and plead this cause of action in the alternative to the extent Plaintiffs are required to do so. ¶
Defendants have knowledge of such benefits. ¶
Defendants have been unjustly enriched in retaining the revenues derived from the sales of their products trained on Plaintiffs' and Class Members' videos. Retention of those moneys under these circumstances is unjust and inequitable because Defendants did not obtain the meaningful consent of Plaintiffs and Class Members before using their videos as described above.¶
Because Defendants' retention of the non-gratuitous benefits conferred on it by Plaintiffs and Class Members is unjust and inequitable, Defendants must pay restitution to Plaintiffs and the Class Members for their unjust enrichment, as ordered by the Court.¶
Plaintiffs and the Members of the Classes lack an adequate remedy at law to address the unfair conduct at issue here. Legal remedies available to Plaintiffs and Class Members are inadequate because they are not equally prompt and certain and in other ways efficient as equitable relief. Damages are not equally certain as restitution because the standard that governs restitution is different than the standard that governs damages. Hence, the Court may award restitution even if it determines that Plaintiffs fail to sufficiently adduce evidence to support an award of damages. Damages and restitution are not the same amount. Unlike damages, restitution is not limited to the amount of money a defendant wrongfully acquired plus the legal rate of interest. Equitable relief, including restitution, entitles the plaintiff to recover all profits from the wrongdoing, even where the original funds taken have grown far greater than the legal rate of interest would recognize. Legal claims for damages are not equally certain as restitution because claims for restitution entail few elements. In short, significant differences in proof and certainty establish that any potential legal claim cannot serve as an adequate remedy at law. Plaintiffs and Members of the putative Classes seek non-restitutionary disgorgement of the financial profits that Defendants obtained as a result of their unjust conduct.¶
COUNT II¶ ... [1]

**Formatted:** Centered, Keep with next, Keep lines together

**Deleted:** V

**Formatted:** Keep with next, Keep lines together

**Deleted:** Copyright

**Deleted:** Copyright

**Deleted:** the Members of the Copyright Class

**Deleted:** the Copyright

**Deleted:** the Members of the Copyright Classes

**Deleted:** FIRST

themselves infringing derivative works, made without Plaintiff Petryazhna's permission and in violation of her exclusive rights under the Copyright Act.

47.    Plaintiff Petryazhna has been injured by OpenAI's acts of direct copyright infringement.  Plaintiff Petryazhna is entitled to statutory damages, actual damages, restitution of profits, and/or other remedies provided by law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

a.  For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representative for the Classes and Plaintiff's attorneys as Class Counsel;

b.  For an order declaring that Defendants' conduct violates the laws referenced herein;

c.  For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

d.  For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e.  For prejudgment interest on all amounts awarded;

f.  For an order of restitution and all other forms of equitable monetary relief;

g.  For injunctive relief as the Court may deem proper; and

h.  For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

### DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:    April 7, 2025              BURSOR & FISHER, P.A.

By:    /s/   L. Timothy Fisher
              L. Timothy Fisher

SECOND AMENDED CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED          10
CASE NO. 5:24-CV-04710-EJD

Deleted: s

Deleted: es

Deleted: s

Deleted: s

Deleted: s

Deleted: s

Deleted: s

Deleted: April 7, 2025April 6, 2025

Deleted: FIRST

L Timothy Fisher (State Bar No. 191626)
Joshua B. Glatt (State Bar No. 354064)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com
         jglatt@bursor.com

**BURSOR & FISHER, P.A.**
Joseph I. Marchese (*pro hac vice* forthcoming)
Julian C. Diamond (*pro hac vice*)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail:  jmarchese@bursor.com
         jdiamond@bursor.com

*Attorneys for Plaintiff*

SECOND AMENDED CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED          11
CASE NO. 5:24-CV-04710-EJD

**Deleted:** FIRST

**EXHIBIT A**



Try the **Copyright Public Records System (CPRS)** pilot with enhanced
search features and filters.

| Help | Search | History | Titles | Start Over |
|------|--------|---------|--------|-----------|

# Public Catalog

Copyright Catalog (1978 to present) at DC4

Search Request: Simple Search = Petryazhna Ruslana

Search Results: Displaying 13 of 20 entries



Labeled View

*A Bubble World, et al.*

|  |  |
|--|--|
| **Type of Work:** | Entry not found. |
| **Registration Number / Date:** | SRu001011328 / 2011-03-07 |
| **Application Title:** | Reality & Dreams. |
| **Title:** | A Bubble World, et al. |
| **Description:** | 28 Electronic files (eService) |
| **Copyright Claimant:** | Ruslana Petryazhna, 1965- . Address: 23-33 30 Avenue, D-3, Astoria, NY, 11102. |
| **Date of Creation:** | 2010 |
| **Authorship on Application:** | Lana R., pseud. of Ruslana Petryazhna, 1965- (author of pseudonymous work); Domicile: United States; Citizenship: United States. Authorship: sound recording, music, lyrics. |
| **Pre-existing Material:** | performance. |
| **Basis of Claim:** | sound recording, performance, production, music, lyrics. |
| **Contents:** | Starting Over -- Incredible -- Did You Ever? -- The Promise -- To My Angel -- More Than You Know -- What a Dilemma -- Get Away -- Save Like a Child -- What the Heart Tells -- A Horoscope -- It is Time to Grow -- A Full Moon -- A Bubble World. |
| **Names:** | Petryazhna, Ruslana, 1965-<br>R., Lana, pseud., 1965- |





| Save, Print and Email (**Help Page**) |
|---|
| Select Download Format ⌄  Format for Print/Save |
| Enter your email address: [_____]  Email |


United States Copyright Office

Try the **Copyright Public Records System (CPRS)** pilot with enhanced search features and filters.

| Help | Search | History | Titles | Start Over |

# Public Catalog

Copyright Catalog (1978 to present) at DC4
Search Request: Simple Search = Petryazhna Ruslana
Search Results: Displaying 19 of 20 entries

◀ previous     next ▶

Labeled View

*Works Published on the Album CANDY SHOP.*

**Type of Work:** Entry not found.
**Registration Number / Date:** SR0000971845 / 2023-08-23
**Application Title:** Works Published on the Album CANDY SHOP.
**Title:** Works Published on the Album CANDY SHOP.
**Appears in:** [CANDY SHOP](#)
**Publisher Number:** Lana R. Kissa
**Description:** Electronic file (eService)
**Copyright Claimant:** Ruslana Petryazhna, 1965- . Address: 23-33 30 Ave, D3, Astoria, NY, 11102, United States.
**Date of Creation:** 2013
**Date of First Publication for the Album:** 2014-01-27
**Nation of First Publication:** United States
**Authorship on Application:** Lana R. Kissa, pseud. of Ruslana Petryazhna, 1965- ; Citizenship: United States. Authorship: Sound recording(s): Album track number(s) USRBD10005778.
Lana R. Kissa, pseud. of Ruslana Petryazhna, 1965- (author of pseudonymous work); Domicile: United States. Authorship: text of liner notes; photo(s) and/or artwork published on the album CANDY SHOP.
**Previous Registration:** 2013, SRu1-135-827.
**Pre-existing Material:** Mama, Skipped a Beat already registered (SRu1-135-827)
**Basis of Claim:** 1. Candy Shop (remixed due to fixing a French pronunciation), 2. Hey, Stranger, 3. A Holy Grail, 4. Withing the Revolving Door, (PAu-3-633-436).
**Rights and Permissions:** Ruslana Petryazhna, 23-33 30 Ave, D3, Astoria, NY, 11102, United States, (929) 302-1029, lana_r@twc.com
**Copyright Note:** Regarding group registration: A group of sound recordings and any associated literary, pictorial, or graphic works may be registered in Class SR under 37 C.F.R. 202.4(k) if the following requirements have been

met: 1) all of the works must be contained on the same album, as defined in 37 C.F.R. 202.4(k)(1)(i); 2) the group may include up to twenty sound recordings, together with any associated literary, pictorial, or graphic works included with the same album; 3) all the works in the group must be published on the same album and on the same date, all the works must be first published in the same country, and the date and nation of first publication for the album must be specified in the application; 4) the application must provide the title for the album and a title for each work in the group; 5) all the works in the group must be created by the same author, or the works must have a common joint author; 6) the copyright claimant or co-claimants for all of the works in the group must be the same person or organization; and 7) the works may be registered as works made for hire if they are identified in the application as such.

Regarding authorship information: Deposited works contain sound recordings only.

**Titles of Works:** Hey, Stranger, Album Track Number 6

A Holy Grail, Album Track Number 7

Candy Shop (Remix), Album Track Number 2

Within the Revolving Doors, Album Track Number 4

text of liner notes; photo(s) and/or artwork published on the album CANDY SHOP

**Names:** Petryazhna, Ruslana, 1965-

Kissa, Lana R., pseud., 1965-

Petryazhna, Ruslana, 1965-

Kissa, Lana R., pseud., 1965-



**Save, Print and Email (Help Page)**

Select Download Format ▾   Format for Print/Save

Enter your email address: _____   Email

Help    Search    History    Titles    Start Over

Contact Us  |  Request Copies  |  Get a Search Estimate  |  Frequently Asked Questions (FAQs) about Copyright  |
Copyright Office Home Page  |  Library of Congress Home Page



Try the **Copyright Public Records System (CPRS)** pilot with enhanced search features and filters.

| Help | Search | History | Titles | Start Over |

# Public Catalog

Copyright Catalog (1978 to present) at DC4

Search Request: Simple Search = Petryazhna Ruslana

Search Results: Displaying 1 of 20 entries



Labeled View

### *Freedom and 5 Other Unpublished Works.*

|  |  |
|---|---|
| **Type of Work:** | Entry not found. |
| **Registration Number / Date:** | SRu001500960 / 2022-03-22 |
| **Application Title:** | Freedom and 5 Other Unpublished Works. |
| **Title:** | Freedom and 5 Other Unpublished Works. |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Ruslana Petryazhna. Address: 23-33 30 Ave, D3, Astoria, NY, 11102. |
| **Date of Creation:** | 2022 |
| **Authorship on Application:** | Lana R. Kissa, pseud. of Ruslana Petryazhna (author of pseudonymous work); Domicile: United States; Citizenship: United States. Authorship: Sound Recordings and Musical Works (with or without lyrics) |
| **Rights and Permissions:** | Lana R. Kissa, Lana R. Music, 23-33 30 Ave, D3, Astoria, NY, 11102, (929) 302-1029, lana_r@twc.com |
| **Copyright Note:** | Regarding group registration: A group of unpublished works may be registered in the same administrative class under 202.4(c) if the following requirements have been met: 1) All the works must be unpublished; 2) the group may include up to ten works; 3) a title must be provided for each work; 4) all the works must be created by the same author or the same joint authors; 5) the authorship claimed in each work must be the same; and 6) the author and claimant for each work must be the same person or organization. |
| **Contents:** | Freedom. |
|  | Love Should Be Easy. |
|  | Bright-on. |
|  | Hallelujah- weddings. |
|  | Save Like a Child. |
|  | Hallelujah- funerals. |
| **Names:** | Kissa, Lana R., pseud. |
|  | Petryazhna, Ruslana |



| **Save, Print and Email (Help Page)** | | |
|---|---|---|
| Select Download Format [ ⌄ ] | Format for Print/Save | |
| Enter your email address: | [                    ] | Email |

---

Help   Search   History   Titles   Start Over

Contact Us  |  Request Copies  |  Get a Search Estimate  |  Frequently Asked Questions (FAQs) about Copyright  |
Copyright Office Home Page  |  Library of Congress Home Page



Try the **Copyright Public Records System (CPRS)** pilot with enhanced search features and filters.

| Help | Search | History | Titles | Start Over |

# Public Catalog

Copyright Catalog (1978 to present) at DC4

Search Request: Simple Search = Petryazhna Ruslana

Search Results: Displaying 12 of 20 entries



Labeled View

### *Bright-on and 3 Other Unpublished Works.*

|  |  |
|---|---|
| **Type of Work:** | Entry not found. |
| **Registration Number / Date:** | SRu001578014 / 2024-05-24 |
| **Application Title:** | Bright-on and 3 Other Unpublished Works. |
| **Title:** | Bright-on and 3 Other Unpublished Works. |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Ruslana Petryazhna, 1965- . Address: 23-33 30 Ave, D3, Astoria, NY, 11102, United States. |
| **Date of Creation:** | 2024 |
| **Authorship on Application:** | Ruslana Petryazhna, 1965- (author of pseudonymous work); Domicile: United States; Citizenship: United States. Authorship: Sound Recordings and Musical Works (with or without lyrics) |
| **Previous Registration:** | 2022, SRu001500960. |
| **Rights and Permissions:** | Ruslana Petryazhna, 23-33 30 Ave, D3, Astoria, NY, 11102, United States, (929) 302-1029, lana_r@twc.com |
| **Copyright Note:** | Regarding group registration: A group of unpublished works may be registered in the same administrative class under 202.4(c) if the following requirements have been met: 1) All the works must be unpublished; 2) the group may include up to ten works; 3) a title must be provided for each work; 4) all the works must be created by the same author or the same joint authors; 5) the authorship claimed in each work must be the same; and 6) the author and claimant for each work must be the same person or organization. |
|  | Regarding material excluded: Application states that melody was written to Hallelujah on the registered lyrics in 2022, also Bright-on was revised with added parts. |
|  | Regarding author information: Deposits state by Lana R. Kissa. |
| **Contents:** | Bright-on. |
|  | Hallelujah. |
|  | Are You Ready for Real. |

Hey, Special Doctor.

**Names:** [Petryazhna, Ruslana, 1965-](#)



| | |
|---|---|
| ◄ **previous** | **next** ► |

| **Save, Print and Email ([Help Page](#))** | |
|---|---|
| Select Download Format ▾   [Format for Print/Save] | |
| Enter your email address: [                    ] | [Email] |

---



Try the **Copyright Public Records System (CPRS)** pilot with enhanced search features and filters.

| Help | Search | History | Titles | Start Over |
|------|--------|---------|--------|------------|

# Public Catalog

Copyright Catalog (1978 to present) at DC4
Search Request: Simple Search = Petryazhna Ruslana
Search Results: Displaying 20 of 20 entries



Labeled View

*Yellow Tulip and 1 Other Unpublished Work.*

**Type of Work:** Entry not found.

**Registration Number / Date:** SRu001442807 / 2020-11-09

**Application Title:** Yellow Tulip and 1 Other Unpublished Work.

**Title:** Yellow Tulip and 1 Other Unpublished Work.

**Description:** Electronic file (eService)

**Copyright Claimant:** Ruslana Petryazhna, 1965- . Address: 23-33 30 Ave, D3, Astoria, NY, 11102.

**Date of Creation:** 2020

**Authorship on Application:** Lana R. Kissa, pseud. of Ruslana Petryazhna, 1965- (author of pseudonymous work); Domicile: United States; Citizenship: United States. Authorship: Sound Recordings and Musical Works (with or without lyrics)

**Rights and Permissions:** Ruslana Petryazhna, 23-33 30 Ave, D3, Astoria, NY, 11102, United States, (929) 302-1029, lana_r@twc.com

**Copyright Note:** Regarding group registration: A group of unpublished works may be registered in the same administrative class under 202.4(c) if the following requirements have been met: 1) All the works must be unpublished; 2) the group may include up to ten works; 3) a title must be provided for each work; 4) all the works must be created by the same author or the same joint authors; 5) the authorship claimed in each work must be the same; and 6) the author and claimant for each work must be the same person or organization.

**Contents:** Yellow Tulip.

Love Should Be Easy.

**Names:** Petryazhna, Ruslana, 1965-
Kissa, Lana R., pseud, 1965-



| Save, Print and Email (**Help Page**) |
|---|

Select Download Format | Format for Print/Save

Enter your email address: | Email

---

Help    Search    History    Titles    Start Over

Contact Us  |  Request Copies  |  Get a Search Estimate  |  Frequently Asked Questions (FAQs) about Copyright  |
Copyright Office Home Page  |  Library of Congress Home Page

**EXHIBIT B**

**A Bubble World**

LanaRMusic LLC Record co
1.09K subscribers

Subscribe

👍 11    👎    ↪ Share    ⤓ Download    ⋯

1.1K views  15 years ago
The Original Song by Lana R. Kissa (O   cial Video) ...more

All    From LanaRMusic LLC Record…    Pop Music    Musical ensembles    Related    For you    Recently uploaded    ›

Why does the US spend so much on its military?
Johnny Harris ✓
1.1M views  • 1 day ago
New

Black and White Y2k Neon LED Lights Heart Background || 1 Hour Looped HD
Gradient and Colour
4.4M views  • 2 years ago

A Holy Grail
LanaRMusic LLC Record co
210 views  • 8 months ago

1/2